IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUSE OF ACTION<br>2100 M Street N.W., Suite 170-247<br>Washington, D.C. 20037,<br><br>           Plaintiff,<br><br>v.<br><br>THE FEDERAL TRADE COMMISSION<br>600 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20580,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, Cause of Action, hereby files this complaint for compliance with the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"). As grounds therefor, Plaintiff respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

2. This Court has the authority to grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

3. This Court has the authority to award costs and attorney's fees under 28 U.S.C. §2412 and 5 U.S.C. §552(a)(4)(E).

1

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), because the Defendant resides in this district and a substantial part of the events and omissions which gave rise to this action occurred in this district. Venue is also proper under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

5. Plaintiff Cause of Action (formerly known as "Freedom Through Justice Foundation"), whose principal place of business is 2100 M Street N.W., Suite 170-247, Washington, D.C. 20037, is a nonpartisan, nonprofit organization that uses public advocacy and legal reform strategies to ensure greater transparency in government and protect taxpayer interests and economic freedom. Plaintiff, who requested certain documents under FOIA, intends to disseminate the requested documents to its supporters and benefactors, government officials, appropriate news media, and to the American public at large. The documents Plaintiff seeks are likely to contribute significantly to the public's understanding of the operations and activities of Defendant Federal Trade Commission (hereafter "FTC"). Plaintiff is empowered to undertake educational and other programs to promote and protect the public interest in connection with this and other matters.

6. Defendant FTC is an agency and entity of the United States Government. FTC has its principal place of business at 600 Pennsylvania Avenue, N.W., Washington, D.C. 20580. FTC has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

7. In 2009, FTC revised the "Guides Concerning the Use of Endorsements and Testimonials in Advertising" ("Guides"). *See* 16 C.F.R. § 255.

8. While the Guides are voluntary in nature, they explicitly state that "[p]ractices inconsistent with these Guides may result in corrective action by the Commission under Section

5 if, after investigation, the Commission has reason to believe that the practices fall within the scope of conduct declared unlawful by the statute." *Id.* at 255(a).

9. The Guides, as revised, include social media authors and bloggers. Social media authors and bloggers who make an endorsement must now disclose the material connections they share with a seller of the product or service that they have endorsed.

10. Upon information and belief, FTC has begun to initiate investigations and enforcement actions against social media authors and bloggers who may have violated the Guides.

11. The infringement upon First Amendment, free speech rights is a matter of public concern and justifies scrutiny.

12. On August 30, 2011, Plaintiff, as Freedom Through Justice Foundation, sent a FOIA request to FTC seeking access to any and all records concerning or relating to the following subjects:

(1) All records relating to the drafting, formulation, and revision of the Guides Concerning the Use of Endorsements and Testimonials in Advertising.

(2) All records concerning the results of investigations into conduct by bloggers or social media authors that allegedly violated the Guides Concerning the Use of Endorsements and Testimonials in Advertising.

(3) All records concerning the results of investigations into conduct by companies that related to alleged violations of the Guides Concerning the Use of Endorsements and Testimonials in Advertising by bloggers or social media authors.

(4) Copies of any other requests for information made by outside groups though FOIA during the last two years regarding revisions to Guides Concerning the Use of Endorsements and Testimonials in Advertising.

13. A true and accurate copy of Plaintiff's FOIA request is attached hereto as "Exhibit 1."

14. Plaintiff's August 30, 2011 FOIA request also sought a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii).

15. By letter dated September 22, 2011, FTC designated Plaintiff's August 30, 2011 FOIA request FOIA-2011-01431.

16. A true and accurate copy of FTC's September 22, 2011 letter is attached hereto as "Exhibit 2."

17. In its September 22, 2011 letter, FTC denied Plaintiff's request for a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii).

18. In its September 22, 2011 letter, FTC stated that Plaintiff "failed to demonstrate that disclosure of the requested records will be likely to contribute significantly to public understanding of the operations and activities of government." (quotation marks and citation omitted).

19. By letter dated September 26, 2011, Plaintiff provided FTC with additional detailed information and requested FTC reconsider its denial of Plaintiff's request for a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii).

20. A true and accurate copy of Plaintiff's September 26, 2011 letter is attached hereto as "Exhibit 3."

4

21. By letter dated October 7, 2011, FTC again denied Plaintiff's request for a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii).

22. A true and accurate copy of FTC's October 7, 2011 letter is attached hereto as "Exhibit 4."

23. By letter dated October 28, 2011, Plaintiff appealed FTC's denial of its request for a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii).

24. A true and accurate copy of Plaintiff's October 28, 2011 letter is attached hereto as "Exhibit 5."

25. Included in Plaintiff's October 28, 2011 appeal letter was a new FOIA request seeking access to any and all records concerning or relating to the following subjects:

   (1) All FOIA requests in which the FTC granted a fee waiver under the public interest exception from January 1, 2009 to the present; and

   (2) All documents referring or relating to the process in which the FTC determined the FOIA requests identified in #1, above, were within the fee waiver exception.

26. Plaintiff's October 28, 2011 FOIA request also sought a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii).

27. By letter dated November 29, 2011, FTC denied Plaintiff's appeal of FTC's denial of its request for a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii) for Plaintiff's August 30, 2011 FOIA request.

28. A true and accurate copy of FTC's November 29, 2011 letter is attached hereto as "Exhibit 6."

29. In its November 29, 2011 letter, FTC stated that Plaintiff had "failed to provide adequate information about [its] dissemination plans, such as providing any specific information about the 'distinct work' [it] intend[s] to produce." In addition, FTC stated that it "has made publically available a vast amount of information regarding the Endorsement Guides' effect on social media authors;" therefore, it was unlikely that the documents produced pursuant to Plaintiff's FOIA request "would contribute 'significantly' to the public's understanding of the FTC's operations or activities as compared to the level of understanding existing prior to the disclosure."

30. By letter dated December 2, 2011, FTC acknowledged receipt of Plaintiff's second FOIA request dated October 28, 2011 and designated it FOIA-2012-00227.

31. A true and accurate copy of FTC's December 2, 2011 letter is attached hereto as "Exhibit 7."

32. In its December 2, 2011 letter, FTC also put Plaintiff's October 28, 2011 FOIA request on hold until Plaintiff stated its "willingness to pay fees associated with the processing of [the] request."

33. By letter dated December 12, 2011, Plaintiff provided FTC with additional detailed information and requested FTC reconsider its implicit denial of Plaintiff's request for a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii) for Plaintiff's October 28, 2011 FOIA request.

34. A true and accurate copy of Plaintiff's December 12, 2011 letter is attached hereto as "Exhibit 8."

35. By separate letter dated December 12, 2011, Plaintiff provided FTC with additional detailed information and requested FTC reconsider its denial of Plaintiff's appeal of FTC's denial of its request for a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii) for Plaintiff's August 30, 2011 FOIA request.

36. A true and accurate copy of Plaintiff's December 12, 2011 letter is attached hereto as "Exhibit 9."

37. By letter dated December 20, 2011, FTC denied reconsideration of its denial of Plaintiff's appeal of FTC's denial of its request for a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii) for Plaintiff's August 30, 2011 FOIA request.

38. A true and accurate copy of FTC's December 20, 2011 letter is attached hereto as "Exhibit 10."

39. By letter dated January 6, 2012, FTC responded to Plaintiff's October 28, 2011 FOIA request with a partial production of documents.

40. A true and accurate copy of FTC's January 6, 2012 letter is attached hereto as "Exhibit 11."

41. FTC's January 6, 2012 letter also stated that there were portions of pages being withheld as they fall within FOIA's exemptions five (5) and six (6) (5 U.S.C. §§ 552(b)(5) (documents that are "inter-agency or intra-agency memorandum or letters" which would be privileged in civil litigation) and 5 U.S.C. § 552(b)(6) (documents that are "personnel and medical files and similar files" disclosure of which "would constitute a clearly unwarranted invasion of personal privacy")).

42.     FTC's January 6, 2012 letter also denied Plaintiff's request for a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii).

43.     In its January 6, 2012 letter, FTC stated that Plaintiff failed to demonstrate that disclosure of the requested records will "be likely [to] contribute significantly to public understanding of the operations and activities of government." (quotation marks and citation omitted).

44.     By letter dated January 27, 2012, Plaintiff appealed FTC's denial of its request for a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii) and FTC's withholding of portions of records pursuant to FOIA's exemptions five (5) and six (6) (5 U.S.C. §§ 552(b)(5) (documents which are "inter-agency or intra-agency memorandum or letters" which would be privileged in civil litigation) and 5 U.S.C. § 552(b)(6) (documents that are "personnel and medical files and similar files" disclosure of which "would constitute a clearly unwarranted invasion of personal privacy")) in regards to Plaintiff's October 28, 2011 FOIA request.

45.     A true and accurate copy of Plaintiff's January 27, 2012 letter is attached hereto as "Exhibit 12."

46.     In its January 27, 2012 letter, Plaintiff specifically urged FTC to reconsider its denial of Plaintiff's August 30, 2011 and October 28, 2011 requests for a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii) in light of the documents that were produced by FTC on January 6, 2012. Specifically, Plaintiff noted that FTC "has granted fee waivers to a variety of similar organizations under the public interest exception," and that "many of the requests were made in a conclusory fashion, ranging from simply asserting that disclosure would contribute significantly to public understanding of the operations or activities of the government – a mere restatement of the FOIA law – to an

assertion that "citizen review of the federal governments [sic] compliance with law is in the public interest and of interest to the general public." (citing a FOIA request by AFGE, AFL-CIO from March 17, 2009 (FOIA-2009-00778)). In addition, Plaintiff provided additional information explicitly detailing the significant contributions to public understanding that the requested information would provide to the general public, as well as the ability of Plaintiff to disseminate the requested information through its website, to news media, through its publishing of periodicals, newsletters, and emails to subscribers.

47. Included in Plaintiff's January 27, 2012 appeal letter was a third FOIA request seeking access to any and all records concerning or relating to the following subjects:

**"Guides" Documents**

(1) All records relating to the drafting, formulation and revision of the Guides Concerning the Use of Endorsements and Testimonials in Advertising concerning social media authors or bloggers between January 1, 2009 and September 6, 2011.

**Fee Waiver Documents**

(2) All documents, including e-mail communications, referring or relating to FTC orders, decisions, memoranda, interpretations, instructions, statements of policy, or guidelines to staff for the purposes of evaluating fee waiver requests under the public interest exception.

(3) All documents, including e-mail communications, referring or relating to the process by which FTC determined that Cause of Action was not entitled to a fee waiver for either its August 30, 2011 FOIA request or October 28, 2011 FOIA request.

48. Plaintiff's January 27, 2012, FOIA request also sought a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii).

49. Plaintiff submitted its third FOIA request at the suggestion of The National Archives Office of Government Information Services ("OGIS"), whom Plaintiff consulted in an effort to avoid litigation. OGIS advised Plaintiff to submit a new FOIA request to FTC with Plaintiff's updated and expanded fee waiver information.

50. By letter dated February 27, 2012, FTC denied Plaintiff's appeal of FTC's denial of its request for a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii) and FTC's withholding of portions of records pursuant to FOIA's exemptions five (5) and six (6) (5 U.S.C. § 552(b)(5) (documents which are "inter-agency or intra-agency memorandum or letters" which would be privileged in civil litigation) and 5 U.S.C. § 552(b)(6) (documents that are "personnel and medical files and similar files" disclosure of which "would constitute a clearly unwarranted invasion of personal privacy")) in regards to Plaintiff's October 28, 2011 FOIA request.

51. In the same letter dated February 27, 2012, FTC denied Plaintiff's request that FTC reconsider its denial of Plaintiff's Appeal of FTC's denial of Plaintiff's August 30, 2011 request for a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii).

52. A true and accurate copy of FTC's February 27, 2012 letter is attached hereto as "Exhibit 13."

53. By letter dated March 19, 2012, FTC acknowledged receipt of Plaintiff's third FOIA request dated January 27, 2012 and designated it FOIA-2012-00687.

54. A true and accurate copy of FTC's March 19, 2012 letter is attached hereto as "Exhibit 14."

55.    In addition to its March 19, 2012 letter, FTC responded to Plaintiff's January 27, 2012 FOIA request with a partial production of documents.

56.    FTC's March 19, 2012 letter stated that it located ninety-two (92) responsive documents; however, sixteen (16) documents were being withheld as they fall within FOIA's exemption five (5) (5 U.S.C. §§ 552(b)(5) (documents which are "inter-agency or intra-agency memorandum or letters" which would be privileged in civil litigation)).

57.    FTC's March 19, 2012 letter also denied Plaintiff's request for a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii) in regards to Plaintiff's January 27, 2012 FOIA request.

58.    By letter dated April 4, 2012, Plaintiff appealed FTC's denial of its request for a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii) and FTC's withholding of records pursuant to FOIA's exemption five (5) (5 U.S.C. §§ 552(b)(5) (documents which are "inter-agency or intra-agency memorandum or letters" which would be privileged in civil litigation)) in regards to Plaintiff's January 27, 2012 FOIA request.

59.    A true and accurate copy of Plaintiff's April 4, 2012 letter is attached hereto as "Exhibit 15."

60.    By letter dated May 7, 2012, FTC denied Plaintiff's appeal of FTC's denial of its request for a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii) and FTC's withholding of portions of records pursuant to FOIA's exemption five (5) (5 U.S.C. §§ 552(b)(5) (documents which are "inter-agency or intra-agency memorandum or letters" which would be privileged in civil litigation)) in regards to Plaintiff's January 27, 2012 FOIA request.

61.  A true and accurate copy of FTC's May 7, 2012 letter is attached hereto as "Exhibit 16."

62.  As stated herein, Plaintiff has fully exhausted its administrative remedies for its three FOIA requests.

63.  Plaintiff now petitions this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

64.  Plaintiff realleges paragraphs 1 through 63 as if fully stated herein.

65.  FTC's failure to disclose the requested documents pursuant to Plaintiff's three FIOA requests (FOIA-2011-01431, FOIA-2012-00227, and FOIA-2012-00687) is a violation of FOIA, 5 U.S.C. § 552 *et seq.*, and FTC's own regulations promulgated thereunder.

66.  FTC's denial of Plaintiff's requests for a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii) in Plaintiff's three FOIA requests (FOIA-2011-01431, FOIA-2012-00227, and FOIA-2012-00687) is a violation of FOIA, 5 U.S.C. § 552 *et seq.*, and FTC's own regulations promulgated thereunder.

67.  Plaintiff is irreparably harmed by FTC's unlawful withholding of the requested records and refusal to grant the requested waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii). Plaintiff will continue to be irreparably harmed unless FTC is compelled to conform its conduct to the requirements of the law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests and prays that this court:

    i.    Enter an Order:

        a.  declaring that FTC has wrongfully withheld the requested agency records;

    b. directing FTC to conduct a search for any and all responsive records to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests;

    c. directing FTC to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a Vaughn index of any responsive records withheld under claim of exemption; and

    d. declaring that Plaintiff is entitled to a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii).

ii. Issue a permanent injunction directing FTC to disclose to the Plaintiff all wrongfully withheld records.

iii. Maintain jurisdiction over this action until FTC complies with FOIA and all orders of this Court.

iv. Award Plaintiff attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E).

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted,

*[signature]*

Reed D. Rubinstein
(DC Bar No. 400153)
Dinsmore & Shohl, LLP
801 Pennsylvania Ave., N.W., Suite 610
Washington, D.C. 20004
Telephone: (202) 372-9120
reed.rubinstein@dinsmore.com
*Attorney for Plaintiff*