EXHIBIT 5



Advocates for Government Accountability

A 501(C)(3) NONPROFIT CORPORATION

TELEPHONE: (703) 875.8625
WEB SITE: CAUSEOFACTION.ORG
2100 M STREET
SUITE 170-247
WASHINGTON, D.C. 20037

October 28, 2011

**VIA EMAIL AND FIRST CLASS MAIL**

Willard K. Tom
General Counsel, Federal Trade Commission
Freedom of Information Act Appeal
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Facsimile: 202-326-2477
E-mail: wtom@ftc.gov

**RE: FREEDOM OF INFORMATION ACT APPEAL (FOIA-2011-01431)**

Dear Mr. Tom:

We write in response to your October 7, 2011 letter denying our fee waiver application. We appeal your denial of our fee waiver application because Cause of Action[1] qualifies for a waiver of both search and duplication fees under the public interest exception as outlined in 5 U.S.C. § 552(a)(4)(A)(iii) and 16 C.F.R. § 4.8(e)(2). Enclosed please find copies of our prior correspondence with your office.

The Freedom of Information Act ("FOIA") provides, in pertinent part:

> Documents shall be furnished **without any charge** or at a charge reduced below the fees established under clause (ii) if disclosure of the information is in the public interest because it is likely to **contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest** of the requester.[2]

---

[1] At the time of our initial letter to the FTC we were known as the Freedom Through Justice Foundation but have subsequently operated as Cause of Action.

[2] 5 U.S.C. § 552(a)(4)(A)(iii) (emphasis added). *See, e.g.*, *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 814 n.3 (2d Cir. 1994); *Prison Legal News v. Lappin*, 436 F. Supp. 2d 17, 27 n.5 (D.D.C. 2006).

The Federal Trade Commission's ("FTC") Rules of Practice allow for the waiver of fees if the information sought is within the public interest.[3] A request is within the public interest when "disclosure will likely contribute significantly to public understanding of the operations or activities of the government"[4] and is not "primarily in the commercial interest of the requester."[5] Cause of Action's FOIA request qualifies under these rules.

**<u>The requested information will contribute significantly to the public understanding of the operations and activities of the government on vital First Amendment issues.</u>**

Cause of Action's FOIA request concerned recent FTC investigations into businesses or individual bloggers who allegedly violated the Guides Concerning the Use of Endorsements and Testimonials in Advertising ("Guides"). Because the FTC's Guides and subsequent investigations concerned the formulation and execution of executive policy, they involved "operations or activities of the Federal government."[6] Additionally, the Guides raise potential First Amendment issues, therefore implicating a fundamental right of great public importance.

The information sought from the FTC would thus contribute to the public's constitutionally-protected right to know as well as allow the public to understand how FTC actions affect fundamental rights.[7] With such important rights at stake, it can hardly be denied that the public's informational benefit would be significant.[8]

**<u>Cause of Action has no commercial interest in the information requested.</u>**

As to the requirements of 16 C.F.R. § 4.8(e)(2)(ii), Cause of Action is a 501(c)(3) nonprofit, independent public interest firm that uses public advocacy and legal reform strategies to ensure greater transparency in government, protect taxpayer interests and promote economic freedom. As we have previously explained, Cause of Action has no commercial, trade, or profit interests in the requested information.[9] In fact, Cause of Action's primary purpose for use of information obtained through FOIA is to provide the information to the public through our website and the media. The Cause of Action website publicizes its findings[10] and our investigative efforts have earned media attention.[11]

---

[3] 16 C.F.R. § 4.8(e)(1).
[4] 16 C.F.R. § 4.8(e)(2)(i).
[5] 16 C.F.R. § 4.8(e)(2)(ii).
[6] 16 C.F.R. § 4.8(e)(2)(i)(A).
[7] 16 C.F.R. § 4.8(e)(2)(i)(B) and (C).
[8] 16 C.F.R. § 4.8(e)(2)(i)(D).
[9] *See* 16 C.F.R. § 4.8(e)(2)(ii).
[10] *See* WEBSITE, CAUSE OF ACTION, *available at* http://www.causeofaction.org.
[11] *See* e.g. Matthew Boyle, *Report: ACORN-affiliated group gets $300,000 more in taxpayer money*, THE DAILY CALLER, (Sept. 16, 2011), *available at* http://dailycaller.com/2011/09/16/report-acorn-affiliated-group-gets-300000-more-in-taxpayer-money/; Matthew Boyle, *Long-time ACORN affiliate secures $350,000 in new taxpayer funding*, THE DAILY CALLER, (Sept. 19, 2011), *available at* http://dailycaller.com/2011/09/19/long-time-acorn-affiliate-secures-350000-in-new-taxpayer-funding/; Paul Streckfus, *Accountability Group Seeks IRS Investigation of ACORN Affiliates*, EO TAX JOURNAL, Ed. 2011-173, (Oct. 24, 2011); Bobby McMahon, *EPA Stalls Utility MACT Until December, Fights Industry Bid For Year Delay*, INSIDEEPA, (Oct. 24th, 2011), *available at*

Cause of Action was formed on August 15, 2011 and has since used information obtained by FOIA to generate significant media attention in the public interest. Our primary purpose is to use the information obtained from the FTC to contribute to the public understanding of Federal Trade Commission's affairs. As such, Cause of Action qualifies under the public interest exception pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 16 C.F.R. § 4.8(e)(2).

However, if, upon review of our appeal, the FTC continues to deny Cause of Action's claims for a fee waiver under the public interest exception, then please allow this letter to serve as a perfected FOIA request to Cause of Action's initial August 30, 2011 letter. Cause of Action therefore requests the following:

1. All FOIA requests in which the FTC granted a fee waiver under the public interest exception from January 1, 2009 to the present; and

2. All documents referring or relating to the process in which the FTC determined the FOIA requests identified in #1, above, were within the fee waiver exception.

If you do not understand this appeal or any portion thereof, or if you require further clarification of this request, please contact Keith Gates (Keith.Gates@ftjfoundation.org) or Tyler Martinez (Tyler.Martinez@ftjfoundation.org) at 703-875-8625. We look forward to receiving the requested documents and a waiver of both search and duplication costs within twenty (20) business days. Thank you for your cooperation.

Sincerely,

Tyler Martinez
Associate Attorney

Encl.: Correspondence between Cause of Action and FTC Re: FOIA-2011-01431
"Responding to Records Requests" and "Definitions"

---

http://insideepa.com/201110212379934/EPA-Daily-News/Daily-News/epa-stalls-utility-mact-until-december-fights-industry-bid-for-year-delay/menu-id-95.html.

**Responding to Document Requests**

1. In complying with this request, you should produce all responsive documents that are in your possession, custody, or control, whether held by you or your past or present agents, employees, and representatives acting on your behalf. You should also produce documents that you have a legal right to obtain, that you have a right to copy or to which you have: access, as well as documents that you have placed in the temporary possession, custody, or control of any third party. Requested records, documents, data or information should not be destroyed, modified, removed, transferred or otherwise made inaccessible to Cause of Action.

2. In the event that any entity, organization or individual denoted in this request has been, or is also known by any other name than that herein denoted, the request shall be read also to include that alternative identification.

3. Cause of Action's preference is to receive documents in electronic form (i.e., CD, memory stick, or thumb drive) in lieu of paper productions.

4. When you produce documents, you should identify the paragraph in Cause of Action's request to which the documents respond.

5. It shall not be a basis for refusal to produce documents that any other person or entity also possesses non-identical or identical copies of the same documents.

6. If any of the requested information is only reasonably available in machine-readable form (such as on a computer server, hard drive, or computer backup tape), you should consult with Cause of Action staff to determine the appropriate format in which to produce the information.

7. If compliance with the request cannot be made in full, compliance shall be made to the extent possible and shall include an explanation of why full compliance is not possible.

8. In the event that a document is withheld on the basis of privilege, provide a privilege log containing the following information concerning any such document: (a) the privilege asserted; (b) the type of document; (c) the general subject matter; (d) the date, author and addressee; and (e) the relationship of the author and addressee to each other.

9. If any document responsive to this request was, but no longer is, in your possession, custody, or control, identify the document (stating its date, author, subject and recipients) and explain the circumstances under which the document ceased to be in your possession, custody, or control.

10. If a date or other descriptive detail set forth in this request referring to a document is inaccurate, but the actual date or other descriptive detail is known to you or is otherwise apparent from the context of the request, you should produce all documents which would be responsive as if the date or other descriptive detail were correct.

11. The time period covered by this request is included in the attached request. To the extent a time period is not specified, produce relevant documents from January 1, 2009 to the present.

12. This request is continuing in nature and applies to any newly-discovered information. Any record, document, compilation of data or information, not produced because it has not been located or discovered by the return date, shall be produced immediately upon subsequent location or discovery.

13. All documents shall be Bates-stamped sequentially and produced sequentially.

**Definitions**

1. The term "document" means any written, recorded, or graphic matter of any nature whatsoever regardless of how recorded, and whether original or copy, including, but not limited to, the following: memoranda, reports, expense reports, books, manuals, instructions, financial reports, working papers, records, notes, letters, notices, confirmation, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, inter-office and intra-office communications, electronic mail (e-mail), contracts, cables, notations of any type of conversation, telephone call, meeting or other communication, bulletins, printed matter, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, and work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes, and amendments of any of the foregoing, as well as any attachments or appendices thereto), and graphic or oral records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures), and electronic, mechanical, and electric records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings) and other written, printed, typed, or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, film, tape, disk, videotape or otherwise. A document bearing any notation not a part of the original text is to be considered a separate document. A draft or non-identical copy is a separate document within the meaning of this term.

2. The term "communication" means each manner or means of disclosure or exchange of information, regardless of means utilized, whether oral, electronic, by document or otherwise, and whether in a meeting, by telephone, facsimile, email, regular mail, telexes, releases, or otherwise.

3. The terms "and" and "or" shall be construed broadly and either conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope. The singular includes plural number, and vice versa. The masculine includes the feminine and neuter genders.

4. The terms "person" or "persons" mean natural persons, firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, or other legal, business or government entities, and all subsidiaries, affiliates, divisions, departments, branches, or other units thereof.

5. The term "identify," when used in a question about individuals, means to provide the following information: (a) the individual's complete name and title; and (b) the individual's business address and phone number.

6. The term "referring or relating," with respect to any given subject, means anything that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with or is pertinent to that subject in any manner whatsoever.

**Freedom Through Justice Foundation**
2111 Wilson Blvd #700
Arlington, VA 22201
703.875.8625

August 30, 2011

**VIA CERTIFIED MAIL**

Freedom of Information Act Request
Office of General Counsel
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580

**Re: Freedom of Information Act Request**

Dear Ms. Engle,

We write on behalf of the Freedom Through Justice Foundation, a 501(c)(3) nonprofit corporation that uses public policy and legal reform strategies to ensure greater transparency in government, protect taxpayer interests and promote social and economic freedoms. It has come to our attention the Federal Trade Commission ("FTC") has begun to initiate investigations and enforcement actions against businesses or individual bloggers who may have violated the FTC's Guides Concerning the Use of Endorsements and Testimonials in Advertising. Because disclosure requirements put restrictions on the commercial speech of bloggers and other marketers, the FTC's actions in this area justify close scrutiny.

Pursuant to the provisions of the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Freedom Through Justice Foundation hereby requests that your department produce the following within twenty (20) business days:

1. All records relating to the drafting, formulation, and revision of the Guides Concerning the Use of Endorsements and Testimonials in Advertising.[1]

---

[1] For purpose of this request, the term "record" shall mean: (1) any written, printed, or typed material of any kind, including without limitation all correspondence, memoranda, notes, messages, letters, cards, telegrams, teletypes, facsimiles, papers, forms, records, telephone messages, diaries, schedules, calendars, chronological data, minutes, books, reports, charts, lists, ledgers, invoices, worksheets, receipts, returns, computer printouts, printed matter, prospectuses, statements, checks, statistics, surveys, affidavits, contracts, agreements, transcripts, magazine or newspaper articles, or press releases; (2) any electronically, magnetically, or mechanically stored material of any kind, including without limitation all electronic mail or e-mail, meaning any electronically transmitted text or graphic communication created upon and transmitted or received by any computer or other electronic device, and all materials stored on compact disk, computer disk, diskette, hard drive, server, or tape; (3) any audio, aural, visual, or video records, recordings, or representations of any kind, including without limitation all cassette tapes, compact disks, digital video disks, microfiche, microfilm, motion pictures, pictures, photographs, or videotapes; (4) any graphic materials and data compilations from which information can be obtained; (5) any materials using other means of preserving thought or expression; and (6) any tangible things from which data or information can be obtained, processed, recorded, or transcribed. The term "record" also shall mean any drafts, alterations, amendments, changes, or modifications of or to any of the foregoing.

2. All records concerning the results of investigations into conduct by bloggers or social media authors that allegedly violated the Guides Concerning the Use of Endorsements and Testimonials in Advertising
3. All records concerning the results of investigations into conduct by companies that related to alleged violations of the Guides Concerning the Use of Endorsements and Testimonials in Advertising by bloggers or social media authors
4. Copies of any other requests for information made by outside groups though FOIA during the last two years regarding revisions to Guides Concerning the Use of Endorsements and Testimonials in Advertising.

We call your attention to President Obama's January 21, 2009 Memorandum concerning the Freedom of Information Act, in which he states:

> All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA. . . . The presumption of disclosure should be applied to all decisions involving FOIA.[2]

The Freedom Through Justice Foundation is a 501(c)(3), not-for-profit, educational organization, and, by definition, has no commercial purpose. As such, Freedom Through Justice Foundation is entitled to a complete waiver of both search fees and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

In an effort to facilitate record production within the statutory time limit, the Freedom Through Justice Foundation is willing to accept documents in electronic format (e.g. e-mail, pdfs). When necessary, the Freedom Through Justice Foundation will also accept the "rolling production" of documents.

If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please contact Amber Taylor at (703) 875-8625. We look forward to receiving the requested documents and a waiver of both search and duplication costs within twenty (20) business days. Thank you for your cooperation.

Sincerely,

Daniel Epstein

---

[2] PRESIDENT BARACK OBAMA, *Memorandum for the Heads of Executive Departments and Agencies, Subject: Freedom of Information Act*, (Jan. 21, 2009), *available at* http://www.whitehouse.gov/the-press-office/freedom-information-act (last visited August 30, 2011).

Ms. Mary K. Engle
August 30, 2011
Page 3

                                      Executive Director



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

September 9, 2011

Daniel Epstein
Freedom Through Justice Foundation
2111 Wilson Blvd. #700
Arlington, VA 22201

RE: FOIA-2011-01431
Records pertaining to Guides Concerning the Use of Endorsements and Testimonials in Advertising

Dear Mr. Epstein:

This letter acknowledges the receipt of your Freedom of Information Act request dated September 6, 2011 for the documents listed below:

Records pertaining to the Guides Concerning the Use of Endorsements and Testimonials in Advertising

If you should have any questions regarding your request, please contact me at (202) 326-3452. In any call or future correspondence concerning the request, please refer to the following case number FOIA-2011-01431.

Sincerely,

Nathaniel Gray



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Daniel Epstein
Freedom Through Justice Foundation
2111 Wilson Blvd. #700
Arlington, Virginia 22201

SEP 22 2011

Re: FOIA-2011-01431
Records pertaining to Guides Concerning the Use of Endorsements and Testimonials in Advertising

Dear Mr. Epstein:

This letter confirms your September 14, 2011, telephone conversation with Nathaniel Gray concerning your Freedom of Information Act ("FOIA") request for records pertaining to the Guides Concerning the Use of Endorsements and Testimonials in Advertising. In that conversation, you amended your request to seek records from January 1, 2009-September 6, 2011, the day we received your request. Additionally, you agreed to focus your request on changes to the Guides concerning social media authors.

In the meantime, if you have any questions, please contact Nathaniel Gray at (202) 326-3452.

Sincerely,

Sarah Mathias
Associate General Counsel



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Daniel Epstein
Freedom Through Justice Foundation
2111 Wilson Blvd. #700
Arlington, VA 22201

SEP 22 2011

Re: FOIA-2011-01431
Records pertaining to Guides Concerning the Use of Endorsements and Testimonials in Advertising

Dear Mr. Epstein:

This is in partial response to your September 6, 2011, request under the Freedom of Information Act for access to records pertaining to the Federal Trade Commission's Guides Concerning the Use of Endorsements and Testimonials in Advertising. In that request, you asked the Commission to grant a fee waiver for your request. We received your request in our FOIA office on September 7, 2011.

We are denying your request for a fee waiver because your request does not satisfy the FOIA's two-part test for a fee waiver. *See* 5 U.S.C. § 552 (a)(4)(A)(i) and (iii). Specifically, you failed to demonstrate that disclosure of the requested records will be "likely to contribute significantly to public understanding of the operations and activities of government." *Id.* We are placing your request on hold because you did not provide a fee agreement. If you would like us to continue processing your request, please contact the FTC FOIA Office by September 30, 2011, with a fee agreement or we will close your request.

If you are not satisfied with our denial of your request for a fee waiver, you may appeal by writing to Freedom of Information Act Appeal, Office of the General Counsel, Federal Trade Commission, 600 Pennsylvania Avenue, N.W., Washington, D.C. 20580, within 30 days of the date of this letter. Please enclose a copy of your original request and a copy of this response.

If you have any questions about the way we are handling your request or about the FOIA regulations or procedures, please contact Nathaniel Gray at (202) 326-3452.

Sincerely,

Sarah M Mathias

Sarah Mathias
Associate General Counsel



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

OCT 07 2011

Daniel Epstein
Freedom Through Justice Foundation
2111 Wilson Blvd. #700
Arlington, VA 22201

Re: FOIA-2011-01431
Records pertaining to Guides
Concerning the Use of Endrosements
and Testimonials in Advertising

Dear Mr. Epstein:

This is in response to your September 26, 2011, asking the Commission to grant a fee waiver for your request. We received your request in our FOIA office on September 27, 2011.

We are denying your request for a fee waiver because you do not qualify for a fee waiver. *See* 5 U.S.C. § 552 (a)(4)(A)(i) and (iii). You have not proven that disclosure of the requested records to you will "be likely contribute significantly to the public understanding of the activities and operations of government." Id. Specifically, you have not demonstrated your ability disseminate information to the general public. Id; *see also*, FOIA Update, Vol. VII, No.1, at 7-8 ("OIP Guidance: New Fee Waiver Policy Guidance"). Additionally, we have determined that you are an "Other (General Public)" requestor under the FOIA and the Commission's rules of Practice. *See* 5 U.S.C. § 552(a)(4)(A)(ii)(III) and 16 C.F.R. § 4.8(b). In accordance with the Commission's Rules of Practice, 16 CFR 4.8(b)(6), we are providing you with 100 pages of records.

If you are not satisfied with our denial of your request for a fee waiver, you may appeal by writing to Freedom of Information Act Appeal, Office of the General Counsel, Federal Trade Commission, 600 Pennsylvania Avenue, N.W., Washington, D.C. 20580, within 30 days of the date of this letter. Please enclose a copy of your original request and a copy of this response.

If you have any questions about the way we are handling your request or about the FOIA regulations or procedures, please contact Nathaniel Gray at (202) 326-3452.

Sincerely,

Sarah M. Mathias
Associate General Counsel