# EXHIBIT 6



United States of America
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Willard K. Tom
General Counsel

NOV 29 2011

Tyler Martinez
Cause of Action
2100 M Street Suite 170-247
Washington DC 20037

    Re:    Freedom of Information Act Appeal (FOIA Request No. 2011-01431)

Dear Mr. Martinez:

    This letter responds to your October 28, 2011 appeal of the initial determination of your fee waiver request for your Freedom of Information Act ("FOIA") request. In that FOIA request, you asked for documents regarding the FTC's revisions to the Guides Concerning the Use of Endorsements and Testimonials in Advertising affecting social media authors and related investigations. By letter dated October 7, 2011, Sarah Mathias informed you that your request for a fee waiver was being denied because you had failed to demonstrate your ability to disseminate information to the general public.[1]

    A fee waiver is appropriate if disclosure of the requested documents is likely to contribute significantly to the public understanding of government operations or activities, as compared to the level of public understanding existing prior to the disclosure. *See* 5 U.S.C. § 552(a)(4)(A)(iii). The requester bears the burden of making this showing. *Larson v. CIA*, 843 F.2d 1481, 1483 (D.C. Cir. 1988).

    I am denying your appeal because you have failed to meet this burden. Specifically, you have failed to provide adequate information about your dissemination plans, such as providing any specific information about the "distinct work" you intend to produce. *See Judicial Watch, Inc. v. U.S. Dep't of Justice*, 122 F. Supp. 2d 13, 19 (D.D.C. 2000). Conclusory statements are inadequate to support a fee waiver, *McClellan Ecol. Seepage Situation v. Carlucci*, 835 F.2d 1282, 1285-85 (9th Cir. 1987), as is merely pointing to your organization's past efforts to disseminate information. *See Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 66 (D.C. Cir. 1990).[2]

---

[1] You dropped the claim that your organization is entitled to news media status in your appeal, which was never consistently made to the FTC, *see, e.g, Judicial Watch, Inc. v. U.S. Dep't of Justice*, 122 F. Supp. 2d 13, 21 (D.D.C. 2000), nor evident from your organization's website, *see infra* note 2.

[2] A previous review of your organization's website, which now appears to be offline and "Under Construction," and other news media's references to your organization did not show sufficient evidence regarding plans to disseminate the requested information.

In addition, the FTC has made publicly available a vast amount of information regarding the Endorsement Guides' effect on social media authors.[3] Given the information that is publicly available, it is unlikely that the documents produced pursuant to your FOIA request would contribute "significantly" to the public understanding of the FTC's operations or activities as compared to the level of understanding existing prior to the disclosure.

For these reasons, I am denying your appeal for a fee waiver. I note that in your appeal letter, you ask that if your appeal is denied, it be treated as a request for (1) all FOIA requests in which the FTC granted a fee waiver under the public interest exception from January 1, 2009 to the present and (2) all documents referring or relating to the process in which the FTC determined such FOIA requests were within the fee waiver exception. This new FOIA request will be referred to the FTC's FOIA Unit.

As required by the FOIA, you are hereby advised that judicial review of this decision may be obtained under 5 U.S.C. § 552(a)(4)(B), in a United States District Court in the district where you reside or have your principal place of business, or in the District of Columbia. Also, as required by the FOIA, you are hereby advised that I am the designated official responsible for denying your appeal.

Sincerely,

Willard K. Tom
General Counsel

---

[3] *See, e.g.*, Fed. Trade Comm'n, THE FTC'S REVISED ENDORSEMENT GUIDES: WHAT PEOPLE ARE ASKING (2010), http://business.ftc.gov/sites/default/files/pdf/bus71-ftcs-revised-endorsement-guideswhat-people-are-asking.pdf.