EXHIBIT 9



## CAUSE of ACTION

### Advocates for Government Accountability

A 501(c)(3) NONPROFIT CORPORATION

TELEPHONE: (703) 875.8625
WEB SITE: CAUSEOFACTION.ORG
2100 M STREET
SUITE 170-247
WASHINGTON, D.C. 20037

December 12, 2011

**VIA EMAIL AND FIRST CLASS MAIL**

Willard K. Tom
General Counsel, Federal Trade Commission
Freedom of Information Act Appeal
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
E-mail: wtom@ftc.gov

**RE: FREEDOM OF INFORMATION ACT APPEAL (FOIA-2011-01431)**

Dear Mr. Tom:

We write in response to your undated letter denying our appeal of your denial of our fee waiver request. Specifically, you wrote that Cause of Action "failed to provide adequate information about your dissemination plans, such as providing any specific information about the 'distinct work'" Cause of Action intended to produce.[1] For the following reasons, we urge you to reevaluate your position.

In support of your proposition, you cite to *Judicial Watch, Inc. v. United States DOJ*, 122 F. Supp. 2d 13, 19 (D.D.C. 2000). The following paragraphs from that case cut to the heart of your argument for our purposes:

> Taken together, *Oglesby*[2] and *McClellan*[3] indicate that a requester who does not give specifics regarding a method of disseminating requested information will not meet this factor, even if the requester has the ability to disseminate information. Judicial Watch's statements have inadequate factual support in the administrative record and do not satisfy this factor.

---

[1] Letter from Willard K. Tom, General Counsel, Federal Trade Commission to Tyler Martinez, Attorney, Cause of Action (on file with author).
[2] *Oglesby v. United States Dep't of Army*, 920 F.2d 57 (D.C. Cir. 1990).
[3] *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282 (9th Cir. Cal. 1987).

Mr. Willard K. Tom
December 12, 2011
Page 2

In *Landmark*,[4] this court noted that, in addition to disseminating information through blast-faxing, posting it on the Internet, and broadcasting it on radio and television stations, the plaintiff intended to use the information to author an "op-ed" article. The *Landmark* plaintiff evidenced its intent to submit the article to news organizations by proffering past newspaper articles which it authored, firmly establishing the plaintiff's contacts to news organizations, and specifying the reason for which it sought information. In this case, Judicial Watch does not specify in the administrative record any news organization with which it has a relationship, nor does it specify any particular work product for which it requests the information. Judicial Watch's conclusory statement that it has corresponded with members of the media in the past and intends to share information with the media without specifying particular media contacts is not sufficient. Thus, the court concludes that Judicial Watch fails to meet its burden to establish that dissemination of the requested information contributes to "public understanding."

The present case is easily distinguished from *Judicial Watch*. In *Judicial Watch*, the requestor merely claimed that it had corresponded with members of the media in the past and intended to do so in the future regarding the information sought. Importantly, Judicial Watch did not give specifics as to with whom it had or would speak. This is wholly different from Cause of Action's letter which identified four news stories which cited the requestor, including the author of those stories.[5] Cause of Action also noted specifically that "the Cause of Action website publicizes its findings. . . ." Cause of Action provided your department with much more information than was provided in *Judicial Watch* and comparisons to *Judicial Watch* are misplaced.

Indeed, the present case is more akin to the approved *Landmark* decision cited in *Judicial Watch* where the organization "plaintiff evidenced its intent to submit the article to news organizations by proffering past newspaper articles which it authored, firmly establishing the plaintiff's contacts to news organizations, and specifying the reason for which it sought information."[6] Similarly, Cause of Action also proffered past newspaper articles which discussed our work, "firmly establishing [our] contacts to news organizations."[7] Likewise, we also specified the reasons for why we sought the information, namely to educate the public on the interplay of the First Amendment with the FTC's recent Guides Concerning the Use of Endorsements and Testimonials in Advertising. In our view, the FTC's claim that *Judicial Watch* stands against us is without merit.

As to *McClellan*,[8] it is true that "conclusory statements are inadequate to support a fee waiver. . . ." However, as noted above, Cause of Action gave specific instances of past

---

[4] *Landmark Legal Found. v. IRS*, 1998 U.S. Dist. LEXIS 21722 (D.D.C. 1998).
[5] Letter from Tyler Martinez, Associate Attorney, Cause of Action to Willard K. Tom, General Counsel, Federal Trade Commission (October 28, 2011) (on file with author).
[6] *Judicial Watch, supra*.
[7] *See supra*, note 5.
[8] *See supra*, note 3.

Mr. Willard K. Tom
December 12, 2011
Page 3

dissemination as well as future plans for the information sought.  Cause of Action's assertion is therefore more than merely conclusory.

Finally, you cited *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 66  (D.C. Cir. 1990).  We have yet to understand your reasoning for citing this case.  In his application for a fee waiver, Oglesby "merely stated: 'Pursuant to 5 U.S.C. (a)(4)(A), I request a waiver of all search fees and copying costs. The information requested is beneficial to the public interest. I am a writer and lecturer who has disseminated such information in the past, and I intend to do so in the future.'"[9]  The plaintiff supplemented his showing "explaining the public interest nature of the information and the specific journals in which he had previously published and which could be future forums for his work."[10]

You cited to *Oglesby* for the proposition that "merely pointing to your organization's past efforts to disseminate information" is inadequate to support a fee waiver.  However, that case stands for no such proposition.  Instead, the D.C. Circuit specifically refused to take up the fee waiver argument because Oglesby had not exhausted his administrative remedies:

> Because appellant did not exhaust his administrative remedies with respect to the Army's denial of his fee waiver request, we will not decide the merits of appellant's claim that his fee waiver was unreasonably denied. However, appellant's second showing was significantly more revealing than the first and, particularly in view of NSA's positive response to appellant's second showing, and the need for uniformity among the agencies in their application of FOIA, we invite the Army's reconsideration of its denial.[11]

While the Court of Appeals did not repute the Army's reasoning, which you repeat in your letter, it certainly did not adopt such reasoning.  In fact, it invited the Army to reconsider that reasoning.  We question your purported reliance on *Oglesby*, but will be more than happy to take that issue up with the District Court should you persist in denying our fee waiver.

We sincerely hope that you will reconsider your denial of our fee waiver appeal in light of your specious arguments.  If you do not, we look forward to your explanations to the court of your denial, specifically regarding the *Oglesby* case.  Should you have any questions, comments, or concerns, please do not hesitate to contact me at Keith.Gates@causeofaction.org or (202) 507-5884.  With warmest regards, I am

Sincerely yours,

J. KEITH GATES
SENIOR ATTORNEY

---

[9] *Oglesby, supra* at 66 n.11.
[10] *Id.*
[11] *Id.*