# EXHIBIT 11



UNITED STATES OF AMERICA
## FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Daniel Epstein
Cause of Action
2100 M Street, Suite 170-247
Washington, DC 20037

**JAN 0 6 2012**

Re:     FOIA-2012-00227

Dear Mr. Epstein:

  This is in response to your request dated November 30, 2011, under the Freedom of Information Act.  In accordance with the FOIA and agency policy, we have searched our records, as of November 30, 2011, the date we received your request in our FOIA office.

  In your December 12, 2011 letter you requested a fee waiver.  We are denying your request for a fee waiver because you have not proven that disclosure of the requested records to you will "be likely contribute significantly to the public understanding of the activities and operations of government."*See* 5 U.S.C. § 552 (a)(4)(A)(i) and (iii).  Additionally, we have determined that you are an "Other (General Public)" requestor under the FOIA and the Commission's rules of Practice. *See* 5 U.S.C. § 552(a)(4)(A)(ii)(III) and 16 C.F.R. § 4.8(b). In accordance with the Commission's Rules of Practice, we are providing you with 100 pages of records.  *See* 16 C.F.R. § 4.8(b)(6).  I am granting partial access to and am enclosing copies of, the accessible records.  There are portions of pages that fall within the two of the exemptions to the FOIA's disclosure requirements, as explained below.

  Some responsive records contain staff analyses, opinions, and recommendations.  Those portions are deliberative and pre-decisional and are an integral part of the agency's decision making process.  They are exempt from the FOIA's disclosure requirements by FOIA Exemption 5.5 U.S.C. § 552(b)(5); *see NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975).

  Some records contain personally identifying information.  This information is exempt from release under FOIA Exemption 6, 5 U.S.C. § 552(b)(6), because individuals' right to privacy outweighs the general public's interest in seeing personal identifying information.  *See The Lakin Law Firm v. FTC*, 352 F.3d 1122 (7th Cir. 2003).

  If you are not satisfied with this response to your request, you may appeal by writing to Freedom of Information Act Appeal, Office of the General Counsel, Federal Trade Commission, 600 Pennsylvania Avenue, N.W., Washington D.C. 20580, within 30 days of the date of this letter.  Please enclose a copy of your original request and a copy of this response.  If you believe that we should choose to disclose additional materials beyond what the FOIA requires, please explain why this would be in the public interest.

If you have any questions about the way we handled your request, or about our FOIA regulations or procedures, please contact Nathaniel Gray at (202) 326-3452.

Sincerely,

Sarah M. Mathias
Associate General Counsel

Enclosed:
Records

FOIA 2011-00597

February 28, 2011

FEDERAL TRADE COMMISSION
RECEIVED

FEB 28 2011

FOIA BRANCH
GENERAL COUNSEL

Ms. Joan Fina
Freedom of Information Act Officer
Federal Trade Commission
6th Street and Pennsylvania Avenue, N.W.
Washington, D.C. 20580

Dear Ms. Fina,

USA TODAY respectfully requests, pursuant to the Freedom of Information Act, copies of records held by the Federal Trade Commission:

RECORDS SOUGHT: Any Federal Trade Commission contingency plans, guidance, reports, or correspondence with the Office of Management and Budget regarding preparations for a government "shutdown" in the absence of an appropriation or continuing resolution.

EXPEDITED PROCESSING: I ask that this request be expedited. I certify to the best of my knowledge and belief that the following are true: I am employed as a full-time staff writer for USA TODAY, a newspaper engaged in disseminating information to the public, and the information is urgently needed to inform the public about an ongoing government activity -- i.e., preparations for the possible shutdown of the federal government. This issue has widespread and exceptional media interest. Please notify me of your determination on expedited processing within 10 days.

FEE WAIVER: USA TODAY is a news media requester. Because disclosure would contribute significantly to public understanding of the operations or activities of the government, USA TODAY requests a fee waiver. If a fee waiver is denied, please let me know in advance if the cost will exceed $25.

FORMAT AND DELIVERY: I would be happy to accept the documents as scanned PDFs. Please note that my e-mail account has a limit of 10 MB per e-mail. If the records exceed that size, please call to make other arrangements. If sent by mail, my address is:

    Gregory Korte
    USA TODAY
    1100 New York Avenue, N.W.
    Washington, D.C. 20005

CONTACT INFORMATION: If you have any questions about this request, you may contact me at (202) 906-8186 or gkorte@usatoday.com.

Regards,
Gregory Korte
staff writer

# CREW | citizens for responsibility and ethics in washington

*FOIA-2011-01125*

June 23, 2011

FEDERAL TRADE COMMISSION
RECEIVED

JUN 2 3 2011

FOIA BRANCH
GENERAL COUNSEL

**By First-Class Mail and E-mail (foia@ftc.gov)**

Freedom of Information Act Request
Office of General Counsel
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Citizens for Responsibility and Ethics in Washington ("CREW") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, audiotapes, videotapes and photographs, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, *et seq.*, and Federal Trade Commission ("FTC") regulation 16 C.F.R. §§ 4.8 - 4.11.

Specifically, CREW seeks copies of all FOIA logs or other compilations of FOIA requests made to the Federal Trade Commission from January 2010 to the present, including but not limited to the identity of the requester, and the date and subject of the request.

Please search for responsive records regardless of format, medium, or physical characteristics. Where possible, please produce records electronically, in PDF or TIF format on a CD-ROM. We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs. Our request includes any letters, emails, facsimiles, telephone messages, voice mail messages, and transcripts, notes, or minutes of any meetings, telephone conversations, or discussions. Our request also includes any attachments to these records.

If it is your position that any portion of the requested records is exempt from

FOIA Officer
June 23, 2011
Page 2

disclosure, CREW requests that you provide it with an index of those documents as required under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1972). As you are aware, a *Vaughn* index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." *Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979). Moreover, the *Vaughn* index must "describe each document or portion thereof withheld, and for **each** withholding it must discuss the consequences of supplying the sought-after information." *King v. U.S. Dep't of Justice*, 830 F.2d 210, 223-24 (D.C. Cir. 1987) (emphasis added). Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'" *Id.* at 224 (citing *Mead Data Central v. U.S. Dep't of the Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977)).

In the event some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. *See* 5 U.S.C. § 552(b). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document. *Mead Data Central*, 566 F.2d at 261. Claims of nonsegregability must be made with the same degree of detail as required for claims of exemptions in a *Vaughn* index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

## Fee Waiver Request

In accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and 16 C.F.R. § 4.8(e), CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government and the disclosures likely will contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes. 5 U.S.C. § 552(a)(4)(A)(iii). *See, e.g., McClellan Ecological v. Carlucci*, 835 F.2d 1282, 1285 (9th Cir. 1987).

Specifically, the requested records will assist CREW in its attempts to ascertain the extent to which outside entities with a financial interest in the subject of the FTC's regulations and statutory authority have attempted to influence the FTC's exercise of that authority. As the recent arrest of FDA chemist Cheng Yi Liang for insider trading (attached as Exhibit A) illustrates, access to agency information may be very lucrative for those seeking to profit in the financial markets. CREW seeks this information as part of a broader effort to ascertain the

FOIA Officer
June 23, 2011
Page 3

extent to which Wall Street investors have attempted to influence agency policies and regulations for their own financial gain. CREW already has uncovered evidence of such influence at the Department of Education through FOIA requests.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the public's right to be aware of the activities of government officials and to ensuring the integrity of those officials. CREW uses a combination of research, litigation, and advocacy to advance its mission. The release of information garnered through this request is not in CREW's financial interest. CREW will analyze the information responsive to this request, and will share its analysis with the public, either through memoranda, reports, or press releases. In addition, CREW will disseminate any documents it acquires from this request to the public through its website, www.citizensforethics.org, which also includes links to thousands of pages of documents CREW acquired through its multiple FOIA requests as well as documents related to CREW's litigation and agency complaints, and through www.scribd.com.

Under these circumstances, CREW satisfies fully the criteria for a fee waiver.

## News Media Fee Waiver Request

CREW also asks that it not be charged search or review fees for this request because CREW qualifies as a "representative of the news media" pursuant to the FOIA and USDA regulation 16 C.F.R. § 4.8(b)(2). In *Nat'l Sec. Archive v. U.S. Dep't of Defense*, 880 F.2d 1381, 1386 (D.C. Cir. 1989), the Court of Appeals for the District of Columbia Circuit found the National Security Archive was a representative of the news media under the FOIA, relying on the FOIA's legislative history, which indicates the phrase "representative of the news media" is to be interpreted broadly; "it is critical that the phrase 'representative of the news media' be broadly interpreted if the act is to work as expected. . . . In fact, *any person or organization which regularly publishes or disseminates information to the public . . . should qualify for waivers as a 'representative of the news media.'*" 132 Cong. Rec. S14298 (daily ed. Sept. 30, 1986) (emphasis added), cited in *id.*

CREW routinely and systematically disseminates information to the public in several ways. First, CREW maintains a frequently visited website, www.citizensforethics.org, that received 36,383 page views in May 2011. In addition, CREW posts all of the documents it receives under the FOIA on www.scribd.com, and that site has received 930,800 visits to CREW's documents since April 14, 2010.

FOIA Officer
June 23, 2011
Page 4

Second, since May 2007 CREW has published an online newsletter, *CREWCuts*, that currently has 15,632 subscribers. *CREWCuts* provides subscribers with regular updates regarding CREW's activities and information the organization has received from government entities. A complete archive of past *CREWCuts* is available at http://www.citizensforethics.org/newsletter.

Third, CREW publishes a blog, *Citizens blogging for responsibility and ethics in Washington*, that reports on and analyzes newsworthy developments regarding government ethics and corruption. The blog, located at http://www.citizensforethics.org/blog, also provides links that direct readers to other news articles and commentary on these issues. CREW's blog had 5,951 page views in May 2011.

Finally, CREW has published numerous reports to educate the public about government ethics and corruption. Examples include: *CREW's Most Corrupt 2010: Unfinished Business*; *Top 10 Ethics Scandals of 2010*; and *FOIA at the Mid-term: Obstacles to Transparency Remain*. These and all other CREW reports are available at www.citizensforethics.org/reports.

Based on these extensive publication activities, CREW qualifies for a fee waiver as a "representative of the news media" under the FOIA and agency regulations.

## Conclusion

If you have any questions about this request or foresee any problems in releasing fully the requested records please contact me at (202) 408-5565. Also, if CREW's request for a fee waiver is not granted in full, please contact our office immediately upon making such a determination. Please send the requested records to Anne L. Weismann, Citizens for Responsibility and Ethics in Washington, 1400 Eye Street, N.W., Suite 450, Washington, D.C. 20005.

Sincerely,

Anne L. Weismann
Chief Counsel

FTC FOIA-2012-00227                                                                          8

# EXHIBIT A

FDA Chemist Charged With Insider Trading - WSJ.com#printMode

 

**1.00** % APY | A HIGH-YIELD SAVINGS ACCOUNT FROM AMERICAN EXPRESS | LEARN MORE NOW | PERSONAL SAVINGS from American Express

Dow Jones Reprints: This copy is for your personal, non-commercial use only. To order presentation-ready copies for distribution to your colleagues, clients or customers use the Order Reprints tool at the bottom of any article or visit www.djreprints.com

See a sample reprint in PDF format.    Order a reprint of this article now

## THE WALL STREET JOURNAL.
WSJ.com

BUSINESS | MARCH 30, 2011

# 'Insider' Is Charged at FDA

By ALICIA MUNDY And BRENT KENDALL

WASHINGTON—A longtime chemist at the Food and Drug Administration was charged Tuesday with insider trading by federal authorities, who alleged he made as much as $3.6 million trading drug company stocks based on confidential drug-approval information.



**Charges Against Cheng Yi Liang**

The Securities and Exchange Commission filed civil charges against Cheng Yi Liang, 57, an FDA employee since 1996, alleging he illegally traded in advance of at least 27 different FDA announcements involving 19 publicly traded companies.

The Justice Department filed related criminal charges and also charged Mr. Liang's son, Andrew Liang, in the case. Both are residents of Gaithersburg, Md.

The charges stunned the FDA. Mr. Liang works in the division in charge of approving new drugs, the agency's most visible and sensitive role. The pharmaceutical industry has long worried about security in this area, given how much secret corporate information is shared with employees at the agency.

"This is the kind of stuff I lost sleep over," said former FDA commissioner David Kessler, because pharmaceutical companies and Wall Street depend on FDA officials never using their proprietary knowledge "to play the market."

The SEC and the Justice Department said the men traded shares dating back to 2006 of companies whose drugs were used for colon cancer, schizophrenia, insomnia, severe constipation, osteoarthritis and heart disease.

Some of the FDA announcements at issue involved delays in the approval process due to the drugs' safety or efficacy tests. Mr. Liang allegedly bought stock for profit before positive announcements, bet on shares falling after negatives ones and sold shares to avoid losses.

Mr. Liang traded stocks of smaller companies developing new drugs, rather than major corporations, to take advantage of the relatively larger swings in these firms' stocks, the SEC said. The SEC said he went to great lengths to conceal his trading—which was financed in part with a home-equity line of credit—using seven brokerage accounts that weren't in his name. One belonged to Mr. Liang's 84-year-old mother in China, the SEC alleged.

In the most profitable transaction, the Liangs allegedly traded ahead of a May 2009 announcement by Vanda Pharmaceuticals Inc. that its schizophrenia drug Fanapt had received FDA approval. They netted more than $1 million on the trades, government lawyers alleged.

FDA Chemist Charged With Insider Trading - WSJ.com#printMode          Page 2 of 2

Another of the companies whose stock he allegedly traded was Momenta Pharmaceuticals Inc., a small biotechnology company from Cambridge, Mass., which was vying with two other companies to make a generic version of the blockbuster blood thinner Lovenox.

The FDA unexpectedly told the companies in November 2007 that they needed to do further testing, holding up the approval process. The SEC claimed Mr. Liang made $130,000 by trading shares a day before the news was made public, cutting Momenta's stock nearly in half.

When the drug was finally approved, in July 2010, Mr. Liang made another $85,000 buying shares three days ahead of the announcement, the SEC alleged.

Momenta's chief executive, Craig Wheeler, said the company had no comment, and hoped to soon review the SEC complaint.

SEC investigators don't believe Mr. Liang is part of a wider insider-trading ring, said a person familiar with the matter. But agency officials are checking to see if other FDA employees have been abusing market-moving information.

The FDA said Tuesday it is aware of the insider-trading charges. "The agency is cooperating fully with the authorities, and will review the situation and take any appropriate action," its written statement read.

Neither the Liangs nor their attorneys could be reached for comment.

The Justice Department said Mr. Liang's position at the FDA gave him access to the agency's password-protected tracking system used to manage drug applications and drug-safety issues. That allowed Mr. Liang to review documents as they passed through the FDA approval process.

Mr. Liang's last completed transaction in the alleged insider-trading scheme involved Clinical Data Inc., which received FDA approval in January for the antidepressant Viibryd.

According to court documents, officials with the Department of Health and Human Services' inspector general's office installed software on Mr. Liang's work computer that collected screen shots showing how he accessed the tracking system to follow Viibryd matters, including a document recommending approval of the drug.

Over several days, Mr. Liang bought more than 46,000 shares that he sold for a $380,000 profit after the drug was approved, the government alleged.

  —Jean Eaglesham contributed to this article.

**Write to** Brent Kendall at brent.kendall@dowjones.com and Alicia Mundy at alicia.mundy@wsj.com

Copyright 2011 Dow Jones & Company, Inc. All Rights Reserved

This copy is for your personal, non-commercial use only. Distribution and use of this material are governed by our Subscriber Agreement and by copyright law. For non-personal use or to order multiple copies, please contact Dow Jones Reprints at 1-800-843-0008 or visit www.djreprints.com



# AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO

**John Gage**
National President

**J. David Cox, Sr.**
National Secretary-Treasurer

**Andrea E. Brooks**
National Vice President for
Women and Fair Practices

*2009 - 00 779*

7d/260497

March 17, 2009

Freedom of Information Act Request
Office of General Counsel
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
telephone number: (202) 326-2013
fax number: (202) 326-2477
e-mail address: foia@ftc.gov

FEDERAL TRADE COMMISSION
RECEIVED

MAR 3 1 2009

GENERAL COUNSEL

Sir/Madam:

Re: FOIA Request

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (hereinafter "FOIA") Joe Goldberg (hereinafter the "Requestor") hereby requests that he be provided with the following information in the possession of your federal agency (hereinafter the "Agency"). The Requestor is a citizen of the United States and requests the information sought for non-commercial reasons. The Requestor hereby requests that the information and documents herein demanded be provided to the Requestor within thirty (30) days of the date of this communication.

The Request is as follows:

1. A list, containing position titles (not individual names) and position locations of civilian employees employed by the Agency who the Agency has designated as "exempt" from the Fair Labor Standards Act (hereinafter "FLSA").

2. The list, as designated in #1, above, is limited to those Agency employees who are (or at any time during the period designated by #3, below) members of a collective bargaining unit (hereinafter "CBU") of the American Federation of Government Employees (hereinafter "AFGE") recognized as the exclusive representative for any group of employees of the Agency (hereinafter referred to as "Designated Positions")

3. The information, as designated in #1 and #2, above, is limited to the time period of March 16, 2006, through the date of the production by the Agency to the Requestor of the information sought by this request (hereinafter referred to as the "Production Date") for the Designated Positions during any period of time from March 16, 2006, through the Production Date.

4.  The Requestor further requests a copy of the Position Description (hereinafter referred to as the "PD") as well as any predecessor PD's (going back to March 16, 1999) of any Designated Position referred to in #1-3, above.  This request is limited to the dates March 16, 2006, through the Production Date (except as to the predecessor PDs).

5.  The Requestor further requests a copy of the Agency's employee evaluation plan (including critical performance elements) for each Designated Position as well as any predecessor evaluation plan (with critical performance elements) of any Designated Employees referred to in #1-3, above.  This request is limited to the dates March 16, 2006, through the Production Date (with the exception of the predecessor employee evaluation plans which shall be provided from March 16, 1999, through the Production Date).

6.  The information, as designated in #1-5, above, may be furnished in either hard (paper copy) or in a digital format readable by either Microsoft Excel © or Microsoft Word ©. A key shall be provided by the Agency to allow the information received to be interpreted unless the information, as provided, is clearly self-explanatory.  The Agency shall certify that the information and documents provided in response to this Request are true and accurate copies of the information and/or documents they purport to be.

Should the Agency claim that any of the information sought is privileged or not subject to disclosure, the Agency shall provide all of the information sought that it does not claim is prevented from disclosure.  The Agency shall specifically identify any information it seeks to withhold from disclosure and identify, with specificity, the grounds for the withholding of the specific information that it is withholding from disclosure.

As to the information in #1-6 the Requestor hereby requests that any fees anticipated by the Agency pursuant to 5 U.S.C. § 552(a)(4)(A) be waived, as the production of the information requested is in the public interest.  The proper payment of federal employees under the FLSA is required, as a matter of law (5 U.S.C.§ 207) and citizen review of the federal governments compliance with law is in the public interest and of interest to the general public. The information sought will be used for non-commercial purposes.

The information shall be provided to the Requestor at the address listed below:

Joe Goldberg
10th Flr.
80 F St. N.W.
Washington, D.C. 20001

The contact information for the Requestor is, telephone number 202/639-6425 and email at goldbj@afge.org.

I look forward to a timely acknowledgement of this FOIA request and the Agency's timely response.

Sincerely,

Joe Goldberg
Assistant General Counsel

*2009-00473*

SENT VIA EMAIL



WORLD **PRIVACY** FORUM

2033 San Elijo Avenue #402
Cardiff by the Sea, CA 92007

Freedom of Information Act Request
Office of General Counsel
Attention: Caitlin Tobin
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580

Re: Freedom of Information Act Request;
Information on consumer complaints
regarding "medical identity theft"

January 22, 2008

Dear Ms. Tobin:

This letter constitutes a request under the Freedom of Information Act ("FOIA"), 5
U.S.C. § 552, and is submitted on behalf of the World Privacy Forum. We are interested
in aggregate information from the FTC's Consumer Sentinel database relating to medical
identity theft.

The keywords that may be helpful in acquiring these complaints are:

- "medical identity theft"
- "medical id theft"
- "insurance theft"
- "medical record theft"
- "medical identity fraud"
- "medical id fraud"

Here is the aggregate information we are requesting:

- The total aggregate number of all complaints relating to medical identity theft that the FTC has recorded up until and including December 31, 2008.
- The start and end years the information related to medical identity theft spans. For example, date of first complaint the FTC has recorded to the date of the most recent complaint.
- The aggregate number of complaints recorded for medical identity theft by year from the first year complaints were recorded to the present year. For example, in 2000, there were X number of total complaints, in 2001, there were X number of total complaints, and so on.
- The aggregate number of complaints recorded for medical identity theft by state.
- If it is possible to see an aggregate number of complaints recorded for medical identity theft by city, we request that information.
- If it is possible to see an aggregate number of complaints recorded by year and state, we request that information.

We seek a waiver of all fees for processing this request. In order to help determine the fees for processing our request, the FTC should know that the World Privacy Forum is 501(c)(3) nonprofit educational and research organization that advocates on behalf of consumer privacy. We regularly disseminate information to the public concerning these issues, and our IRS exempt purposes include our work as a non-profit news organization. Disclosure of the requested information to our organization is in the public interest because it is likely to contribute significantly to public understanding of the number and nature of complaints about medical identity theft and is not primarily in our commercial interest. If you have any questions about this request or need to discuss it further, please call Pam Dixon at 760-436-2489, or email her at pdixon@worldprivacyforum.org. Thank you for your consideration of our request and for your help.

Respectfully submitted,

Pam Dixon
Executive Director
World Privacy Forum
2033 San Elijo Avenue #402
Cardiff by the Sea, CA 92007
www.worldprivacyforum.org

*2009 - 01004*



# PUBLIC.RESOURCE.ORG ~ A Nonprofit Corporation

## Open Source America's Operating System
### "It's Not Just A Good Idea—It's The Law!"

FEDERAL TRADE COMMISSION
RECEIVED

MAY 2 6 2009                                     May 20, 2009

LEGAL COUNSEL

Federal Trade Commission
Joan Fina
FOIA/PA Officer
6th Street and Pennsylvania Avenue, N.W.
Washington, D.C. 20580

Dear Ms. Fina:

This is a request under the Freedom of Information Act, 5 U.S.C. § 552. I am trying to determine how much money the Federal Trade Commission is spending on access to federal court documents and other primary legal materials. Specifically, I am requesting copies of:

- Any memoranda or budgetary documents that detail the total amount actually spent or the amount budgeted to be spent by the Federal Trade Commission to access the PACER system run by the Administrative Office of the Courts. I am interested in how much was spent or was budgeted to be spent in the period from 2000 to the present, as well as budget items for future fiscal periods.

- Any agreements, contracts, or memoranda of understanding between the Federal Trade Commission and the Administrative Office of the Courts governing access to the PACER system by Federal Trade Commission staff.

- Any memoranda or other documents from Federal Trade Commission management to Federal Trade Commission lawyers asking them to curtail, limit, or otherwise ration their use of the PACER system due to cost considerations.

- Any contracts, memoranda, or budgetary materials detailing the specific agreements and amount of money spent by the Federal Trade Commission with commercial legal information providers such as Thomson WestLaw or the ReedElsiveir LexisNexis service. While I understand such commercial legal information providers have more than just federal data, documents pertaining to the amount spent or budgeted, contracts, and memoranda relating to curtailing use because of cost are all relevant to this inquiry.

## Request for News Media Fee Status

Public.Resource.Org asks that we not be charged search or review fees for this request because we qualify as a "representative of the news media" pursuant to the FOIA and 28 C.F.R. § 16.11(b)(6).

Public.Resource.Org, Inc. is a 501(c)(3) public charity chartered to create public works projects on the internet with a particular focus on making government information

1005 GRAVENSTEIN HIGHWAY NORTH, SEBASTOPOL, CALIFORNIA 95472 • PH: (707) 827-7290 • FX: (707) 829-0104

more broadly available without fee to any and all users. Public.Resource.Org has been certified as a "news media" requester for the purposes of obtaining and publishing high-resolution video from the United States Congress Recording Studio and we are engaged in a Joint Venture with the National Technical Information Service ("NTIS") under Agreement No. NTIS–1832 to assist in more broadly disseminating materials from NTIS onto the Internet.  Documents from this current FOIA request will be promptly published, joining over 32.4 million pages of U.S. government documents we have made available on the Internet.

Due to our extensive publication activities, Public.Resource.Org is a "representative of the news media" under the FOIA and agency regulations.  As such, this request is subject only to duplication fees after the fFederal Trade Commission 100 pages. However, all duplication fees should be waived, as discussed below, because disclosure of the information requested above is in the public interest.

## Request for a Public Interest Fee Waiver

Public.Resource.Org is entitled to a waiver of duplication fees because disclosure of the requested information is in the public interest within the meaning of 5 U.S.C. § 552(a)(4)(a)(iii) and 28 C.F.R. § 16.11(k).  To determine whether a request meets this standard, agencies determine whether "[d]isclosure of the requested information is likely to contribute significantly to public understanding of the operations or activities of the government," and whether such disclosure "is not primarily in the commercial interest of the requester." 28 C.F.R. §§ 16.11(k)(i), (ii).  This request clearly satisfies these criteria.

FFederal Trade Commission, this request concerns "the operations or activities of the government." 28 C.F.R. § 16.11(k)(2)(i).  The agency's access to legal research materials produced by the government constitutes government operations or activities.

Second, disclosure of the requested information will "contribute to an understanding of government operations or activities." 28 C.F.R. § 16.11(k)(2)(ii) (internal quotation marks omitted). Public.Resource.Org has requested information that will publicly reveal the nature and contents of the access to primary legal materials.

Third, the requested material will "contribute to public understanding" of limitations of access to legal materials.  28 C.F.R. § 16.11(k)(2)(iii) (internal quotation marks omitted). This information will contribute not only to Public.Resource.Org's understanding of access to primary legal materials by government lawyers, but to he understanding of a broad audience of persons interested in the subject, since Public.Resource.Org will make the records available to the public at no cost.

Fourth, the disclosure will "contribute significantly" to the public's knowledge and understanding of how much government spends to access public domain materials. 28 C.F.R. § 16.11(k)(2)(iv) (internal quotation marks omitted).  Disclosure of the requested information will permit the public to access the requested records for free.

Furthermore, a fee waiver is appropriate here because Public.Resource.Org has no commercial interest in the disclosure of the requested records.  28 C.F.R. § 16.11(k)(3). Public.Resource.Org is a 501(c)(3) nonprofit organizations and will derive no commercial benefit from the information at issue here.

Thank you for your consideration of this request.  If you have any questions or concerns, please do not hesitate to contact me at (707) 827-7290.  As the FOIA

FOIA Request, Page 3

provides, I will anticipate a determination on this request from your office within 20 working days.

Respectfully yours,

Carl Malamud
President & CEO
Public.Resource.Org

FEDERAL TRADE COMMISSION
RECEIVED                           *FOIA-2012-00097*

NOV. 1 2011        Jon M. Taylor, MBA, Ph.D., President
                                    291 E. 1850 South, Bountiful, UT 84010
**CONSUMER**   LEGAL COUNSEL        Telephone (801) 298-2425
                                    E-mail: jonmtaylor@juno.com
                                    Web site: www.mlm-thetruth.com

# AWARENESS

# INSTITUTE Research, education, and advocacy for consumers

October 26, 2011

Freedom of Information Act Request, Office of General Counsel
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580

## RE: Request for Records Relating to Business Opportunity Rule

Dear Sir/Madam:

Pursuant to the Freedom of Information Act we request the following documents and information concerning the proposed Business Opportunity Rule:

### Request No. 1

All contact information for all persons who submitted comments to the Notice of Proposed Rulemaking, 71 FR 19056 (April 12, 2006), that is, the public comments for #178 FTC Matter No.: R511993, currently posted at  http://www.ftc.gov/os/comments/businessopprule/index.shtm.

### Request No. 2

All documents concerning any and all analyses, surveys or compilations of data concerning the persons who submitted comments to the Notice of Proposed Rulemaking, 71 FR 19056 (April 12, 2006), that is, the public comments for #178 FTC Matter No.: R511993, currently posted at http://www.ftc.gov/os/comments/businessopprule/index.shtm.  Excluded from this request are all documents which are accessible on the Commission's internet web site.

In making these requests I am acting on behalf of myself and as agent for the following persons:

- Jon M. Taylor, MBA, Ph.D., President, Consumer Awareness Institute, author – *The Network Marketing Game* and *The Case for and against Multi-level Marketing(MLM)*, and operator of the web site www.MLM-thetruth.com,
- Robert Fitzpatrick, Robert L. Fitzpatrick, President, Pyramid Scheme Alert, author – *False Profits* and operator of the web site www.pyramidschemealert.org,
- Stephen Barrett, M.D., publisher of Consumer Health Digest, sponsor of anti-quackery websites and the web site www.mlmwatch.org,
- Bruce Craig, former Assistant Attorney General, State of Wisconsin – litigated landmark cases against Koscot Interplanetary, Amway, and other MLM companies ,
- Douglas M. Brooks, Martland & Brooks, LLP, attorney, franchise, distribution and consumer protection litigation, including cases involving MLM firms, and
- Eric Scheibeler, former federal auditor, author – *Merchants of Deception*

{00026472.DOCX ; 1}

*Request for Records Relating to Business Opportunity Rule, page 2*

**Request for Waiver of Fees**

As with our prior request dated June 7, 2011, the purpose of this FOIA request is to learn – and then explain to the public – how and why the multi-level marketing industry (sometimes referred to as the "direct selling industry") was exempted from the Commission's pending Business Opportunity Rule (the "Rule"). All of the persons identified as making this FOIA request have submitted comments to the Commission concerning the Rule, some of which have been quite extensive. None of us have received any compensation from any source regarding any aspect of our participation in the regulatory process. All of us have been acting as unpaid consumer advocates who are interested in protecting consumers from what we believe is an industry where fraud and deception are endemic.

The original version of the Rule – as set forth in the April 12, 2006 Notice of Proposed Rulemaking, 71 Fed.Reg. at 19054 ("NPR") – was expressly drafted to encompass multi-level marketing ("MLM"). The NPR provided ample justification for regulation of the MLM industry based on thousands of consumer complaints and many millions of dollars in documented consumer losses. (NPR, 71 Fed.Reg. at 19061). Indeed, several of the consumer advocates who have submitted comments in the rulemaking proceeding – and who are among those making this FOIA request - demonstrated the existence of substantial consumer losses caused by the MLM industry.

Two years later, despite the urgent need for consumer protection against deceptive MLM schemes, the Commission issued a Revised Notice of Proposed Rulemaking which would exempt the MLM industry from the Rule. *See* March 26, 2008 Revised Notice of Proposed Rulemaking ("RNPR"), 73 Fed.Reg. at 16110. It is our belief that the Commission's dramatic change in position was caused by a sophisticated, multi-pronged lobbying effort by the MLM industry. As the Commission itself noted, one of the prongs of this effort involved soliciting thousands of MLM "distributors" to submit comments opposing the proposed rule following a "template" drafted by the Direct Selling Association ("DSA") or its members. *See* 73 FR 16,113, nn. 35 & 36.

The purpose of this FOIA request is to enable us to fully understand all of the factors that led to the Commission's change in position and to present and explain those factors to the general public. In particular, we plan to interview or survey MLM distributors who submitted "template" or other comments in opposition to the proposed Rule to determine how they were solicited, what disclosures were made to them by the DSA or its members concerning the purpose of the Rule, and whether they still oppose regulation of the MLM industry. Based on informal interviews which I have conducted of persons who submitted comments opposing the rule, we anticipate that the vast majority of such persons lost money from their experience with MLM and are no longer actively recruiting new members, some will deny that they submitted any comment to the Commission, and many would now support a regulation requiring pre-sale disclosures by MLM promoters as provided in the original version of the Business Opportunity Rule.

**The Requesters Have the Ability to Disseminate the Requested Information**

A review of the free, publicly accessible websites that we operate demonstrates that we individually and collectively have the ability to disseminate information to the general public.

Dr. Taylor is the president of Consumer Awareness Institute (CAI), a Utah non-profit corporation which operates a free, publicly accessible web site, www.MLM-thetruth.com. CAI's site

*Request for Records Relating to Business Opportunity Rule, page 3*

receives approximately 100,000 unique visitors a year, an average of 4.2 pages viewed per visit, and an average visit of greater than four minutes (with many visitors spending over an hour on the site). Approximately one fourth of these visitors are referred from one or more of 1,322 web sites, and about half are from search engines. Visitors to the site can download lengthy PDF documents, such as Dr. Taylor's free e-book, *THE CASE (FOR AND) AGAINST MULTI-LEVEL MARKETING: The complete guide for countering the effects of endless chain opportunity recruitment schemes – or product-based pyramid schemes. See* http://www.mlm-thetruth.com/legal/ebook. As of the date of this letter, a Google search for "MLM" includes CAI's web site as the eighth site listed on the first page of 113,000,000 results.

Robert Fitzpatrick serves as the president of Pyramid Scheme Alert, a North Carolina non-profit corporation which operates the free, publicly accessible web site www.pyramidschemealert.org (PSA). In the last two years, PSA received 142,068 Absolute Unique Visitors from 190 countries. Visitors to the web site have free access to numerous articles and reports on MLM topics, e.g., http://pyramidschemealert.org/category/pyramid-scheme/mlm-scheme/; other reports are available for a modest fee. As of the date of this letter, a Google search for "Pyramid Scheme" includes PSA's web site as the sixth site listed on the first page of about 2.62 million results.

Stephen Barrett, M.D., a retired psychiatrist, operates 25 consumer web sites, including www.MLMwatch.org, with a combined total of over one million home-page hits per year. He also publishes a free weekly email newsletter to over 11,500 subscribers. His main web site, www.quackwatch.org, has a Google PageRank of 7, which is the highest PageRank of any individually operated health-related site. Dr. Barrett is also vice-president of the Institute for Science in Medicine, a nonprofit educational group. As of the date of this letter, a Google search for "MLM" includes MLMwatch.org as the fourth site listed on the first page of 113,000,000 results.

The requesters clearly have the ability to disseminate the information produced in response to their FOIA request to the general public.

## The FOIA Request is Not Primarily in Our Private Interest

None of the requesters hope to obtain any private or commercial benefit from this FOIA request. All of the requesters have spent considerable amounts of their own time and incurred unreimbursed expenses in participating in the regulatory process regarding the Rule. Their submissions are part of the public record and can be viewed at the Commission's web site. *See* http://www.ftc.gov/os/publiccomments.shtm (Items #178, #243, #278, #291 and #358). Their analysis and publication of the results of this FOIA request will clearly, in the language of the statute, "contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii). The fee waiver is in the public interest as this FOIA request will contribute significantly to the public's understanding of the Federal Trade Commission's rule-making process, including the influence of industry and trade groups on the rule-making process in general, and upon the proposed Business Opportunity Rule in particular.

*Request for Records Relating to Business Opportunity Rule, page 4*

As noted above, Dr. Taylor, Robert Fitzpatrick and Dr. Barrett operate free consumer web sites and do not have any expectation of receiving any private or commercial benefit from this request. Bruce Craig, former Assistant Attorney General for the State of Wisconsin, is currently legal classified as an emeritus attorney in the State of New York, and has undertaken only volunteer legal work since 2001. Douglas M. Brooks, an attorney in the Commonwealth of Massachusetts, is semi-retired, has not accepted any new for-profit clients in over two years and his primary activities consist of pro bono work for non-profits like CAI and PSA, as well as his uncompensated submissions to the Commission concerning the Rule. Eric Scheibeler is a former Federal auditor and formerly published the ebook <u>Merchants of Deception</u> about his experiences in Amway, the world's largest MLM. Mr. Scheibeler has closed his web site and does not anticipate any commercial benefit from this FOIA request.

As consumer advocates, we have donated many years of time and expertise to educate and warn consumers against unfair, deceptive, and injurious practices in the marketplace by the MLM and Direct Selling Industry. None of us have any commercial interest in this matter. In fact we have incurred - and expect to incur - substantial uncompensated time and unreimbursed expenses in the course of our participation in the regulatory process, including this FOIA request.

The materials we are requesting will further our goals of consumer education and protection, and we intend to publish them, or representative portions of them, on some or all of the above-referenced web sites. Release of these materials is in the public interest as it will contribute significantly to the public's understanding of the Federal Trade Commission's rule-making process, including the influence of industry and trade groups on the rule-making process in general, and upon the proposed Business Opportunity Rule in particular. We have no commercial purpose in making this request. We are therefore requesting a waiver of fees incurred in responding to this request.

We expect a timely response to this request which complies with FOIA guidelines as posted on the FTC web site. It appears from a careful review that none of the nine FOIA exemptions listed on the FOIA page of the FTC web site applies to this request.

I, Jon M. Taylor, am acting as agent for the above-listed group and am coordinating this request and the processing of information you provide in your response. If you need to discuss this with me, I can be reached at (801) 298-2425, or at (801) 671-1870. Please respond to the address below. Thank you in advance for your prompt consideration of our request.

Sincerely,

Jon M. Taylor, MBA, Ph.D., President, Consumer Awareness institute
291 E. 1850 South, Bountiful, UT 84010

FTC FOIA-2012-00227

POLITICO FOIA request

## 2009 - 01269

**Krouse, Troy**

| | |
|---|---|
| **From:** | Ken Vogel [kvogel@politico.com] |
| **Posted At:** | Tuesday, July 28, 2009 2:17 PM |
| **Conversation:** | POLITICO FOIA request |
| **Posted To:** | FOIA |
| **Subject:** | POLITICO FOIA request |

FEDERAL TRADE COMMISSION
RECEIVED

*L 2 9 2009

FOIA BRANCH
GENERAL COUNSEL

To Whom It May Concern

This is a request under the Freedom of Information Act (5 U.S.C. § 552).

I request that a copy of the following documents be provided to me:

1 - Copies of all Federal Trade Commission correspondence - including but not limited to emails, notes, letters and phone messages - received from or sent to employees or officials of the following media organizations in 2009:
-ABC News
-CBS News
-CNN
-Fox News
-National Public Radio
-NBC News (including MSNBC and CNBC)
-POLITICO
-ProPublica
-The Chicago Sun Times
-The Chicago Tribune
-The Huffington Post
-The Los Angeles Times
-The New York Times
-The Washington Post
-The Washington Times
-TPM Muckraker

The correspondence should include, but not be limited to, questions sent by employees or officials of the media organizations and the corresponding responses; requests for information made under the Freedom of Information Act and the corresponding responses; invitations (including to social events as well as requests for officials to appear on broadcasts or otherwise be interview) and the corresponding responses, and social correspondence.

2 - All correspondence sent or received in 2009 by employees of the Federal Trade Commission that mentions by name or affiliation specific employees or officials of the above listed media organizations, including but not limited to emails, notes, letters and phone messages sent between employees of the Federal Trade Commission, or received from or sent to the White House or other agencies of the United States Federal Government.

I am a reporter for POLITICO - a newspaper publishing five days per week and website updated 24 hours a day, seven days a week - and this request is made as part of news gathering. I request expedited processing of this request because it concerns a matter of urgency: public trust in government.

If my request is denied in whole or part, I ask that you justify all deletions by reference to specific exemptions of the Act. Please release all segregable portions of otherwise exempt material.

Please let me know if there is anything I can do to make this request easier or faster to process. As I am making this request as a journalist and this information is of timely value, I would appreciate your communicating with me by telephone (703.647.7985) or email (kvogel@politico.com) if you have questions regarding this request.

Sincerely,

Ken

7/28/2009

POLITICO FOIA request

---
Kenneth P. Vogel
POLITICO
1100 Wilson Blvd., 6th floor
Arlington, VA 22209

www.politico.com

7/28/2009

FW: POLITICO FOIA request

## Krouse, Troy

| | |
|---|---|
| **From:** | Ken Vogel [kvogel@politico.com] |
| **Posted At:** | Saturday, August 01, 2009 11:30 AM |
| **Conversation:** | POLITICO FOIA request |
| **Posted To:** | FOIA |
| **Subject:** | FW: POLITICO FOIA request |

To Whom It May Concern:

This is to inform you that I would like to narrow my Freedom of Information Act request for correspondence with or about specific media outlets (below), with the goal of making it less burdensome and easier to process.

1 – Instead of copies of all correspondence received from or sent to the Federal Trade Commission in 2009 from the media outlets listed in my original request, I am requesting only copies of correspondence sent in 2009 to the Commissioners' offices and main communications/press/public affairs office from the outlets that fits into one of the following categories:
a.) invitations by employees or officials at the media outlets listed in my original request to Federal Trade Commissioners to appear at conferences, meetings or other events sponsored, organized or hosted wholly or partly by the media outlets and follow-up correspondence from the media outlets.
b.) requests by employees or officials at the media outlets listed in my original request to interview Federal Trade Commissioners and follow-up correspondence from the media outlets.
2 – I am also requesting copies of all responses to the invitations and requests detailed above, as well as copies of all correspondence sent or received by employees of the Federal Trade Commission mentioning the specific invitations and requests listed above, including, emails, notes and letters sent between employees of the Federal Trade Commission, or received from or sent to the White House press office.
3 – Instead of copies of all Freedom of Information Act requests sent in 2009 by the media outlets in my original request, and copies of the responses to those Freedom of Information Act requests, I am requesting only copies of logs or reports of Freedom of Information Act requests maintained by the Federal Trade Commission for calendar year 2009.
4 – I would like to add the Wall Street Journal to the list of media outlets in my original request.

Please let me know if this amendment makes my request easier to process or, if not, what I can do to make it easier to process. I can be reached by telephone (703.647.7985) or email (kvogel@politico.com).

I am still requesting both expedited processing and fee waivers because I am a reporter engaged in writing a story that concerns a matter of urgency: public confidence in the government's dissemination of information.

Thank you for your patience.

Sincerely,
Ken

---
Kenneth P. Vogel
Politico
703.647.7985
www.politico.com

-----Original Message-----
From: Ken Vogel
Sent: Tue 7/28/2009 2:16 PM
To: foia@ftc.gov
Subject: POLITICO FOIA request

To Whom It May Concern

8/4/2009

2009-00308

FEDERAL TRADE COMMISSION
RECEIVED

DEC 0 8 2008

OFFICE OF THE
GENERAL COUNSEL

**ABC News  20/20**                                                              abc

Freedom of Information Act Request
Office of General Counsel
Federal Trade Commission
600 Pennsylvania Avenue, N.W.                                    4 December 2008
Washington, D.C. 20580

Dear Sir/Madam:

This is a request under the Freedom of Information Act. I request any information relating to the
following companies (they are all work at-home job opportunities)

     Passport to Wealth

     Crazy Fox (www.crazyfox200.com)

     Dani Johnson

     Intertop

And for the following I'm only requesting information the FTC received *after 9/25/00 until present*

     Process at Home

     Process from Home

     E.S. Easyway Services, Inc also listed as Easyway, Inc.

     Penbrook Productions also listed as A. Penbrook Productions

     Angela Penbrook

     Angel Stevens

     Universal Research, Inc.

In order to help determine fees, you should know that I'm a journalist who works for ABC News. I
request a waiver of all fees for this request. Disclosure of the requested information to me is in
the public interest because it is likely to contribute significantly to public understanding of
government activities in consumer protection.

If you need to discuss this request, I can be reached at (212) 456-1633. Please send the results
via Federal Express to the address below and use our account number for billing:  115 679 864.
Thank you for your consideration of my request.

Sincerely,

Ruth A. Roles

Associate Producer
ABC Newsmagazines
147 Columbus Avenue, 7th fl
New York, NY  10023
(212) 456-1633

ABC Television Network 147 Columbus Avenue  New York, NY 10023-5500  (212) 456-2020

FTC FOIA-2012-00227   2009-01227   PAGE 27/46
CREW

07/10/2009  13:48   2025885020

# CREW | citizens for responsibility and ethics in washington

July 10, 2009

FEDERAL TRADE COMMISSION
RECEIVED

JUL 1 3 2009

FOIA BRANCH
GENERAL COUNSEL

Freedom of Information Act Request
Office of General Counsel
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC 20580

**By facsimile (202-326-2477) and first-class mail**

Re: Freedom of Information Act Request

Dear Sir or Madam:

Citizens for Responsibility and Ethics in Washington ("CREW") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, audiotapes, videotapes, and photographs, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., and Federal Trade Commission ("FTC") FOIA Regulation 16 C.F.R. Part 4.

CREW seeks records related to complaints or investigations of "Next Day Service" plans offered by Dell Inc. ("Dell"), variously described as "Next Business Day On-Site Response Service," "Next Business Day Response Service," and "Next Business Day Warranty." Specifically, CREW seeks any complaints transmitted to the FTC about Dell's Next Day Service plans, and all records of investigations and inquiries conducted by the FTC regarding these plans. CREW also seeks records of any actions or decisions by the FTC regarding Dell's Next Day Service plans.

Please search for responsive records regardless of format, medium, or physical characteristics. We seek records of any kind, including electronic records, audiotapes, videotapes, photographs, and back-up tapes. Our request includes any telephone messages, voice mail messages, daily agenda and calendars, information about scheduled meetings and/or discussions, whether in-person or over the telephone, agendas for those meetings and/or discussions, participants included in those meetings and/or discussions, minutes of any such meetings and/or discussions, the topics discussed at those meetings and/or discussions, e-mail regarding meetings and/or discussions, e-mail or facsimiles sent as a result of those meetings and/or discussions, and transcripts and notes of any such meetings and/or discussions to the extent they relate to the aforementioned requested information.

If it is your position that any portion of the requested records is exempt from disclosure, CREW requests that you provide an index of those documents as required under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1972). As you are aware, a Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA."

07/10/2009  13:48     2025885020

Freedom of Information Act Request
July 10, 2009
Page 2

Founding Church of Scientology v. Bell, 603 F.2d 945, 959 (D.C. Cir. 1979).  Moreover, the Vaughn index must "describe each document or portion thereof withheld, and for **each** withholding it must discuss the consequences of supplying the sought-after-information." King v. United States Dep't of Justice, 830 F.2d 210, 223-24 (D.C. Cir. 1987) (emphasis added). Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'" Id. at 224, citing Mead Data Central v. United States Dep't of the Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977).

In the event some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records.  See 5 U.S.C. § 552(b) ("Any reasonably segregable portion of a records shall be provided to any person requesting such record after deletion of the portions which are exempt ..."); see also Schiller v. Nat'l Labor Relations Bd., 964 F.2d 1205, 1209 (D.C. Cir. 1992).  If it is your position that a document contains non-exempt segments, but those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt and how the material is dispersed throughout the documents.  Mead Data Central, 566 F.2d at 261.  Claims of non-segregability must be made with the same degree of detail as required for claims of exemption in a Vaughn index.  If a request is denied in whole or in part, please state specifically that it is not reasonable to segregate portions of the record for release.

## Public Interest Fee Waiver Request

In accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and FTC FOIA Regulation 16 C.F.R. § 4.8, CREW requests a waiver of fees associated with processing this request for records.  The subject of this request concerns the operations of the federal government and the disclosures likely will contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way.  Moreover, the request is primarily and fundamentally for non-commercial purposes.  5 U.S.C. § 552(a)(4)(A)(iii).  See, e.g., McClellan Ecological v. Carlucci, 835 F.2d 1282, 1285 (9th Cir. 1987).

This subject is of particular importance to the public in light of numerous complaints by individuals and state law enforcement officials that Dell did not provide next day service in spite of its representations.  These complaints recently resulted in a settlement agreement between Dell and 34 state attorneys general regarding broad allegations that Dell and its subsidiaries engaged in deceptive warranty and financing practices.  See, e.g., Jessica Mintz, Dell Settles With States Over Financing Claims, Associated Press, Jan. 12, 2009 (attached as Exhibit A); Cara Baruzzi, Dell To Pay 34 States $3.35M, New Haven Register, Jan. 13, 2009 (attached as Exhibit B).  Under the agreement Dell may not represent to consumers that it provides next day

FTC FOIA-2012-00227
CREW
PAGE   04/25
07/10/2009   13:48     2025885020

Freedom of Information Act Request
July 10, 2009
Page 3

or similar service unless service actually is provided within that time, and must provide $1.5 million in restitution to customers. See Assurance of Voluntary Compliance ¶ 22 (attached as Exhibit C). Furthermore, in a lawsuit brought by New York's Attorney General based on similar allegations, a court ruled last year that Dell engaged in "misleading and deceptive business practices" by failing to provide promised next day on site service. New York v. Dell, Inc., 21 Misc. 3d 1110(A), 2008 WL 4531525, at *12 (N.Y. Sup. Ct. May 23, 2008) (unpublished) (opinion attached as Exhibit D). Instead, the court found, service frequently was not provided until months after the initial complaint. Id. at *6, 12. The court enjoined Dell from using the terms "'next day service' or similar," unless service actually is provided within the time frame claimed in a majority of cases. Id. at * 13. As with the settlement with the attorneys general, the news media extensively reported on this decision. See, e.g., Michael Virtanen, NY Judge Says Dell Inc. Misled Customers, Associated Press, May 27, 2008 (attached as Exhibit E).

    CREW expects the FTC may well have received similar complaints regarding Dell's Next Day Service plans, and is aware of the legal actions described above. The records requested are likely to contribute significantly to the public's understanding of the complaints regarding Dell, and the federal government's response to this widespread problem.

    CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the right of citizens to be aware of the activities of government officials and to ensuring the integrity of those officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the government decision-making process. The release of information garnered through this request is not in CREW's financial interest. CREW will analyze the information responsive to this request, and likely will share its analysis with the public, either through memoranda, reports or press releases. CREW has an established record of carrying out these types of activities, as evidenced through its website, www.citizensforethics.org. Currently, the CREW website contains links to thousands of pages of documents acquired from multiple FOIA requests. See http://citizensforethics.org/activities/foia.php. Visitors to CREW's website can peruse the FOIA request letters, the responses from government agencies, and a growing number of documents responding to FOIA requests. CREW's virtual reading room provides around-the-clock access to anyone willing to learn about the government activities that were the focus of CREW's FOIA requests. The CREW website also includes documents relating to CREW's FOIA litigation, Internal Revenue Service complaints, and Federal Election Commission complaints.

    Under these circumstances, CREW satisfies fully the criteria for a fee waiver.

07/10/2009  13:48      2025885020                                                              CREW

Freedom of Information Act Request
July 10, 2009
Page 4

## News Media Fee Waiver Request

CREW also asks that it not be charged search or review fees for this request because CREW qualifies as a "representative of the news media" pursuant to the FOIA and FTC FOIA Regulation 16 C.F.R. § 4.8. In National Security Archive v. U.S. Department of Defense, 880 F.2d 1381, 1386 (D.C. Cir. 1989), the Court of Appeals for the District of Columbia Circuit found the National Security Archive was a representative of the news media under the FOIA. The court noted the legislative history of the FOIA indicated the phrase "representative of the news media" was to be interpreted broadly, and cited the legislative history recognizing: "It is critical that the phrase 'representative of the news media' be broadly interpreted if the act is to work as expected. . . . In fact, *any person or organization which regularly publishes or disseminates information to the public . . . should qualify for waivers as a 'representative of the news media.'"* 132 Cong.Rec. S14298 (daily ed. Sept. 30, 1986) (emphasis added). Id.

CREW routinely and systematically disseminates information to the public in several ways. First, CREW maintains a frequently visited web site, www.citizensforethics.org, that received 114,015 visits in May 2009. The website reports the latest developments and contains in-depth information about a variety of activities of government agencies and officials.

Second, since May 2007 CREW has published an online newsletter, *CREWCuts*, that currently has 13,912 subscribers. *CREWCuts* provides subscribers with regular updates regarding CREW's activities and information the organization has received from government entities. A complete archive of past *CREWCuts* is available at http://www.citizensforethics.org/newsletter.

Third, CREW publishes a blog, *Citizens blogging for responsibility and ethics in Washington,* that reports on and analyzes newsworthy developments regarding government ethics and corruption. The blog, located at http://www.citiznesforethics.org/blog, also provides links that direct readers to other news articles and commentary on these issues. CREW's blog had 2,280 hits in May.

Finally, CREW has published numerous reports to educate the public about government ethics and corruption. Examples include: *The Revolving Door,* a comprehensive look into the post-government activities of 24 former members of President Bush's cabinet; *2008 Top Ten Ethics Scandals; 2008 Most Embarrassing Re-Elected Members of Congress; 2008 Most Corrupt Members of Congress; and Those Who Dared: 30 Officials Who Stood Up For Our Country.* These and all other CREW's reports are available at http://www.citizensforethics.org/reports.

Based on these extensive publication activities, CREW qualifies for a fee waiver as a "representative of the news media" under the FOIA and agency regulations.

07/10/2009   13:48    2025885020

Freedom of Information Act Request
July 10, 2009
Page 5

### Conclusion

Please respond to this request in writing within 20 days as requested under 5 U.S.C. §552(a)(6)(A)(I). If all of the requested documents are not available within that time period, CREW requests that you provide it with all requested documents or portions of documents that are available within that time period.

If you have any questions about this request or foresee problems in releasing fully the requested records within the 20-day period, please call me within that time period. I can be reached at (202) 408-5565. Also, if CREW's request for a fee waiver is not granted in full, please contact me immediately upon making such a determination. Please send the requested documents to Adam J. Rappaport, Citizens for Responsibility and Ethics in Washington, 1400 Eye Street, N.W., Suite 450, Washington, D.C. 20005.

Thank you for your attention to this matter.

Sincerely,

Adam J. Rappaport
Senior Counsel
Citizens for Responsibility and Ethics in Washington

Enclosures

2010 - 00529



# Marin Institute
### alcohol industry

March 3, 2010

FEDERAL TRADE COMMISSION
RECEIVED

MAR 1 0 2010

GENERAL COUNSEL

Freedom of Information Act Request
Office of General Counsel
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580

**FOIA REQUEST - Fee waiver requested**

Dear FOIA Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, I request access to and copies of:

- Memorandum of Understanding between the Federal Trade Commission (FTC) and any other government agencies, including but not limited to the Department of Treasury Alcohol and Tobacco Tax and Trade Bureau, regarding the "We Don't Serve Teens" campaign.

- Memoranda of Understanding between FTC and each group, organization, agency, partner, and other public or private body regarding the "We Don't Serve Teens" campaign, dating back to the campaign's launch in fall of 2006, including those relating to its creation/formulation which was likely during 2005/2006, up to the present day.

- Documents describing the original formation of the "We Don't Serve Teens" Coalition, which was likely during 2005/2006, and any documents pertaining to any changes to the campaign that may have occurred, up to the present day.

- Documents describing the responsibilities of the groups, organizations, agencies, partners, and other public or private bodies participating in the "We Don't Serve Teens" campaign dating back to before the campaign's launch in fall of 2006, including those relating to its creation/formation, which was likely during 2005/2006 up to the present day.

- Documents describing the standards that a group, organization, agency, partner, or other public or private body must meet to be included in the list of partners listed at http://www.dontserveteens.gov/about.html dating back to before the campaign's launch in fall of 2006, including those relating to its creation/formation, which was likely during 2005/2006, up to the present day.

(continued)

24 Belvedere Street  |  San Rafael, California 94901-4817  |  P: 415-456-5692  |  F: 415-456-0491

**marininstitute.org**

- Documents describing the coordination between FTC and the Century Council and any other industry members to distribute "WDST PSAs across the nation, on billboards, radio, and television, and in magazines and newspapers" before the launch of the WDST campaign in Fall 2007, as referenced in: "Self-Regulation in the Alcohol Industry: Report of the Federal Trade Commission."

- All communications between the FTC and each of the groups, organizations, agencies, partners, and other public or private bodies participating in WDST, including letters, e-mails, agreements, memoranda regarding the campaign dating back to before the campaign's launch in fall of 2006, including those relating to its creation/formulation which was likely during 2005/2006, up to the present day.

Please waive any applicable fees. Release of the information is in the public interest because it will contribute significantly to public understanding of government operations and activities. This information will contribute to the public's understanding of how the government works in collaboration with the alcohol industry, which can potentially undermine the government's ability to restrict the alcohol industry's harmful trade practices and deceptive marketing campaigns.

If my request is denied in whole or part, I ask that you justify all deletions by reference to specific exemptions of the act. I will also expect you to release all segregable portions of otherwise exempt material. I, of course, reserve the right to appeal your decision to withhold any information or to deny a waiver of fees.

I look forward to your reply within 20 business days, as the statute requires.

Thank you for your assistance.


Sincerely,

Michele Simon
Research and Policy Director
Marin Institute


CC: David Vladeck, director, Bureau of Consumer Protection, Federal Trade Commission
      Janet Evans, senior attorney, Bureau of Consumer Protection, Federal Trade Commission



2010 - 00667

April 21, 2010

Joaquin Sapien
ProPublica
One Exchange Plaza
55 Broadway
23rd Floor
New York, NY 10006
917-512-0226

FEDERAL TRADE COMMISSION
RECEIVED

APR 2 1 2010

FOIA BRANCH
GENERAL COUNSEL

Aaron Kessler
Sarasota Herald-Tribune
1741 Main Street Sarasota, FL 34236
941-361-4873

To:

Freedom of Information Act Request
Office of General Counsel
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580

Re: **FOIA REQUEST - Fee waiver requested**

Dear FOIA Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, *ProPublica* and the *Sarasota Herald-Tribune* request copies of the following:

Any and all records from any office of the Federal Trade Commission dating from January 1, 2008, to the present that mention or relate to problematic drywall (whether manufactured domestically or in China), also known as gypsum board, wallboard, plasterboard or sheetrock.

We are particularly interested in any and all documents and records produced, sent, or received by any FTC employee, and all correspondence or communications sent to or received by any FTC employee, including e-mails, letters, memos, instant messages, text messages or any communications in any other medium. We also seek all databases and any paper records maintained by the FTC related to complaints about or investigations of faulty or ineffective remedies for Chinese drywall problems.

This request should also be understood to include all materials sent to the FTC by any company associated with the use of Chinese-manufactured drywall or suspected of such an association, including

but not limited to builders, manufacturers, suppliers, importers, exporters, shippers, general contractors and subcontractors. Additionally, all documents, records and correspondence of any kind between any FTC employee and any representative of the Chinese government, including but not limited to Chinese regulatory authorities, are to be included.

Please search for responsive records regardless of format, medium, or physical characteristics. We seek records of any kind, including electronic records, audiotapes, videotapes, photographs, and back-up tapes. Our request includes any telephone messages, voice mail messages, daily agenda and calendars, information about scheduled meetings and/or discussions, whether in-person or over the telephone, agendas for those meetings and/or discussions, participants included in those meetings and/or discussions, minutes of any such meetings and/or discussions, the topics discussed at those meetings and/or discussions, e-mail regarding meetings and/or discussions, e-mail or facsimiles sent as a result of those meetings and/or discussions, and transcripts and notes of any such meetings and/or discussions to the extent they relate to the aforementioned requested information.

We request a waiver of fees for processing this request, because release of the requested information is in the public interest. If your agency does determine that we should be charged for any part of this request, please contact me before any searches reach an estimated cost of $500.

We'd prefer to receive the bulk of this information in electronic format, if available. If not, as representatives of the news media we are only required to pay for the direct cost of duplication after the first 100 pages. Through this request, we are gathering information on communications of current interest to the public because that will contribute to the historical record. This information is being sought on behalf of *ProPublica* and the *Sarasota Herald Tribune* for a collaborative news article that will be widely disseminated to the general public. Please waive any applicable fees, given my status as a member of the news media.

If our request is denied in whole or part, we ask that you justify all deletions by reference to specific exemptions of the act. We will also expect you to release all segregable portions of otherwise exempt material. We, of course, reserve the right to appeal your decision to withhold any information or to deny a waiver of fees.

As we are making these requests as journalists and this information is of timely value, we would appreciate your communicating with either of us by telephone or email at: Joaquin.Sapien@ProPublica.org or Aaron.Kessler@heraldtribune.com if you have questions regarding this request.

I look forward to your reply within 20 business days, as the statute requires.

Thank you for your assistance.

Sincerely,

Joaquin Sapien

Aaron Kessler

One Exchange Plaza 23rd Floor New York, New York 10006
212-514-5250 propublica.org

FTC FOIA-2012-00227                                                              36

*FOIA 2011 - 00022*

FEDERAL TRADE COMMISSION
RECEIVED

OCT 06 2010

FOIA BRANCH
GENERAL COUNSEL

Jim Giles
New Scientist
201 Mission Street, 26th Floor
San Francisco
CA 94105

Cell: 415 894 0032

September 21, 2010

Joan Fina
Assistant General Counsel
Federal Trade Commission
Washington, D.C. 20580

## FOIA REQUEST
### Fee benefit requested

Dear FOIA Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, I request access to and copies of the 25 Subpoenas, Civil Investigative Demands, Enforcement Actions and Consent Agreements listed in the Federal Trade Commission's response to FOIA-2010-00848.

In addition, I request access to and copies of the responses to the Subpoenas, Civil Investigative Demands, Enforcement Actions and Consent Agreements, as well as documents that summarize the cases in which the Subpoenas, Civil Investigative Demands, Enforcement Actions and Consent Agreements were issued.

I understand that some of these cases may be ongoing and that documents relating to these cases may be exempt from FOIA requests. If so, I would like to limit my request to the Subpoenas, Civil Investigative Demands, Enforcement Actions and Consent Agreements issued in connections with cases that are now closed.

I agree to pay reasonable duplication fees for the processing of this request in an amount not to exceed $200. However, please notify me prior to your incurring any expenses in excess of that amount.

As a representative of the news media I am only required to pay for the direct cost of duplication after the first 100 pages. Through this request, I am gathering information on government access to the personal data held by web service providers. This information is of current interest to the public because users of these services are entitled to know how their personal data can be accessed by third parties. This information is being sought on behalf of *New Scientist* magazine for dissemination to the general public.

Please waive any applicable fees. Release of the information is in the public interest because it will contribute significantly to public understanding of government operations and activities.

If my request is denied in whole or part, I ask that you justify all deletions by reference to specific

exemptions of the act. I will also expect you to release all segregable portions of otherwise exempt material. I, of course, reserve the right to appeal your decision to withhold any information or to deny a waiver of fees.

Please provide expedited processing of this request, which concerns a matter of urgency. As a journalist, I am primarily engaged in disseminating information. The public has an urgent need for information about government access to data held by internet companies because the Federal Trade Commission is currently consulting on consumer data and privacy. I certify that my statements concerning the need for expedited processing are true and correct to the best of my knowledge and belief.

I would appreciate your communicating with me by telephone or email, rather than by mail, if you have questions regarding this request. I can be reached on 415 893 0032 and at jg@jimgiles.net.

I look forward to your reply within 20 business days, as the statute requires.

Thank you for your assistance.

Sincerely,

Jim Giles

FOIA 2011-00223

**Electronic Frontier Foundation**
Protecting Rights and Promoting Freedom on the Electronic Frontier

November 23, 2010

**VIA FACSIMILE** — (202) 326-2477
**VIA EMAIL** —FOIA@ftc.gov

FEDERAL TRADE COMMISSION
RECEIVED

NOV 2 4 2010

FOIA BRANCH
GENERAL COUNSEL

Office of General Counsel
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580

RE:   Freedom of Information Act Request and
      Request for Expedited Processing

Dear Sir or Madam:

This letter constitutes an expedited request under the Freedom of Information Act
(FOIA), 5 U.S.C. § 552, and is submitted to the Federal Trade Commission (FTC) on
behalf of the Electronic Frontier Foundation (EFF). We make this request as part of
EFF's FOIA Litigation for Accountable Government (FLAG) Project, which works to
obtain government documents and make them widely available to the public.

On September 27, 2010 the *New York Times* reported that officials from several federal
agencies have been meeting with White House officials to develop proposed statutory
language and regulations to "require all services that enable communications —
including encrypted e-mail transmitters like BlackBerry, social networking Web sites like
Facebook and software that allows direct 'peer to peer' messaging like Skype — to be
technically capable of complying if served with a wiretap order." Charlie Savage, *U.S.
Tries to Make It Easier to Wiretap the Internet*, New York Times (Sept. 27, 2010).[1] *See
also* Glenn Greenwald, *The Obama Administration's War on Privacy*, Salon.com (Sept.
27, 2010);[2] Kit Eaton, *What a Wiretappable Internet Could Mean for Facebook, Apple,
Google, and You*, Fast Company (Sept. 27, 2010);[3] Lolita C. Baldor, *Report: US Would
Make Internet Wiretaps Easier*, Washington Post (Sept. 27, 2010);[4] Ellen Nakashima,
*Administration Seeks Ways to Monitor Internet Communications*, Washington Post (Sept.

---

[1] http://www.nytimes.com/2010/09/27/us/27wiretap.html.
[2] http://www.salon.com/news/opinion/glenn_greenwald/2010/09/27/privacy/index.html.
[3] http://www.fastcompany.com/1691505/wiretap-emails-facebook-apple-google.
[4] http://www.washingtonpost.com/wp-
dyn/content/article/2010/09/27/AR2010092700719.html.

454 Shotwell Street • San Francisco, CA 94110 USA
☎ +1 415 436 9333   📠 +1 415 436 9993   ● www.eff.org   ✉ jlynch@eff.org

27, 2010);[5] PBS News Hour, *Proposal Could Expand Government's Web Wiretapping Efforts* (Sept. 27, 2010).[6]

On October 19, the *Times* followed up its earlier article with an article specifically linking the need for greater surveillance powers with an update to the Communications Assistance to Law Enforcement Act (CALEA). *See* Charlie Savage, "Officials Push to Bolster Law on Wiretapping," *NY Times* (Oct 19, 2010).[7] In the second article, the *Times* noted that the "Obama administration task force" working on changing the law included officials from the Commerce Department. *Id.*

On November 16, the *Times* published its third article on the subject, describing federal agency efforts to meet with companies in Silicon Valley to discuss the "proposal to make it easier to wiretap Internet users." *Charlie Savage*, "F.B.I. Seeks Wider Wiretap Law for Web," *N.Y. Times* (Nov. 16, 2010).[8] In this article, the *Times* noted the Commerce Department has "questioned whether [proposed changes to the law] would inhibit innovation, as well as whether repressive regimes might harness the same capabilities to identify political dissidents." *Id.*

We hereby request all agency records created on or after January 1, 2006 (including, but not limited to, electronic records) discussing, concerning, or reflecting:

1. any communications or discussions with the operators of communications systems or networks, or with equipment manufacturers and vendors, concerning development and needs related to electronic communications surveillance-enabling technology;

2. any communications or discussions with foreign government representatives or trade groups about trade restrictions or import or export controls related to electronic communications surveillance-enabling technology;

3. any briefings, discussions, or other exchanges between FTC officials and members of the Senate or House of Representatives or their staff concerning implementing a requirement for electronic communications surveillance-enabling technology, including, but not limited to, proposed amendments to the Communications Assistance to Law Enforcement Act (CALEA).

---

[5] http://www.washingtonpost.com/wp-dyn/content/article/2010/09/27/AR2010092703244.html.
[6] http://www.pbs.org/newshour/bb/government_programs/july-dec10/wiretap_09-27.html.
[7] https://www.nytimes.com/2010/10/19/us/19wiretap.html.
[8] https://www.nytimes.com/2010/11/17/technology/17wiretap.html

### Request for Expedited Processing

This request warrants expedited processing because it pertains to information about which there is an "urgency to inform the public concerning an actual or alleged Federal Government activity," and it is "made by a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(i)(II). The information we request easily satisfies this standard.

The federal government activity involved here—the proposed introduction of legislation that would impose new technical requirements on communications providers—raises significant issues concerning potential government intrusions into personal affairs, particularly those involving private communications and activities. The *New York Times* article notes that the Obama administration plans to submit the "sweeping new regulations for the Internet . . . next year." Savage, *U.S. Tries to Make It Easier to Wiretap the Internet*, New York Times (Sept. 27, 2010). When Congress begins the process of considering the Obama administration's request for new legislation, its deliberations will constitute the latest chapter in a public debate over anti-terrorism powers, which has been ongoing since late 2001. The information we request will help the public and Congress fully participate in that ongoing debate over whether to increase—or restrict—the investigative authority of the federal government. Delay in processing this FOIA request could inhibit the public's ability to fully analyze and debate the full implications of the legislation prior to its proposal before Congress.

Notably, the need for expeditious disclosure of information concerning Executive branch requests for greater anti-terrorism authorities is not a matter of first impression. In *ACLU v. Dep't of Justice*, 321 F. Supp. 2d 24 (D.D.C. 2004), the court held that impending congressional consideration of expiring PATRIOT Act provisions created a "compelling" need for information concerning the FBI's use of its investigative authorities. As such, the court ordered expedited processing of a FOIA request seeking that information. Similarly, in two cases involving FOIA requests to the Office of the Director of National Intelligence, the court found irreparable harm exists where Congress is considering legislation that would amend a surveillance statute (in these cases, FISA) "and the records may enable the public to participate meaningfully in the debate over such pending legislation." *Elec. Frontier Found. v. Office of the Dir. of Nat'l Intelligence*, 542 F. Supp. 2d 1181, 1187 (N.D. Cal. 2008)(citing *Elec. Frontier Found. v. Office of the Dir. of Nat'l Intelligence*, 2007 U.S. Dist. LEXIS 89585 (Nov. 27, 2007)). Even though the court could not "predict the timing of passage of the legislation" the court granted expedited processing, holding "that delayed disclosure of the requested materials may cause irreparable harm to a vested constitutional interest in 'the uninhibited, robust, and wide-open debate about matters of public importance that secures an informed citizenry.'" *Id.* (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964)). Likewise, there is an urgency to inform the public about the information we seek here. Therefore, this request clearly meets the standard for expedited processing set forth the FOIA.

Further, as I explain below in support of our request for "news media" treatment, EFF is "primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(i)(II). Indeed, other agencies have granted previous EFF requests for expedited processing under the federal regulations and have explicitly acknowledged that the organization is "primarily engaged in disseminating information." *See* Letter to David Sobel of EFF, dated October 21, 2009 (attached).

## Request for News Media Fee Status

EFF asks that it not be charged search or review fees for this request because EFF qualifies as a "representative of the news media" pursuant to the FOIA and 16 C.F.R. § 4.8(b)(2). In requesting this classification, we note that the Department of Homeland Security (DHS) has recognized that EFF qualifies as a "news media" requester based upon the publication activities set forth below (*see* DHS stipulation attached). In addition, the NSA has previously determined that EFF is not only a "news media requester," but also "primarily engaged in disseminating information" for purposes of expedited processing (*see* attached NSA response to prior EFF FOIA request, in which EFF requested expedited processing because it sought information "urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity," and NSA granted the request).

EFF is a non-profit public interest organization that works "to protect and enhance our core civil liberties in the digital age."[9] One of EFF's primary objectives is "to educate the press, policymakers and the general public about online civil liberties."[10] To accomplish this goal, EFF routinely and systematically disseminates information in several ways.

First, EFF maintains a frequently visited web site, http://www.eff.org, which received 43,403,630 hits in June 2007 — an average of 60,282 per hour. The web site reports the latest developments and contains in-depth information about a variety of civil liberties and intellectual property issues. EFF posts documents received in response to its FOIA requests here, along with accompanying analysis and commentary. *See* https://www.eff.org/issues/foia.

EFF has regularly published an online newsletter, the EFFector, since 1990. The EFFector currently has more than 77,000 subscribers. A complete archive of past EFFectors is available at http://www.eff.org/effector/.

---

[9] Guidestar Basic Report, Electronic Frontier Foundation, http://www.guidestar.org/pqShowGs Report.do?npoId=561625 (last visited July 10, 2007).
[10] *Id.*

Furthermore, EFF publishes a blog that highlights the latest news from around the Internet. DeepLinks (http://www.eff.org/deeplinks/) reports and analyzes newsworthy developments in technology. It also provides miniLinks, which direct readers to other news articles and commentary on these issues.

In addition to reporting hi-tech developments, EFF staff members have presented research and in-depth analysis on technology issues in no fewer than eighteen white papers published since 2002. These papers, available at http://www.eff.org/wp/, provide information and commentary on such diverse issues as electronic voting, free speech, privacy and intellectual property.

EFF has also published several books to educate the public about technology and civil liberties issues. *Everybody's Guide to the Internet* (MIT Press 1994), first published electronically as *The Big Dummy's Guide to the Internet* in 1993, was translated into several languages, and is still sold by Powell's Books (http://www.powells.com). EFF also produced *Protecting Yourself Online: The Definitive Resource on Safety, Freedom & Privacy in Cyberspace* (HarperEdge 1998), a "comprehensive guide to self-protection in the electronic frontier," which can be purchased via Amazon.com (http://www.amazon.com). Finally, *Cracking DES: Secrets of Encryption Research, Wiretap Politics & Chip Design* (O'Reilly 1998) revealed technical details on encryption security to the public. The book is available online at http://cryptome.org/cracking-des.htm and for sale at Amazon.com.

EFF also broadcasts podcasts of interviews with EFF staff and outside experts. *Line Noise* is a five-minute audio broadcast on EFF's current work, pending legislation, and technology-related issues. A listing of *Line Noise* podcasts is available at feed://www.eff.org/rss/linenoisemp3.xml and feed://www.eff.org/rss/linenoiseogg.xml.

Due to these extensive publication activities, EFF is a "representative of the news media" under the FOIA and agency regulations.

## Request for a Public Interest Fee Waiver

EFF is entitled to a waiver of duplication fees because disclosure of the requested information is in the public interest within the meaning of 5 U.S.C. § 552(a)(4)(A)(iii) and 16 C.F.R. § 4.8(e). To determine whether a request meets this standard, the FTC decides whether "[d]isclosure of the requested information is likely to contribute significantly to public understanding of the operations or activities of the government," and whether such disclosure "is not primarily in the commercial interest of the requester." 16 C.F.R. § 4.8(e)(1). This request clearly satisfies these criteria.

First, the FTC's participation in a discussion to expand electronic communications surveillance capabilities concerns "the operations or activities of the Federal government." 16 C.F.R. § 4.8(e)(2)(i)(A).

5

Second, disclosure of the requested information will "contribute to an understanding of these operations or activities." 16 C.F.R. § 4.8(e)(2)(i)(B). EFF has requested information that will shed light on the nature of law enforcement's Internet surveillance technology, federal agencies' discussions with communications providers, and the reasons behind law enforcement's stated need for updated electronic communications surveillance capabilities.

Third, the requested material will contribute to "the understanding of the public at large" of the FTC's involvement and role in proposals to expand law enforcement surveillance capabilities. 16 C.F.R. § 4.8(e)(2)(i)(C). This information will contribute not only to EFF's understanding of law enforcement's surveillance activity and the role the Commerce Department plays in supporting that activity, but to the understanding of a reasonably broad audience of persons interested in the subject. EFF will make the information it obtains under the FOIA available to the public and the media through its web site and newsletter, which highlight developments concerning privacy and civil liberties issues, and/or other channels discussed more fully above.

Fourth, the disclosure will "contribute significantly" to the public's knowledge and understanding of the technical requirements necessary for implementing new communications surveillance. 16 C.F.R. § 4.8(e)(2)(i)(D). Disclosure of the requested information will help inform the public about the law enforcement's need for expanded surveillance capabilities, the potential costs of implementing those capabilities, as well as contribute to the public debate about whether and how proposed technological changes should be employed. The ability of law enforcement agencies to monitor new forms of electronic communications technology has important implications for the American public in the digital age. Law enforcement's ability to counter criminal threats and fulfill its duty to protect the American public, the consequent risk and potential for abuse due to such monitoring, and the possible economic and technological effect new regulations could have upon burgeoning technologies are all an important part of the public debate. Further, the role United States commerce plays in shaping that debate is important information for the American public.

Furthermore, a fee waiver is appropriate here because EFF has no commercial interest in the disclosure of the requested records. 16 C.F.R. § 4.8(e)(2)(ii). EFF is a 501(c)(3) nonprofit organization, and will derive no commercial benefit from the information at issue here.

Thank you for your consideration of this request. If you have any questions or concerns, please do not hesitate to contact me at (415) 436-9333 x. 136 or jlynch@eff.org. As the FOIA and applicable regulations provide, I will anticipate a determination on our request for expedited processing within 10 calendar days and a determination with respect to the disclosure of requested records within 20 working days.

Sincerely,

Jennifer Lynch
Staff Attorney

Attachments

7

FOIA

 **ELECTRONIC FRONTIER FOUNDATION**

**454 Shotwell Street**
**San Francisco, CA 94110**
**+1 415 436 9333 x 117 (tel)**
**+1 415 436 9993 (fax)**

## FAX COVER SHEET

**DATE:  November 23, 2010**

**TO:** Federal Trade Commission

**Fax Number:** (202) 326-2477

**FROM:**  Jennifer Lynch, EFF

**RE:** *Freedom of Information Act Request*

**Pages sent including this page:**  13

**COMMENTS:**

**NOTICE**

This fax is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure.  If you are not the intended recipient or his or her agent, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and asked to please notify us immediately by telephone.  Thank you.

*PLEASE CALL (415) 436-9333 x 117 IF THERE IS A PROBLEM*

FOIA 2011-00255

November 30, 2010

**BY EMAIL AND TELEFAX TRANSMISSION;**
**HARD COPY TO FOLLOW BY U.S. MAIL**
Freedom of Information Act Request
Office of General Counsel
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Fax: (202) 326-2477
Email: FOIA@FTC.GOV

FEDERAL TRADE COMMISSION
RECEIVED

DEC 01 2010

FOIA BRANCH
GENERAL COUNSEL

Dear Sir/Madam:

On October 30, 2009, the Environmental Protection Agency ("EPA") issued its greenhouse gas reporting rule ("Reporting Rule") pursuant to a congressional mandate included in the Fiscal Year 2008 Consolidated Appropriations Act. *See* Mandatory Reporting of Greenhouse Gases, 40 C.F.R. Part 98 (2009); Pub. L. No. 106-11, 121 Stat. 1844, 2128 (Dec. 26, 2007), and reaffirmed in a subsequent appropriations act, Omnibus Appropriations Act of 2009, Pub. L. No. 110-161 (Mar. 11, 2009). The Reporting Rule requires certain industries to report greenhouse gas emissions data. *See* 40 C.F.R. Part 98 (2009).

On September 30, 2010, the Federal Trade Commission ("FTC") submitted comments to the EPA concerning confidentiality determinations for the mandatory reporting of greenhouse gas data, stating that "the FTC recommends that the EPA treat data that is an input to emission equations as confidential" and "delay publication of any reported data concerning plant or unit capacity or future operating status until after reporting companies receive sufficient time to apply for confidential treatment." *Comment of the Federal Trade Commission* (Sept. 30, 2010).

The FTC carries out vital work in protecting consumers. However, the FTC's September 30, 2010 comments to the EPA were far-reaching in recommending non-disclosure of information under the nation's congressionally mandated greenhouse gas emissions inventory and reporting program, a program essential to strengthen public access to information about harmful airborne contaminants. To better understand the basis for FTC's broad non-disclosure recommendation, we respectfully request all records under the federal Freedom of Information Act ("FOIA") related to the FTC's September 30, 2010 comments to the EPA regarding the EPA's Reporting Rule including but not limited to any communications or information between the FTC and any third party. Please provide the requested documents as soon as possible, but in no event later than 20 working days from the date of this letter. 5 U.S.C. § 552(6)(a)(i).

EDF is a non-partisan, non-profit, tax-exempt organization that provides information and advocacy on environmental issues to a wide range of community organizations, environmental groups and interested persons. We do not charge fees for these activities, and we are not seeking this requested information for any commercial purpose. This request will contribute to a greater public understanding of key air pollution issues of considerable public interest. 5 U.S.C. § 552(4)(a)(iii). Accordingly, we respectfully request that the documents be furnished without charge. 5 U.S.C. § 552(4)(a)(iii); *16 C.F.R. § 4.8(e)*.

For ease of administration and to conserve resources, we will accept documents produced in a readily accessible electronic format. In the event EDF's request for a fee waiver is denied and the cost exceeds $200.00, or if you have any questions about this request, please contact me immediately by telephone at (303) 447-7217 or by email at rmoreno@edf.org.

Respectfully submitted,

Robert Moreno
Legal Fellow
Environmental Defense Fund
2334 North Broadway Avenue
Boulder, CO 80304

FTC FOIA-2012-00227   02/24/2010                48

2553798  mico

2010-00471

(b)(6)

(b)(6)

New York, NY

(b)(6)

February 13, 2010

Federal Trade Commission
Consumer Response Center
600 Pennsylvania Avenue, NW
Washington, DC 20580

**FOIA REQUEST**

**Fee waiver requested**

**Expedited processing requested**

**RECEIVED**

FEB 1 9 2010

**FTC CRC**

FEDERAL TRADE COMMISSION
RECEIVED

FEB 2 5 2010    LS

FOIA BRANCH
GENERAL COUNSEL

Dear FOIA Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, I request access to
and copies of all complaints made to the FTC against Consumer Recovery Associates
(CRA), a debt collection firm based at 2697 International Parkway, Suite 4-270, Virginia
Beach, VA 23452. Complaints would normally have been made by American citizens
who may have been harassed or abused by CRA and it is likely that the FTC would have
handled some of those complaints.

Likewise I would appreciate access to and copies of any other documents concerning
(CRA) that the FTC has directly on hand or in back catalog.

I would like to receive the information in the following format: CD-ROM.

Please waive any applicable fees. Release of the information is in the public interest
because it will contribute significantly to public understanding of government operations
and activities as far as debt collection is concerned and how any complaints on alleged
illegal collection activities are handled. This information will be integrated in video
documentary form in a manner that is understandable by the mass population. The
documentary will screen at festivals, be available in full on DVD video and will be
exhibited online free of charge in "installments" via various websites like YouTube and
Vimeo.

If my request is denied in whole or part, I ask that you justify all deletions by reference to
specific exemptions of the act. I will also expect you to release all segregable portions of
otherwise exempt material. I, of course, reserve the right to appeal your decision to
withhold any information or to deny a waiver of fees.

As I am making this request as a journalist and this information is of timely value, I would appreciate your communicating with me by telephone, rather than by mail, if you have questions regarding this request.

Please provide expedited processing of this request which concerns a matter of urgency. As a journalist/documentary filmmaker, I am primarily engaged in disseminating information. The public has an urgent need for information about debt collection practices in America because of increasing complaints of harassment by debtors and alleged debtors. With the growing debt in America, the companies profiled in this documentary are more and more able to get away with illegal debt collection tactics without having complaints made against them taken seriously. I certify that my statements concerning the need for expedited processing are true and correct to the best of my knowledge and belief.

I look forward to your reply within 20 business days, as the statute requires.

Thank you for your assistance.

(b)(6)

Sincerely,

(b)(6)

2010-00976



FEDERAL TRADE COMMISSION
RECEIVED

JUL 1 2 2010

FOIA BRANCH
GENERAL COUNSEL

Freedom of Information Request
Office of General Counsel
Federal Trade Commission
600 Pennsylvania Ave NW
Washington DC 20580

via e-mail on 7/12/2010
foia@ftc.gov
sending copy via Fedex

Dear Sir or Madam:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. 552, I request access to and copies of all communications to and from Google, Microsoft and/or Facebook related in any way to the technologist positions in the Bureau of Consumer Protection Division of Privacy and Identity Protection of the Federal Trade Commission.

Please justify each deletion separately by reference to specific exemptions of the Act, and release all reasonably segregable portions of otherwise exempt material. I, of course, reserve the right to appeal any decisions.

Include all materials generated up to the date of the final response, and do not limit the request to only material generated prior to the date of the request.

Include information contained in the material that otherwise would be considered non-responsive to the specific request. Please exercise your discretion if the information can be considered technically exempt. Please send me documentation of any similar requests.

I will only modify this request in writing, not via telephone.

Notify me prior to incurring more than $150 of expenses. The information I seek is intended for publication that, as the fee waiver requires, is "likely to contribute significantly to public understanding of the operations or activities of the government." Consumer Watchdog is a 501(C) (3) non-profit consumer advocacy organization that does not engage in, and does not have any, commercial activities or interests. I ask that you waive all fees.

I look forward to your reply within 20 business days, as the statute requires. Please confirm receipt of this request.

Thanks for your assistance.

John M. Simpson
john@consumerwatchdog.org
310-392-7014

1750 Ocean Park Boulevard, #200
Santa Monica, CA 90405-4938
Tel: 310-392-0522 • Fax: 310-392-8874

EXPOSE. CONFRONT. CHANGE.

www.ConsumerWatchdog.org

413 E. Capitol St., SE, First Floor
Washington, D.C. 20003
Tel: 202-629-3064 • Fax: 202-629-3066

51

2010-00212

**WHITTIER LAW SCHOOL**
Faculty Offices

FEDERAL TRADE COMMISSION
RECEIVED

NOV 25 2009

GENERAL COUNSEL

November 19 2009

Freedom of Information Act Request
Office of General Counsel
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580

FOIA REQUEST
        Fee benefit requested
        Fee waiver requested

Dear FOI Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, I request access to:

(1) Ten highest fines—listing. A listing or summary of the ten (10) highest dollar value civil or criminal fines, penalties or other monetary sanctions imposed by the Federal Trade Commission between the years 2000 and 2008, inclusive. This listing or summary must include, but is not limited to, for each of those ten fines:
- a detailed explanation of why this file, penalty or monetary sanction was imposed;
- the initial fine, penalty or monetary sanction imposed;
- any different negotiated settlement or other modification to the fine, penalty or sanction;
- for any negotiated settlement or modification, the reason the Federal Trade Commission agreed to a settlement or modification;
- the total amount that has actually been paid to date; and
- whether the Federal Trade Commission still considers any amount to still be outstanding and/or recoverable and, if so, that amount.

(2) Ten highest *corporate* fines—listing. A listing or summary of the ten (10) highest dollar value civil or criminal fines, penalties or other monetary sanctions imposed against corporations or other types of companies by the Federal Trade Commission between the years 2000 and 2008, inclusive. This listing or summary must include, but is not limited to, for each of those ten fines:
- a detailed explanation of why this file, penalty or monetary sanction was imposed;
- the initial fine, penalty or monetary sanction imposed;

1

*In service of justice and enterprise* SM

3333 Harbor Boulevard • Costa Mesa, CA 92626–1501
Tel. 714.444.4141 • Fax 714.444.1854

- any different negotiated settlement or other modification to the fine, penalty or sanction;
- for any negotiated settlement or modification, the reason the Federal Trade Commission agreed to a settlement or modification;
- the total amount that has actually been paid to date; and
- whether the Federal Trade Commission still considers any amount to still be outstanding and/or recoverable and, if so, that amount.

(3) Ten highest fines—related documentation. Copies of all records, reports and other information about the ten (10) highest dollar value civil or criminal fines, penalties or other monetary sanctions imposed by the Federal Trade Commission between the years 2000 and 2008, inclusive.

(4) Ten highest _corporate_ fines—related documentation. Copies of all records, reports and other information about the ten (10) highest dollar value civil or criminal fines, penalties or other monetary sanctions imposed against corporations or other types of companies by the Federal Trade Commission between the years 2000 and 2008, inclusive.

(5) Fines from 2000 to 2008—listing. A listing or summary of the total number and amount of civil or criminal fines, penalties, or other monetary sanctions that were (1) imposed by the Federal Trade Commission, and (2) collected by the Federal Trade Commission, between 2000 and 2008, inclusive.

(6) _Corporate_ fines from 2000 to 2008—listing. A listing or summary of the total number and amount of civil or criminal fines, penalties, or other monetary sanctions that were (1) imposed by the Federal Trade Commission against corporations or other companies, and (2) collected from corporations or other companies by the Federal Trade Commission, between 2000 and 2008, inclusive.

(7) Fines from 2000 to 2008—related documentation. Copies of all records, reports and other information that would reflect or summarize the total number and amount of civil or criminal fines, penalties, or other monetary sanctions that were (1) imposed by the Federal Trade Commission, and (2) collected by the Federal Trade Commission, between 2000 and 2008, inclusive.

(8) _Corporate_ fines from 2000 to 2008—related documentation. Copies of all records, reports and other information that would reflect or summarize the total number and amount of civil or criminal fines, penalties, or other monetary sanctions that were (1) imposed by the Federal Trade Commission against corporations or other companies, and (2) collected by the Federal Trade Commission from corporations or other companies, between 2000 and 2008, inclusive.

For purposes of these requests:

Fines, penalties or other monetary sanctions are "imposed" when: either the Federal Trade Commission, or some other person or entity (including but not limited to courts, judges, administrative courts or administrative judges) at the request or motion of the Federal Trade Commission, determines that a fine, penalty or other monetary sanction must be paid by a person or entity.

I am a law professor at Whittier Law School who is seeking this information for the purposes of developing a legal scholarship article regarding the processes by which the federal government collects fines, penalties and other monetary sanctions. Thus, this request qualifies as one being made by an "educational . . . institution, whose purpose is scholarly or scientific research" under 5 U.S.C. § 552(a)(4)(A)(i)(II). As such, any fees shall be limited to "reasonable standard charged for document duplication."

Moreover, I intend to make the resulting article available to other academic institutions and members of the general public, including, but not limited to, through media such as the Social Science Research Network. This material is of current interest to the public because it explains how the federal government is currently managing this particular aspect of revenue collection. Therefore, pursuant to 5 U.S.C. § 552(a)(4)(A)(iii), I am eligible for a waiver of the limited fees otherwise authorized under 5 U.S.C. § 552(a)(4)(A)(i)(II).

Accordingly, please waive any applicable fees. Release of the information is in the public interest because it will contribute significantly to public understanding of government operations and activities.

If this request is denied in whole or part, I ask that you justify all deletions by reference to specific exemptions of the act. I will also expect you to release all segregable portions of otherwise exempt material. I, of course, reserve the right to appeal your decision to withhold any information or to deny a fee waiver.

Because I am making this request as a law professor seeking to publish the resulting article in an academic journal and/or database, and this information is of timely value, I would appreciate your communicating with me by telephone or email, rather than by mail, if you have questions regarding this request.

I look forward to your reply within 20 business days, as the statute requires.

Thank you for your assistance.

Sincerely,

Martin H. Pritikin
Associate Professor of Law and
Director, Institute of Trial and Appellate Practice
Whittier Law School
3333 Harbor Blvd.
Costa Mesa, CA 92626
(714) 444-4141 ext. 239 (phone)
(714) 444-1854 (fax)

3

FTC FOIA-2012-00227                                                         54

FOIA 2011-00115

**Better Business Bureau**
*Serving Minnesota & North Dakota*

2706 Gannon Road
Saint Paul, Minnesota  55116

T: (651) 699-1111 F: (651) 699-7665
www.thefirstbbb.org

BBB.
Start With Trust

                                                    FEDERAL TRADE COMMISSION
                                                             RECEIVED

                                                           OCT 27 2010

                                                        LEGAL COUNSEL

October 22, 2010

Freedom of Information Act Request
Office of General Counsel
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580

Dear Sir/Madam:

This is a request under the Freedom of Information Act

I request that a copy of the following document(s) be provided to me: records of consumer complaints against the following magazine subscription service companies, as well as records that show the relative numbers of complaints received by other companies in the same industry.  In other words, lists or rankings of magazine subscription service companies in terms of the numbers of complaints received by the FTC, for the past two year period, specifically:

    (a)  Viking Magazine Service, Inc.  9201 East Bloomington Freeway, Suite F, Bloomington, MN 55420-3413
    (b)  Great American Readers, Post Office Box 20051, Minneapolis, MN 55420-0051
    (c)  Blue Whale Publications, 6426 NW 5th Way, Fort Lauderdale, FL 33309
    (d)  Reading America, Post Office Box 201758, Minneapolis, MN 55420-6758
    (e)  Readers Club Home Office, 1185 Concord Street North, Suite 228, South St. Paul, MN 55075-1157

In order to help determine fees, you should know that I am the President and CEO of the Better Business Bureau of Minnesota and North Dakota, a non-profit organization dedicated to denouncing sub-standard marketplace behavior, to providing a forum for consumer complaints, and educating consumers on marketplace scams.  We are conducting an investigation into Viking Magazine Service, Inc. and several related subscription services for which we believe Viking either has an ownership interest or provides customer service.  The information you provide will be used in the public interest.

I request a waiver of all fees for this request.  Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in my commercial interest.  The Better Business Bureau shares a mission with the FTC and we cooperate regularly with your agency in these kinds of investigations.  The information sought here will be of great value to us in identifying and confirming the suspected business practices of Viking and its related companies.

If you need to discuss this request, I can be reached at 651-695-2464. Thank you for your consideration of my request.

Sincerely,

Dana B. Badgerow
President and CEO, Better Business Bureau Foundation

2011-00134

**Fairman, Matthew D.**

| | |
|---|---|
| **From:** | John Simpson [john@consumerwatchdog.org] |
| **Sent:** | Monday, November 01, 2010 4:34 PM |
| **To:** | FOIA |
| **Subject:** | Freedom of Information Request from Consumer Watchdog |
| **Attachments:** | FTCFOIA110110.pdf |

FEDERAL TRADE COMMISSION
RECEIVED

NOV 02 2010

FOIA BRANCH
GENERAL COUNSEL

FTCFOIA110110.pd
f (171 KB)

Dear Sir or Madam,

Attached as a PDF file, please find a Freedom of Information Act request
seeking all documents, memos communications, including emails, related to
the Bureau of Consumer Protection's inquiry into Google's gathering of
communications from private Wi-Fi networks.

Thank you for your assistance.

Sincerely,


John M. Simpson
Consumer advocate

Consumer Watchdog
Formerly The Foundation for Taxpayer and Consumer Rights
1750 Ocean Park Blvd., #200
Santa Monica, CA 90405-4920
Tel: 310-392-7041
cell: 310-292-1902
Fax: 310-392-8874
URLs: http://www.consumerwatchdog.org
         http://InsideGoogle.com
Facebook Fan Page: http://www.facebook.com/home.php#/consumerwatchdog

1

# Consumer Watchdog

Freedom of Information Request
Office of General Counsel
Federal Trade Commission
600 Pennsylvania Ave NW
Washington DC 20580

via e-mail on 11/1/2010
foia@ftc.gov
sending copy via U.S. Postal Service

Dear Sir or Madam:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. 552, I request access to and copies of all documents, memos and communications, including emails, relating to the Bureau of Consumer Protection Division of Privacy inquiry into Google's collection of consumer data transmitted over Wi-Fi networks.

Please justify each deletion separately by reference to specific exemptions of the Act, and release all reasonably segregable portions of otherwise exempt material. I reserve the right to appeal any decisions.

Please include all materials generated up to the date of the final response, and do not limit the request to only material generated prior to the date of the request.

Please include information contained in the material that otherwise would be considered non-responsive to the specific request. Please exercise your discretion if the information can be considered technically exempt. Please send me documentation of any similar requests.

Please notify me prior to incurring more than $150 of expenses. The information I seek is intended for publication that, as the fee waiver requires, is "likely to contribute significantly to public understanding of the operations or activities of the government." Consumer Watchdog is a 501(C) (3) non-profit consumer advocacy organization that does not engage in, and does not have any, commercial activities or interests. I ask that you waive all fees.

I look forward to your reply within 20 business days, as the statute requires. Please confirm receipt of this request.

Thank you for your assistance.

John M. Simpson
john@consumerwatchdog.org; Tel: 310-392-7014

EXPOSE. CONFRONT. CHANGE.

1750 Ocean Park Boulevard, #200
Santa Monica, CA 90405-4938
Tel: 310-392-0522 • Fax: 310-392-8874

www.ConsumerWatchdog.org

413 E. Capitol St., SE, First Floor
Washington, D.C. 20003
Tel: 202-629-3064 • Fax: 202-629-3066

FTC FOIA-2012-00227

11/03/2010   15:12      2024831248

ELECTRONIC PRIVACY INFORMATION CENTER

**2011-00140**

FEDERAL TRADE COMMISSION
RECEIVED

NOV 0 3 2010

FOIA BRANCH
GENERAL COUNSEL

# epic.org

November 3, 2010

Office of General Counsel
Attn: Freedom of Information Act Request
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Fax (202) 326-2477

1718 Connecticut Ave NW

Suite 200

Washington DC 20009

USA

+1 202 483 1140 (tel)

+1 202 483 1248 (fax)

www.epic.org

To FOIA Officer:

This letter constitutes a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and is submitted on behalf of the Electronic Privacy Information Center ("EPIC").

EPIC seeks all records in possession of the agency regarding the Federal Trade Commission's ("FTC") inquiry into Google Street View. EPIC also requests all communications between the FTC Chairman and former Google employees now working in the White House (including, but not limited to, Andrew McLaughlin), regarding the FTC's investigation of Google Cloud Computing services, Google Buzz, or Google Street View.

Background

*FTC Google Cloud Computing Services Inquiry*

In March 2009, EPIC filed a complaint with the FTC regarding Google's Cloud Computing services.[1] In that complaint, EPIC alleged that Google had failed to take appropriate steps to safeguard the privacy and security of Internet users and urged the Commission to open investigation.[2]

The FTC acknowledged receipt of the EPIC complaint regarding Cloud Computing services. In a letter to EPIC, the former Acting Director of the Bureau of Consumer Protection stated that the EPIC complaint "raises a number of concerns about the privacy and security of information collected from consumers online."[3] The letter further stated, "We particularly appreciate complaints regarding consumer privacy and data security, which is an area of priority and emphasis for the Chairman and the entire Commission."[4]

---

[1] *In the Matter of Google, Inc. and Cloud Computing Services,* Complaint and Request for Injunction, Request for Investigation and Other Relief, March 17, 2009, *available at* http://epic.org/privacy/cloudcomputing/google/ftc031709.pdf.
[2] *Id.*
[3] Letter from Eileen Harrington, Acting Director of the FTC Bureau of Consumer Protection, to EPIC (Mar. 18, 2009), *available at* http://epic.org/privacy/cloudcomputing/google/031809_ftc_ltr.pdf.
[4] *Id.*

EPIC FOIA Request                                      1                          FTC's "Investigations"
                                                                                  Concerning Google

FTC FOIA-2012-00227
EPIC

11/03/2010  15:12      2024831248                                        PAGE   58
                                                                               03

To date, the FTC has announced no formal action in this matter.

### *FTC Google Buzz Inquiry*

EPIC filed a complaint with the FTC in February 2010, asking the agency to investigate Google Buzz, the social networking service that made the private email contacts of G-mail users publicly accessible without consent.[5] EPIC's complaint cited clear harms to service subscribers, and alleged that the change in business practices "violated user expectations, diminished user privacy, contradicted Google's privacy policy, and may have violated federal wiretap laws."[6]

On February 26, 2010, David C. Vladeck, the Director of the FTC Bureau of Consumer Protection, acknowledged receipt of the EPIC complaint.[7] In a letter to EPIC, Mr. Vladeck stated, "The complaint raises a number of privacy concerns relating to Google's use of consumers' personal information in launching buzz."[8] Mr. Vladeck further stated, "The Commission staff carefully reviews all complaints that it receives. Your most recent complaint raises interesting issues that related to consumer expectations about the collection and use of their data."[9]

On March 25, 2010, ten Members of the House of Representatives also wrote to the Chairman of the Federal Trade Commission regarding Google Buzz and the EPIC complaint, and asked the Chairman to open an investigation.[10] The letter from the ten members of Congress stated as follows:

> The Electronic Privacy Information Center ("EPIC") has filed a complaint with the Commission alleging that Google Buzz violates federal privacy law. EPIC claims that Google "converted "the private, personal information of Gmail subscribers into public information" for use with Buzz. EPIC also claims that Google's use of consumer data is inconsistent with the company's privacy policy, that Google has engaged

---

[5] *In the Matter of Google Buzz*, Complaint, Request for Investigation, Injunction, and Other Relief, Feb. 16, 2010, *available at* http://epic.org/privacy/ftc/googlebuzz/GoogleBuzz_Complaint.pdf; *In the Matter of Google Buzz*, Supplemental Materials in Support of Pending Complaint and Request for Injunction, Request for Investigation and for Other Relief, *available at* http://epic.org/privacy/ftc/googlebuzz/Google_Buzz_Supp_Complaint.pdf.
[6] *Id.*
[7] Letter from David Vladeck, FTC, to Marc Rotenberg, EPIC, Feb. 26, 2010, *available at* http://epic.org/privacy/ftc/googlebuzz/Vladeck_Letter_GoogleBuzz.pdf.
[8] *Id.*
[9] *Id.*
[10] Letter from Congressmen to FTC Chairman Jon Leibowitz, March 25, 2010, *available at* http://epic.org/privacy/ftc/googlebuzz/3_26_10_FTC_Letter_re_Google_Buzz.pdf. Those Members signing the letter included Rep. John Barrow (D-Ga), Rep. Bruce Braley (D-Iowa), Rep. Mike Burgess (R-Texas), Rep. G.K. Butterfield (D-N.C), Rep. Tim Murphy (R-Pa.), Rep. Frank Pallone (D-N.J.), Rep. Mike Rogers (R-Mich.), Rep.Steve Scalise (R-La.), Rep. Jan Schakowsky (D-Ill.), Rep. Joe Barton (R-Texas), and Rep. Del. Donna Christensen (D-V.I.). A copy of the letter was also sent to FCC Chairman Julius Genachowski.

FTC FOIA-2012-00227
EPIC

11/03/2010  15:12    2024831248

PAGE  59
04

in unfair or deceptive trade practices, and that the Buzz service violates federal wiretap law.[11]

The Members of Congress then stated, "We respectfully ask that the FTC carefully investigate these complaints and determine whether Google failed to adequately protect consumers' privacy rights."

On April 20, 2010, FTC Chairman John Liebowitz responded to Congressman Joe Barton regarding the March 25, 2010 letter.[12] The FTC chairman stated:

As you know, consumer privacy is one of the Commission's highest consumer protection priorities, and the FTC has an active privacy program that addresses issues through policy work, rulemaking, consumer education, and where warranted, law enforcement. FTC investigations are non-public until the Commission decides to issue a formal complaint or close the investigation. We nonetheless appreciate the specific concerns you raise in your letter, and please be assured that Commission staff will review carefully the information you provided and the questions you posed. (emphasis added).[13]

To date, the Federal Trade Commission has announced no action in the Google Buzz matter.

### FTC Google Street View Inquiry

Congressmen Markey and Barton sent a letter to FTC Chairman Jon Leibowitz in May 2010 concerning Google's secretive collection of Wi-Fi data in connection with Google Street View.[14] In the letter, the Representatives asked the FTC whether Google's actions "form the basis of an unfair or deceptive act or practice that constitutes harm to consumers" and whether Google's actions are "illegal under federal law."[15] No FTC response to this letter can be found on the Congressmen's websites. Chairman Leibowitz highlighted some of the issues that concern the FTC in his Senate testimony.[16]

---

[11] Id.
[12] Letter from FTC Chairman John Liebowitz to The Honorable Joe Barton, April 20, 2010, http://republicans.energycommerce.house.gov/news/PRArticle.aspx?NewsID=7868
[13] Id.
[14] Letter from Congressmen Ed Markey and Joe Barton to FTC Chairman Jon Leibowitz, May 19, 2010, *available at* http://republicans.energycommerce.house.gov/Media/file/News/051910_Markey_Barton_to_FTC_Googl e_WiFi.pdf.
[15] Id.
[16] *See* Prepared Statement of the Federal Trade Commission on Consumer Privacy before the Committee on Commerce, Science, and Transportation, United States Senate, at 22 (July 27, 2010), *available at* http://www.ftc.gov/os/testimony/100727consumerprivacy.pdf

11/03/2010  15:12    2024831248

The FTC recently announced that it has ended its "inquiry" into Google Street View's Wi-Fi data collection.[17]  In a letter to Google's law firm, David Vladeck, director of the Bureau of Consumer Protection at the FTC, explained that while he has "concerns" about Google's "internal review process," the agency is satisfied by steps Google has taken and "assurances" Google has made to the agency.[18]

### Prior White House Staff Communications Regarding Google Services and Privacy

It has been previously been reported that former Google employees working for the Administration have engaged in improper communications regarding Administration policies and privacy.[19]  Andrew McLaughlin, White House Deputy Chief Technology Officer and former Google lobbyist, was found to have violated ethics rules by discussing White House policy with Google employees.[20]  Communications from Mr. McLaughlin, while employed as a top level advisor in the White House, to Google employees specifically concerned the design, operation, and privacy impact of the Google Buzz service.

### Documents Requested

EPIC requests copies of the following agency records:

1. All records concerning the FTC's inquiry into Google Street View.

2. All records concerning communications between the FTC Chairman and any former Google employees now working in the White House (including, but not limited to, Andrew McLaughlin), regarding the FTC's investigation of Google Cloud Computing services, Google Buzz, or Google Street View.

### Request for Expedited Processing

This request warrants expedited processing because it is made by "a person primarily engaged in disseminating information" and it pertains to a matter about which there is an "urgency to inform the public about an actual or alleged federal government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II) (2008); *Al-Fayed v. CIA*, 254 F.3d 300, 306 (D.C. Cir. 2001). EPIC is "primarily engaged in disseminating information." *American*

---

[17] Letter from David Vladeck, FTC, to Albert Giardi, Perkins Cole LLP, Oct. 27, 2010, *available at* http://www.ftc.gov/os/closings/101027googleletter.pdf.
[18] *Id.*
[19] Dan Froomkin, Google Buzz Exposes White House Internet Policy Policy Advisor Andrew McLaughlin's Email List; Congressman Has Questions, Huffington Post, April 8, 2010, http://www.huffingtonpost.com/2010/04/08/google-buzz-exposes-white_n_530651.html
[20] White House Reprimands Ex-Googler After Consumer Watchdog FOIA Request, May 18, 2010, *available at* http://www.consumerwatchdog.org/corporateering/articles/?storyId=34318; *see also* "Rivals Say Google has too Much Sway over Administration's Net Neutrality Policy," Jennifer Martinez, July 19, 2010, *available at* http://articles.latimes.com/2010/jul/19/business/la-fi-google-white-house-20100720.

11/03/2010  15:12      2024831248

*Civil Liberties Union v. Department of Justice*, 321 F. Supp. 2d 24, 29 n.5 (D.D.C. 2004).

The FTC's failure to pursue meaningful investigations of Google's business practices impacts the privacy of millions of Internet users. Moreover, its failure to act on not only the well-founded complaints of EPIC but also the letters from Members of Congress raises the substantial concern that the Commission is now guided by political considerations and not its statutory obligations. These are matters that should be considered as soon as possible by the oversight committees of Congress.

<u>Request for "News Media" Fee Status</u>

EPIC is a "representative of the news media" for fee waiver purposes. *EPIC v. Department of Defense*, 241 F. Supp. 2d 5 (D.D.C. 2003). Based on our status as a "news media" requester, we are entitled to receive the requested record with only duplication fees assessed. Further, because disclosure of this information will "contribute significantly to public understanding of the operations or activities of the government," any duplication fees should be waived.

Thank you for your consideration of this request.   As 5 U.S.C. § 552(a)(6)(E)(ii)(I) provides, I will anticipate your determination on our request within ten (10) calendar days.

Sincerely,

John Verdi
Director
EPIC Open Government Project

Sharon Goott Nissim
EPIC Consumer Protection Fellow

Cc:    Rep. Ed Markey, House Energy and Commerce Committee
       Rep. Joe Barton, House Energy and Commerce Committee

ENVIRONMENTAL WORKING GROUP                    www.ewg.org

2011-00160

November 2, 2010

FEDERAL TRADE COMMISSION
RECEIVED

Freedom of Information Act Request
Office of General Counsel
Federal Trade Commission
600 Pennsylvania Ave, N.W.
Washington, D.C. 20580

FEDERAL TRADE COMMISSION
RECEIVED

NOV 08 2010

FOIA BRANCH
GENERAL COUNSEL

NOV 8 2010

GENERAL COUNSEL

Dear Sir or Madam:

I am writing you on behalf of the Environmental Working Group to make a request pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and corresponding Federal Trade Commission regulations, 16 C.F.R. Part 4.

EWG is a non-partisan, non-profit organization dedicated to using the power of information to protect public health and the environment. EWG provides useful resources to consumers and advocates policies that promote conservation and mitigate health risks.

In keeping with that mission, EWG has been monitoring reports from Oregon regarding the discovery of formaldehyde in test samples of Brazilian Blowout – despite claims that the products are "formaldehyde free."[1] Oregon health officials found concentrations of formaldehyde that were more than 50 times greater than industry's recommended 0.2 percent limit.[2] They conducted tests following complaints from hair stylists who experienced "eye irritation, nose bleeds and difficulty breathing" after using Brazilian Blowout's products.[3]

EWG is troubled by these events because it suggests that some manufacturers may be making false and deceptive claims about cosmetics products that impose unnecessary health risks on consumers. This case is particularly serious because formaldehyde can cause respiratory problems and "severe allergic reactions."[4] Medical experts also suspect that formaldehyde is a "human carcinogen."[5]

Because of the public's interest in this matter, EWG requests copies of all FTC records (including but not limited to electronic records) regarding concerns about the marketing of Brazilian Blowout products and any other hair-straightening product sold in the past two years.

---

[1] Press Release, Or. Health & Science Univ.'s Ctr. for Research on Occupational and Envt'l Toxicology (Sept. 30, 2010), http://www.orosha.org/admin/newsrelease/2010/nr2010_24.pdf.
[2] See id.; see also COSMETIC INGREDIENT REVIEW, 2009 CIR COMPENDIUM 83 (2009).
[3] Andrea Canning, et al., Brazilian Blowout Hair-Straightening Product Under Fire, ABC NEWS, Oct. 1, 2010, http://abcnews.go.com/GMA/Consumer/brazilian-blowout-hair-straightening-samples-formaldehyde/story?id=11771569.
[4] OCCUPATIONAL SAFETY AND HEALTH ADMIN., OSHA FACT SHEET: FORMALDEHYDE 1 (2002), http://www.osha.gov/OshDoc/data_General_Facts/formaldehyde-factsheet.pdf.
[5] Id.

HEADQUARTERS 1436 U St. NW, Suite 100 Washington, DC 20009 I P: 202.667.6982 F: 202.232.2592
CALIFORNIA OFFICE 2201 Broadway, Suite 308 Oakland, CA 94612 I P: 510.444.0973 F: 510.444.0982
MIDWEST OFFICE 103 E. 6th Street, Suite 201 Ames, IA 50010 I P: 515.598.2221

Specifically, EWG requests access to the following types of records:

(1) All consumer complaints about potentially false, deceptive, or misleading claims made about Brazilian Blowout products or any other hair-straightening product brought to the FTC's attention in the past two years;

(2) All correspondence between FTC staff and cosmetics manufacturers regarding the truth and accuracy of claims made about hair-straightening products such as Brazilian Blowout in the past two years; and

(3) All correspondence between FTC and FDA staff about cosmetics manufacturers' claims about hair-straightening products such as Brazilian Blowout in the past two years.

EWG will accept the requested records with all Privacy Act-protected information redacted.

EWG asks the FTC to waive search or review fees related to this FOIA request in accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and 16 C.F.R. § 4.8(e).  Granting a fee waiver is in the public interest because this request will help the public more fully understand the risks associated with certain consumer products and how government agencies are addressing them.  EWG's interest in the requested documents is purely non-commercial.  If the FTC cannot grant a fee waiver, EWG is willing pay up to $100 so that the FTC may conduct the requested search in a timely fashion.

If you require further clarification about this FOIA request or anticipate any problems with releasing the requested documents, please contact me at (202) 667-6982.

EWG looks forward to your reply to this request within 20 business days, as provided under 5 U.S.C. § 552(a)(6)(A)(i) and 16 C.F.R. § 4.11(a)(1)(iii)(A).

Sincerely,

Thomas Cluderay
Stabile Law Fellow
Environmental Working Group



2010-00984

www.motherjones.com
1319 F Street NW, Ste 810
Washington DC, 20004
T 202 347 7958
F 202 379 9092

Andy Kroll
c/o Mother Jones
1319 F Street NW Suite 810
Washington DC 20004
202 626 7253

July 13, 2010

Joan Fina
FOIA/PA Officer
6th Street and Pennsylvania Avenue, N.W.
Washington, D.C. 20580

FEDERAL TRADE COMMISSION
RECEIVED

JUL 1 3 2010

FOIA BRANCH
GENERAL COUNSEL

                    FOIA REQUEST
                          Fee benefit requested

Dear FOIA Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, I request access to and copies of all written consumer complaints, submitted to the FTC, in the past 30 days (i.e. June 14-July 13).

I would like to receive the information in electronic format.

I agree to pay reasonable duplication fees for the processing of this request in an amount not to exceed $50. However, please notify me prior to your incurring any expenses in excess of that amount.

As a representative of the news media I am only required to pay for the direct cost of duplication after the first 100 pages. Through this request, I am gathering information on that is of current interest to the public because This information is being sought for dissemination to the general public.

If my request is denied in whole or part, I ask that you justify all deletions by reference to specific exemptions of the act. I will also expect you to release all segregable portions of otherwise exempt material. I, of course, reserve the right to appeal your decision to withhold any information or to deny a waiver of fees.

As I am making this request as a journalist and this information is of timely value, I would appreciate your communicating with me by telephone, rather than by mail, if you have questions regarding this request.

I look forward to your reply within 20 business days, as the statute requires.

Thank you for your assistance.

Sincerely,

Andy Kroll

THE FOUNDATION FOR NATIONAL PROGRESS



UNITED STATES OF AMERICA
## FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

To:   Joan Fina, Assistant General Counsel;
      Arianne Perkins, Lead Paralegal Specialist

From: Carolyn Lowry

Date: February 24, 2009

Re:   FOIA-2009-00473

### Background and Search

On January 23, 2009, we received an email from Pam Dixon, requesting aggregate data relating to medical identity theft. This request is similar to a past request made by Ms. Dixon, 2008-00407.

Specifically, the request seeks:

1) the total aggregate number of all complaints relating to medical identity theft that the FTC has recorded up until and including December 31, 2008,
2) the start and end years the information related to medical identity theft spans,
3) the aggregate number of complaints recorded for medical identity theft by year from the first year complaints were recorded to the present year,
4) the aggregate number of complaints recorded for medical identity theft by state,
5) the aggregate number of complaints recorded for medical identity theft by city, and
6) the aggregate number of complaints recorded by year and state.

Ms. Dixon did not state her willingness to pay any fees and did not request expedited processing. She also requested a fee waiver.

In response to this request, I sent a request for documents to BCP-Division of Planning and Information. I informed BCP-DPI that Ms. Dixon said that the data she received in her last request was exactly what she needed and that the searches could be conducted in the same manner. Data Analysts Mary Rushen and Gill Bosque provided 136 pages of responsive records. These records include a four-page document outlining the searches and a 132-page attachment that corresponds to item 5 of the request.

### Recommendation

I recommend a full grant of the records. The records answer all six parts of Ms. Dixon's request. I have enclosed the responsive records and a draft response for your review.

Additionally, I recommend informing Ms. Dixon in her response letter that we have

granted a fee waiver for her request.

(b)(5)

(b)(5)



UNITED STATES OF AMERICA
# FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

To:    Joan Fina, Assistant General Counsel;
       Arianne Perkins, Lead Paralegal Specialist

From:  Christopher Falcone

Date:  April 08, 2009

Re:    FOIA-2009-00778

## Background and Search

On April 01, 2009, we received a letter from Joe Goldberg of the American Federation of Government Employees ("AFGE"), requesting a list containing position titles and position locations of civilian employees employed by the FTC that have been designated as "exempt" from the Fair Labor Standards Act ("FLSA"). The list is limited to Agency employees who are members of a collective bargaining unit of the AFGE for the time period of March 16, 2006 through the present day. Furthermore, the Mr. Goldberg requests a copy of the position description as well as any predecessor position descriptions for these titles, dating back to March 16, 1999. Finally, the Mr. Goldberg is asking for a copy of the FTC's employee evaluation plan, including critical performance elements, for each designated position as well as any predecessor evaluation plan dating back to March 16, 1999.

Mr. Goldberg requested a waiver of all fees as the production of the requested information is in the public interest, and did not request expedited processing. In response to this request, I sent a request for documents to Karen Leydon, Director, HRMO, to alert her that this request was pending my fee waiver determination. Karen has informed me that responding to this request will take a significant amount of time to complete and that she will wait for my go ahead before proceeding.

The AFGE is the largest federal employee union representing 600,000 federal and D.C. government workers nationwide and overseas. According to their website, the AFGE provides legal representation, legislative advocacy, and information services to government workers.

## Recommendation

(b)(5)

(b)(5)

(b)(5)

(b)(5)          This request meets both requirements of the fee waiver standard and, therefore, I recommend that we waive all fees.  I have enclosed a draft fee waiver determination response for your review.

(b)(5)



UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

To:    Joan Fina, Assistant General Counsel;
       Arianne Perkins, Lead Paralegal Specialist

From:  Carolyn Lowry

Date:  June 15, 2009

Re:    FOIA-2009-01004

### Background and Search

On May 27, 2009, we received a letter from Carl Malamud, requesting:

- Memoranda or budgetary documents that detail the total amount actually spent or the amount budgeted to be spent by the FTC to access the PACER system, including how much was spent from 2000-present and future fiscal periods;

- Any agreements, contracts, or memoranda between the FTC and the Administrative Office of the Courts governing access to the PACER system by FTC staff;

- Any memoranda or other documents from the FTC management to FTC lawyers asking them to curtail or ration use of PACER due to cost considerations; and

- Any contracts, memoranda, or budgetary materials detailing specific agreements and amount of money spent by the FTC with commercial legal information providers such as Thomson WestLaw or ReedElsiveir LexisNexis service.

Mr. Malamud did not state his willingness to pay any fees and did not request expedited processing. Mr. Malamud requests a fee waiver for this request, citing that his organization, Public.Resource.Org, is news media.

In response to this request, I sent requests for documents to OED-Procurement, OED-Budget/Finance, and Margie Knott (Head Librarian).

Darlene Cossette of OED-Budget/Finance stated that she had no responsive records.

Joanne Cooper of OED-Procurement submitted 30 pages of contracts and modifications for LexisNexis and 28 pages of contracts and modifications for Westlaw.

I am awaiting the library's responsive records.

## Fee Waiver Recommendation

(b)(5)

Because the requester meets both criteria for a fee waiver, I recommend sending a letter confirming a fee waiver for this request.  I have enclosed a draft response for your review.

---

[1] See Request Description (5-20-09).



UNITED STATES OF AMERICA
## FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

To:   Joan Fina, Assistant General Counsel;
       Arianne Perkins, Lead Paralegal Specialist

From:  Christopher Falcone

Date:  July 19, 2009

Re:    FOIA-2009-01227

### Background and Search

On July 13, 2009, we received a fax from Adam Rappaport of Citizens for Responsibility and Ethics in Washington ("CREW"), requesting records relating to complaints or investigations of "Next Day Service" plans offered by Dell.

Mr. Rappaport requested a fee waiver and did not request expedited processing. In response to this request, I conducted a preliminary search in Business Objects and located 15 matters involving Dell. However, only five matter appear to be potentially responsive to Mr. Rappaport's request for records relating to service/warranty plans. All of these matters are closed. Additionally, I searched Consumer Sentinel and located approximately 4,000 potentially responsive complaints. I need to check with the Data Analysts in the Division of Planning and Information to ensure that my search is capturing all of the responsive complaints.

### Recommendation

(b)(5)

(b)(5)

(b)(5)

(b)(5)

This request meets both requirements of the fee waiver standard and, therefore, I recommend that we waive all fees.  I have enclosed a draft response for your review.



(b)(5)



UNITED STATES OF AMERICA
## FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

To:   Joan Fina, Assistant General Counsel;
      Arianne Perkins, Lead Paralegal Specialist

From: Deanna Edwards

Date: September 16, 2009

Re:   FOIA-2009-01269

## Background and Search

On July 29, 2009, we received an email from Kenneth Vogel, requesting correspondence between the FTC and the following media organizations in 2009: ABC News, CBS News, CNN, Fox News, National Public Radio, NBC News (including MSNBC and CNBC), POLITICO, ProPublica, The Chicago Sun Times, The Chicago Tribune, The Huffington Post, The Los Angeles Times, The New York Times, The Washington Post, The Washington Times, TPM Muckraker, and The Wall Street Journal. Mr. Vogel also requested correspondence between FTC employees that refers specifically to officials of the above organizations.

In an email received August 4, 2009, Mr. Vogel amended his request to include only correspondence between the media organizations and the press office and the Commissioners' offices. He also narrowed the types of correspondence to include invitations to the Commissioners to appear at events sponsored or hosted by ABC News, et al. (and follow-up correspondence), requests from ABC News, et al to interview the Commissioners (and follow-up correspondence), and correspondence between FTC employees and the White House regarding these invitations. He also requested a log of reports of Freedom of Information Act requests for 2009.

Mr. Vogel requested both a fee waiver and expedited processing on the grounds that his request concerns a matter of urgency--public trust in government. In a phone conversation with Arianne Perkins, he rescinded his expedited processing request. In response to this request, I requested documents from the Commissioners' offices, the Chairman's office, and the press office. The press office and the offices of Commissioners Harbour and Kovacic recovered no documents. Commissioner Rosch's office recovered 11 pages, but these pages consist of emails regarding the Commissioner's op-ed submission and thus are not responsive. Chairman Leibowitz's office recovered seven pages as a partial response and four pages as a second and final response. Three of these pages consist of emails sent past the date we received the request, so these pages are not responsive. I sent the first group of responsive pages to the Chairman's office for concurrence, and we have agreed that these pages are not responsive. The second group of documents will be sent to the Chairman's office shortly.

I also used FOIAXpress to create a log of 2009 FOIA requests received before August 3, 2009, the date we received Mr. Vogel's amended request

**Recommendation**

I recommend granting Mr. Vogel's request for a fee waiver. (b)(5)

(b)(5)

Not Responsive

I have enclosed the responsive records and a draft response for your review.

(b)(5)



UNITED STATES OF AMERICA
## FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

To:     Joan Fina, Assistant General Counsel;
        Arianne Perkins, Lead Paralegal Specialist

From:  Lacy Shannon

Date:  March 4, 2010

Re:     FOIA-2010-00471

### Background and Search

On February 25, 2010, we received an email from (b)(6) requesting all complaints made to the FTC against Consumer Recovery Associates.

(b)(6) requests a fee waiver and expedited processing.

### Analysis

(b)(5)

(b)(5)

Not Responsive

(b)(5)



UNITED STATES OF AMERICA
# FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Ruth Reiss                                              **JAN 1 4 2009**
ABC News 20/20
147 Columbus Ave., 7th Floor
New York, NY 10023

                          Re:   FOIA-2009-00308
                                Passport to Wealth, et. al.

Dear Ms. Reiss:

        This is in response to your request dated December 04, 2008, under the Freedom of
Information Act seeking access to any information relating to Passport to Wealth, *et al.*  In
accordance with the FOIA and agency policy, we have searched our records, as of December 08,
2008, the date we received your request in our FOIA office.

        I am granting partial access to and am enclosing copies of, the accessible records.  Some
records, and portions of others, fall within the exemptions to the FOIA's mandatory disclosure
requirements, as explained below.

        Some responsive records are exempt from disclosure under FOIA Exemption 3, 5 U.S.C.
§ 552(b)(3), because they are exempt from disclosure by another statute.  Specifically, Section
21(f) of the FTC Act provides that information obtained by the Commission in a law
enforcement investigation, whether through compulsory process, or voluntarily in lieu of such
process, is exempt from disclosure under the FOIA. 15 U.S.C.§ 57b-2(f), *see Kathleen
McDermott v. FTC,* 1981-1 Trade Cas. (CCH) ¶ 63964 (D.D.C. April 13, 1981).

        Some responsive records contain staff analyses, opinions, and recommendations.  Those
portions constitute attorney work-product and are an integral part of the agency's decision
making process.  They are exempt from the FOIA's disclosure requirements by FOIA Exemption
5.5 U.S.C.  § 552(b)(5); *see NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132 (1975).

        Some records are exempt from disclosure under FOIA Exemption 7(A), 5 U.S.C.
§ 552(b)(7)(A), because disclosure of that material could reasonably be expected to interfere
with the conduct of the Commission's prospective law enforcement activities.  *See Robbins Tire
& Rubber Co. v. NLRB,* 437 U.S. 214 (1978).

        We have located approximately 750 responsive complaints that consumers have sent to
the Federal Trade Commission ("FTC").  You should know that the enclosed complaints have
not necessarily been verified by the FTC.  Therefore, you should make your own judgment about
relying on the information provided.  I am denying access to consumers' names and addresses,
and any other identifying information found in the complaints.  This information is exempt from

release under FOIA Exemption 6, 5 U.S.C. § 552(b)(6), because individuals' right to privacy
outweighs the general public's interest in seeing personal identifying information. *See The
Lakin Law Firm v. FTC*, 352 F.3d 1122 (7th Cir. 2003).

      If you are not satisfied with this response to your request, you may appeal by writing to
Freedom of Information Act Appeal, Office of the General Counsel, Federal Trade Commission,
600 Pennsylvania Avenue, N.W., Washington D.C. 20580, within 30 days of the date of this
letter.  Please enclose a copy of your original request and a copy of this response.  If you believe
that we should choose to disclose additional materials beyond what the FOIA requires, please
explain why this would be in the public interest.

      If you have any questions about the way we handled your request, or about our FOIA
regulations or procedures, please contact Christopher Falcone at 202-326-2027.

Sincerely,

Joan E. Fina
Assistant General Counsel

Enclosed:
CD



UNITED STATES OF AMERICA
## FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Jennifer Lynch
Electronic Frontier Foundation                    DEC 0 9 2010
454 Shotwell Street,
San Francisco, CA 94110

                           Re:    FOIA Request No.
                                    FOIA-2011-00223
                                    Electronic Communications
                                    Surveillance

Dear Ms. Lynch:

      On November 24, 2010 we received your request dated November 23, 2010 under the
Freedom of Information Act seeking access to records concerning electronic communications
surveillance. In that request, you asked for a fee waiver for any charges incurred by this request
and to be considered news media. You also asked that we expedite treatment of your request.

      We are granting your request for a fee waiver since we have found that the disclosure of
the information you requested is likely to contribute significantly to public understanding of the
operations or activities of the government and that the request is not primarily in your
organization's commercial interests. *See* 5 U.S.C. § 552 (a)(4)(A)(I) and (iii). We are also
granting you news media status because the EFF is an organization that is engaged in
disseminating information to the public. *See* 16 C.F.R. § 4.8(b)(2) and OPEN Government Act
of 2007, Pub. L. No. 110-175, § 3, 121 Stat. 2524.

      We are denying your request for expedited treatment because you have not shown that
you meet the standard for such treatment. In order to receive expedited processing, the FOIA
requires the requestor to show "compelling need" for the records. Compelling need can be
shown in two ways: by establishing that his or her failure to obtain the records quickly "could
reasonably be expected to pose an imminent threat to the life or physical safety of an
individual;" or, by showing that he or she is a "person primarily engaged in disseminating
information", and that an "urgency to inform the public concerning actual or alleged Federal
Government activity" exists. *See* 5 U.S.C. § 552 (a)(6)(E)(v). You have not made the required
showing.

      We are continuing to process your request in the ordinary course. If you are not satisfied
with this response to your request for expedition, you may appeal by writing to Freedom of
Information Act Appeal, Office of the General Counsel, Federal Trade Commission, 600
Pennsylvania Avenue, N.W., Washington, D.C. 20580, within 30 days of the date of this letter.
Please enclose a copy of your original request and a copy of this response.

If you have any questions about the way we are handling your request, or about our FOIA regulations or procedures, please contact Michael Killoy at (202) 326-3475.

Sincerely

Joan E. Fina
Assistant General Counsel



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Pam Dixon
World Privacy Forum
2033 San Elijo Avenue, #402          FEB 25 2009
Cardiff by the Sea, CA 92007

                                  Re:    FOIA-2009-00473
                                         Medical ID Theft

Dear Ms. Dixon:

        This is in response to your request dated January 22, 2009 under the Freedom of
Information Act seeking access to aggregate data regarding medical identity theft.  In your
request you also asked for a fee waiver for any charges incurred by this request.

        We are granting your request for a fee waiver since we have found that the disclosure of
the information you requested is likely to contribute significantly to public understanding of the
operations or activities of the government and that the request is not primarily in your
organization's commercial interests.  *See* 5 U.S.C. § 552 (a)(4)(A)(i) and (iii).

        In accordance with the FOIA and agency policy, we have searched our records, as of
January 23, 2009, the date we received your request in our FOIA office.  We have located 136
pages of responsive records.  You are granted full access to the responsive records, which are
enclosed.

        If you are not satisfied with this response to your request, you may appeal by writing to
Freedom of Information Act Appeal, Office of the General Counsel, Federal Trade Commission,
600 Pennsylvania Avenue, N.W., Washington D.C. 20580 or by facsimile at (202) 326-2477,
within 30 days of the date of this letter.  Please enclose a copy of your original request and a
copy of this response.

        If you have any questions about the way we handled your request, or about our FOIA
regulations or procedures, please contact Carolyn Lowry at 202-326-3055.

                                         Sincerely,

                                         Joan E. Fina
                                         Assistant General Counsel

Enclosed:
Records (136 pages)



UNITED STATES OF AMERICA
## FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

APR 17 2009

Joe Goldberg
American Federation of Government Employees
80 F St. NW,
Washington, DC 20001

Re:    FOIA-2009-00778
FLSA Exempt Employee Information

Dear Mr. Goldberg:

On April 01, 2009 we received your request dated March 17, 2009 under the Freedom of Information Act seeking access to a list containing the position titles and locations of exempt employees under the FLSA from March 16, 2006 to date as well as position descriptions and employee evaluation plans from March 16, 1999 to date. In your request you also asked for a fee waiver for any charges incurred by this request.

We are granting your request for a fee waiver since we have found that the disclosure of the information you requested is likely to contribute significantly to public understanding of the operations or activities of the government and that the request is not primarily in your organization's commercial interests. *See* 5 U.S.C. § 552 (a)(4)(A)(i) and (iii).

If you have any questions about the way we are handling your request or about our FOIA regulations or procedures, please contact Chris Falcone at 202-326-2027.

Sincerely,

Joan Fina
Assistant General Counsel



UNITED STATES OF AMERICA
# FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Carl Malamud
Public.Resource.Org
1005 Gravenstein Highway North,                          ˉJUL 1 5 2009
Sebastopol, CA 95472

                                            Re:   FOIA-2009-01004
                                                  Pacer, LexisNexis, Westlaw
                                                  Expenditure Records

Dear Mr. Malamud:

    On May 27, 2009 we received your request dated May 20, 2009 under the Freedom of
Information Act seeking access to records relating to PACER, LexisNexis, and WestLaw
expenditures.  In your request you also asked for a fee waiver for any charges incurred by this
request.

    We are granting your request for a fee waiver since we have found that the disclosure of the
information you requested is likely to contribute significantly to public understanding of the
operations or activities of the government and that the request is not primarily in your
organization's commercial interests.  *See* 5 U.S.C. § 552 (a)(4)(A)(i) and (iii).

    If you have any questions about the way we are handling your request or about our FOIA
regulations or procedures, please contact Carolyn Lowry at 202-326-3055.

                                            Sincerely,

                                            Joan Fina
                                            Assistant General Counsel



UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

Adam Rappaport                                          JUL 2 2 2009
CREW
1400 Eye Street, N.W., Suite 450
Washington, DC 20005

                                   Re:    FOIA-2009-01227
                                          Dell's Next Day Service Plans

Dear Mr. Rappaport:

   On July 13, 2009 we received your request dated July 10, 2009 under the Freedom of
Information Act seeking access to all records related to complaints or investigations of "Next
Day Service" plans offered by Dell.  In your request you also asked for a fee waiver for any
charges incurred by this request.

   We are granting your request for a fee waiver since we have found that the disclosure of the
information you requested is likely to contribute significantly to public understanding of the
operations or activities of the government and that the request is not primarily in your
organization's commercial interests.  *See* 5 U.S.C. § 552 (a)(4)(A)(i) and (iii).

   If you have any questions about the way we are handling your request or about our FOIA
regulations or procedures, please contact Chris Falcone at 202-326-2027.

                                          Sincerely,

                                          Joan Fina
                                          Assistant General Counsel



UNITED STATES OF AMERICA
## FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Kenneth Vogel
Politico
1100 Wilson Blvd., 6th floor                    SEP 1 7 2009
Arlington, VA 22209

                                Re:    FOIA-2009-01269
                                       ABC News, et. al.

Dear Mr. Vogel:

    This is in partial response to your request dated July 28, 2009 under the Freedom of
Information Act seeking access to invitations, interview requests, and follow-up correspondence
from the following media organizations in 2009: ABC News, CBS News, CNN, Fox News,
National Public Radio, NBC News (including MSNBC and CNBC), POLITICO, ProPublica,
The Chicago Sun Times, The Chicago Tribune, The Huffington Post, The Los Angeles Times,
The New York Times, The Washington Post, The Washington Times, TPM Muckraker, and The
Wall Street Journal. You also requested correspondence between FTC employees that refers
specifically to invitations and requests from the above organizations. Finally, you requested a
log of reports of Freedom of Information Act requests for 2009. In accordance with the FOIA
and agency policy, we have searched our records, as of August 3, 2009, the date we received
your amended request in our FOIA office.

    We have located and reviewed approximately twenty pages of responsive records thus
far, and are continuing our search for additional records. We anticipate sending you a further
response by September 30, 2009. You are granted partial access to the records located thus far,
which are enclosed. I have redacted all personal identifying information found in the records.
This information is exempt from release under FOIA Exemption 6, 5 U.S.C. § 552(b)(6),
because individuals' right to privacy outweighs the general public's interest in seeing personal
identifying information. *See The Lakin Law Firm v. FTC*, 352 F.3d 1122 (7th Cir. 2003).

    In your request you also asked for a fee waiver for any charges incurred by this request.
We are granting your request for a fee waiver since we have found that the disclosure of the
information you requested is likely to contribute significantly to public understanding of the
operations or activities of the government and that the request is not primarily in your
organization's commercial interests. *See* 5 U.S.C. § 552 (a)(4)(A)(i) and (iii).

    If you are not satisfied with this partial response to your request, you may appeal by
writing to Freedom of Information Act Appeal, Office of the General Counsel, Federal Trade
Commission, 600 Pennsylvania Avenue, N.W., Washington D.C. 20580, within 30 days of the
date of this letter. Please enclose a copy of your original request and a copy of this response. If
you believe that we should choose to disclose additional materials beyond what the FOIA

requires, please explain why this would be in the public interest.

    If you have any questions about the way we are handling your request or about our FOIA regulations or procedures, please contact Deanna Edwards at (202) 326-3558.

Sincerely,

Joan E. Fina
Assistant General Counsel

Enclosed:
FOIA Log
(Twenty pages)



UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

(b)(6)

MAR 2 5 2010

New York, NY (b)(6)

Re:    FOIA Request No. FOIA-2010-00471
Consumer Recovery Associates

Dear Mr. Norcross:

On February 25, 2010 we received your request dated February 13, 2010 under the Freedom of Information Act seeking access to consumer complaints filed against Consumer Recovery Associates. In that request, you also asked that we grant a fee waiver and expedite treatment of your request.

We are granting your request for a fee waiver since we have found that the disclosure of the information you requested is likely to contribute significantly to public understanding of the operations or activities of the government and that the request is not primarily in your organization's commercial interests. *See* 5 U.S.C. § 552 (a)(4)(A)(i) and (iii).

We are denying your request for expedited treatment because you have not shown that you meet the standard for such treatment. In order to receive expedited processing, the FOIA requires the requestor to show "compelling need" for the records. Compelling need can be shown in two ways: by establishing that his or her failure to obtain the records quickly "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual;" or, by showing that he or she is a "person primarily engaged in disseminating information", and that an "urgency to inform the public concerning actual or alleged Federal Government activity" exists. *See* 5 U.S.C. § 552 (a)(6)(E)(v). You have not made the required showing.

We will continue to process your request in the ordinary course. If you are not satisfied with this response to your request for expedition, you may appeal by writing to Freedom of Information Act Appeal, Office of the General Counsel, Federal Trade Commission, 600 Pennsylvania Avenue, N.W., Washington, D.C. 20580, within 30 days of the date of this letter. Please enclose a copy of your original request and a copy of this response.

If you have any questions about the way we are handling your request, or about our FOIA regulations or procedures, please contact Lacy Shannon at (202) 326-2028.

Sincerely,

Joan E. Fina
Assistant General Counsel



UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

Michele Simon
Marin Institute
24 Belvedere St.
San Rafael, CA 94901-4817

MAR 2 6 2010

Re:    FOIA-2010-00529
       "We Don't Serve Teens" Campaign

Dear Ms. Simon:

On March 10, 2010 we received your request dated March 3, 2010 under the Freedom of Information Act seeking access to records concerning the "We Don't Serve Teens" campaign. In your request you also asked for a fee waiver for any charges incurred by this request.

We are granting your request for a fee waiver since we have found that the disclosure of the information you requested is likely to contribute significantly to public understanding of the operations or activities of the government and that the request is not primarily in your organization's commercial interests. *See* 5 U.S.C. § 552 (a)(4)(A)(i) and (iii).

If you have any questions about the way we are handling your request or about our FOIA regulations or procedures, please contact Lacy Shannon at (202) 326-2028.

Sincerely,

Joan Fina
Assistant General Counsel



UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

MAY 0 5 2010

Joaquin Sapien
ProPublica
One Exchange Plaza, 55 Broadway, 23rd Floor
New York, NY 10006

Re:   FOIA-2010-00667
      Problematic Drywall Records

Dear Mr. Sapien:

On April 21, 2010 we received your request dated April 21, 2010, under the Freedom of Information Act seeking access to records from January 1, 2008, to the present that mention or relate to problematic drywall (whether manufactured domestically or in China), also known as gypsum board, wallboard, plasterboard, or sheetrock.  In your request you also asked for a fee waiver for any charges incurred by this request.

We are granting your request for a fee waiver since we have found that the disclosure of the information you requested is likely to contribute significantly to public understanding of the operations or activities of the government and that the request is not primarily in your organization's commercial interests.  *See* 5 U.S.C. § 552 (a)(4)(A)(i) and (iii).

If you have any questions about the way we are handling your request or about our FOIA regulations or procedures, please contact Chris Falcone at 202-326-2027.

Sincerely,

Joan Fina
Assistant General Counsel



UNITED STATES OF AMERICA
### FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

'OCT 2 6 2010

Jim Giles
New Scientist
201 Mission St, 26th Floor
San Francisco, CA 94105

Re:   FOIA-2011-00022
      CIDs, subpoenas, enforcement actions, &
      consent decrees against Facebook et al

Dear Mr. Giles:

On October 06, 2010 we received your request dated September 21, 2010 under the Freedom of Information Act seeking access to the 25 subpoenas, civil investigative demands, enforcement actions, and consent agreements listed in the FTC's response to FOIA 2010-00848. In your request you also asked for a fee waiver for any charges incurred by this request.

We are granting your request for a fee waiver since we have found that the disclosure of the information you requested is likely to contribute significantly to public understanding of the operations or activities of the government and that the request is not primarily in your organization's commercial interests. *See* 5 U.S.C. § 552 (a)(4)(A)(i) and (iii).

In your request letter, you also asked for expedited processing. We are denying your request for expedited treatment because you have not shown that you meet the standard for such treatment. In order to receive expedited processing, the FOIA requires the requestor to show "compelling need" for the records. Compelling need can be shown in two ways: by establishing that his or her failure to obtain the records quickly "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual;" or, by showing that he or she is a "person primarily engaged in disseminating information", and that an "urgency to inform the public concerning actual or alleged Federal Government activity" exists. *See* 5 U.S.C. § 552 (a)(6)(E)(v). You have not made the required showing.

We are continuing to process your request in the ordinary course. If you are not satisfied with this response to your request for expedition, you may appeal by writing to Freedom of Information Act Appeal, Office of the General Counsel, Federal Trade Commission, 600 Pennsylvania Avenue, N.W., Washington, D.C. 20580, within 30 days of the date of this letter. Please enclose a copy of your original request and a copy of this response.

If you have any questions about the way we are handling your request or about our FOIA regulations or procedures, please contact Chris Falcone at 202-326-2027.

Sincerely,

Joan Fina
Assistant General Counsel



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Robert Moreno
Environmental Defense Fund
2334 North Broadway Avenue
Boulder, CO 80304

FEB 1 1 2011

Re:   FOIA-2011-00255
      FTC comments regarding the EPA's
      Reporting Rule

Dear Mr. Moreno:

This is in partial response to your request dated November 30, 2010, under the Freedom of Information Act seeking access to documents relating to the FTC's comments regarding the EPA's Reporting Rule. In accordance with the FOIA and agency policy, we have searched our records, as of December 01, 2010, the date we received your request in our FOIA office.

In your request you asked for a fee waiver for any charges incurred by this request. We are granting your request for a fee waiver since we have found that the disclosure of the information you requested is likely to contribute significantly to public understanding of the operations or activities of the government and that the request is not primarily in your organization's commercial interests. *See* 5 U.S.C. § 552 (a)(4)(A)(i) and (iii).

We have located 423 pages of responsive records. I am granting partial access to and am enclosing copies of the accessible records. Fifty eight pages, and portions of other pages, fall within the exemptions to the FOIA's disclosure requirements, as explained below.

Some responsive records contain staff analyses, opinions, and recommendations. Those portions are deliberative and pre-decisional and are an integral part of the agency's decision making process. They are exempt from the FOIA's disclosure requirements by FOIA Exemption 5.5 U.S.C. § 552(b)(5); *see NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132 (1975).

If you are not satisfied with this partial response to your request, you may appeal by writing to Freedom of Information Act Appeal, Office of the General Counsel, Federal Trade Commission, 600 Pennsylvania Avenue, N.W., Washington D.C. 20580, within 30 days of the date of this letter. Please enclose a copy of your original request and a copy of this response. If you believe that we should choose to disclose additional materials beyond what the FOIA requires, please explain why this would be in the public interest.

There are more documents responsive to your request. We are continuing to process this request and anticipate sending you a further response in the coming weeks. If you have any

questions about the way we are handling your request, or about our FOIA regulations or procedures, please contact Deanna Edwards at (202) 326-3558.

Sincerely,

Joan E. Fina
Assistant General Counsel

Enclosures



UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

Jon Taylor                                              **NOV 0 4 2011**
Consumer Awareness Institute
291 E. 1850 South,
Bountiful, UT 84010

                              Re:    FOIA-2012-00097
                                     Notice of Proposed Rulemaking

Dear Mr. Taylor:


     On November 01, 2011 we received your request dated October 26, 2011 under the Freedom
of Information Act seeking access to information relating to the Notice of Proposed Rulemaking
71 FR 19056.  In your request you also asked for a fee waiver for any charges incurred by this
request.

     We are granting your request for a fee waiver since we have found that the disclosure of the
information you requested is likely to contribute significantly to public understanding of the
operations or activities of the government and that the request is not primarily in your
organization's commercial interests.  *See* 5 U.S.C. § 552 (a)(4)(A)(i) and (iii).

     If you have any questions about the way we are handling your request or about our FOIA
regulations or procedures, please contact Andrea Kelly at (202) 326-2836.

                              Sincerely,

                              *Sarah M Mathias*

                              Sarah M. Mathias
                              Associate General Counsel



UNITED STATES OF AMERICA
## FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Anne Weismann
CREW
1400 Eye Street N.W., Suite 450
Washington, DC 20005

Re:   FOIA-2011-01125
FOIA logs, Jan. 2010 to Present

Dear Ms. Weismann:

This is in response to your request dated June 23, 2011, under the Freedom of Information Act seeking access to the FTC's FOIA log from January 2010 to the present. In accordance with the FOIA and agency policy, we have searched our records, as of June 23, 2011, the date we received your request in our FOIA office.

We have located 94 pages of responsive records. I am granting partial access to and am enclosing copies of, the accessible records. I am denying access to consumers' names and any other identifying information found in the complaints. This information is exempt from release under FOIA Exemption 6, 5 U.S.C. § 552(b)(6), because individuals' right to privacy outweighs the general public's interest in seeing personal identifying information. *See The Lakin Law Firm v. FTC*, 352 F.3d 1122 (7th Cir. 2003).

If you are not satisfied with this response to your request, you may appeal by writing to Freedom of Information Act Appeal, Office of the General Counsel, Federal Trade Commission, 600 Pennsylvania Avenue, N.W., Washington D.C. 20580, within 30 days of the date of this letter. Please enclose a copy of your original request and a copy of this response. If you believe that we should choose to disclose additional materials beyond what the FOIA requires, please explain why this would be in the public interest.

If you have any questions about the way we handled your request, or about our FOIA regulations or procedures, please contact Rosemary Bajorek at (202) 326-3363.

Sincerely,

Joan E. Fina
Assistant General Counsel

Enclosed:
FOIA Log Records (94 pages)



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

AUG 0 5 2010

John Simpson
Consumer Watchdog
413 E. Capitol St SE, First Floor
Washington, DC 20003

Re:   FOIA-2010-00976
Google, Microsoft, and Facebook
Correspondence

Dear Mr. Simpson:

On July 12, 2010 we received your request dated July 12, 2010 under the Freedom of Information Act seeking access to all communications to and from Google, Microsoft, and Facebook related to the technologist positions in the Bureau of Consumer Protection's Division of Privacy and Identity Protection of the FTC. In your request you also asked for a fee waiver for any charges incurred by this request.

We are granting your request for a fee waiver since we have found that the disclosure of the information you requested is likely to contribute significantly to public understanding of the operations or activities of the government and that the request is not primarily in your organization's commercial interests. *See* 5 U.S.C. § 552 (a)(4)(A)(i) and (iii).

If you have any questions about the way we are handling your request or about our FOIA regulations or procedures, please contact Chris Falcone at 202-326-2027.

Sincerely,

Joan Fina
Assistant General Counsel



UNITED STATES OF AMERICA
### FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

NOV 1 0 2010

Dana Badgerow
Better Business Bureau Foundation
2706 Gannon Road,
Saint Paul, MN 55116

                    Re:    FOIA-2011-00115
                              Ranking of complaints against
                              magazine subscription services
                              companies

Dear Ms. Badgerow:

       This is in response to your request dated October 22, 2010 under the Freedom of
Information Act seeking access to consumer complaints against Viking Magazine Service, Great
American Readers, Blue Whale Publications, Reading America, and Readers Club Home Office
within the past two years. In accordance with the FOIA and agency policy, we have searched
our records, as of October 27, 2010, the date we received your request in our FOIA office.

       In your request you also asked for a fee waiver for any charges incurred by this request.
We are granting your request for a fee waiver since we have found that the disclosure of the
information you requested is likely to contribute significantly to public understanding of the
operations or activities of the government and that the request is not primarily in your
organization's commercial interests. *See* 5 U.S.C. § 552 (a)(4)(A)(i) and (iii).

       We have located approximately 800 responsive complaints that consumers have made to
the Federal Trade Commission ("FTC"). You should know that the enclosed complaints have
not necessarily been verified by the FTC. Therefore, you should make your own judgment about
relying on the information provided. I am denying access to consumers' names and addresses,
and any other identifying information found in the complaints. This information is exempt from
release under FOIA Exemption 6, 5 U.S.C. § 552(b)(6), because individuals' right to privacy
outweighs the general public's interest in seeing personal identifying information. *See The
Lakin Law Firm v. FTC*, 352 F.3d 1122 (7th Cir. 2003).

       If you are not satisfied with this response to your request, you may appeal by writing to
Freedom of Information Act Appeal, Office of the General Counsel, Federal Trade Commission,
600 Pennsylvania Avenue, N.W., Washington D.C. 20580, within 30 days of the date of this
letter. Please enclose a copy of your original request and a copy of this response. If you believe
that we should choose to disclose additional materials beyond what the FOIA requires, please
explain why this would be in the public interest.

If you have any questions about the way we handled your request, or about our FOIA regulations or procedures, please contact Elena Vera at (202) 326-3368.

Sincerely,

Joan E. Fina
Assistant General Counsel

Enclosed:
Consumer Complaints
(One CD)



UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

Thomas Cluderay
Environmental Working Group
1436 U St. NW Suite 100
Washington, DC 20009

FJAN 1 8 2011

Re:   FOIA-2011-00160
      Brazilian Blowout records

Dear Mr. Cluderay:

    This is in response to your request dated November 8, 2010, under the Freedom of Information Act seeking access to documents relating to Brazilian Blowout.  In accordance with the FOIA and agency policy, we have searched our records, as of November 8, 2010, the date we received your request in our FOIA office.

    We are granting your request for a fee waiver since we have found that the disclosure of the information you requested is likely to contribute significantly to public understanding of the operations or activities of the government and that the request is not primarily in your organization's commercial interests.  *See* 5 U.S.C. § 552 (a)(4)(A)(i) and (iii).

    We have located thirty five pages of responsive records.  I am granting partial access to and am enclosing copies of the accessible records.  Six pages, and portions of other pages, fall within the exemptions to the FOIA's disclosure requirements, as explained below.

    Some responsive records contain staff analyses, opinions, and recommendations.  Those portions are deliberative and pre-decisional and are an integral part of the agency's decision making process.  They are exempt from the FOIA's disclosure requirements by FOIA Exemption 5.5 U.S.C. § 552(b)(5); *see NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132 (1975).

    We have located three pages of responsive complaints that consumers have sent to the Federal Trade Commission ("FTC").  You should know that the enclosed complaints have not necessarily been verified by the FTC.  Therefore, you should make your own judgment about relying on the information provided.  I am denying access to consumers' names and addresses, and any other identifying information found in the complaints.  This information is exempt from release under FOIA Exemption 6, 5 U.S.C. § 552(b)(6), because individuals' right to privacy outweighs the general public's interest in seeing personal identifying information.  *See The Lakin Law Firm v. FTC,* 352 F.3d 1122 (7th Cir. 2003).

    If you are not satisfied with this response to your request, you may appeal by writing to Freedom of Information Act Appeal, Office of the General Counsel, Federal Trade Commission,

FTC FOIA-2012-00227

600 Pennsylvania Avenue, N.W., Washington D.C. 20580, within 30 days of the date of this letter.  Please enclose a copy of your original request and a copy of this response.  If you believe that we should choose to disclose additional materials beyond what the FOIA requires, please explain why this would be in the public interest.

If you have any questions about the way we handled your request, or about our FOIA regulations or procedures, please contact Deanna Edwards at (202) 326-3558.

Sincerely,

Joan E. Fina
Assistant General Counsel

Enclosure



UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

Martin Pritikin
Whittier Law School
3333 Harbor Blvd.,
Costa Mesa, CA 92626

JAN 0 7 2010

Re:   FOIA-2010-00212
      Fines Listings

Dear Dr. Pritikin:

On December 01, 2009 we received your request dated November 19, 2009 under the Freedom of Information Act seeking access to a list of the ten highest fines, penalties or other monetary sanctions imposed by the FTC between 2000 and 2008, a list of the ten highest fines imposed on corporations during the same time period, and all records relating to the judgments that ordered these fines. In your request you also asked for a fee waiver for any charges incurred by this request.

We are granting your request for a fee waiver since we have found that the disclosure of the information you requested is likely to contribute significantly to public understanding of the operations or activities of the government and that the request is not primarily in your organization's commercial interests.  *See* 5 U.S.C. § 552 (a)(4)(A)(i) and (iii).

If you have any questions about the way we are handling your request or about our FOIA regulations or procedures, please contact Hannah Levintova at (202) 326-3118.

Sincerely,

Joan Fina
Assistant General Counsel



UNITED STATES OF AMERICA
## FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

John Verdi
EPIC
1718 Connecticut Ave., N.W., Suite 200
Washington, DC 20009

*NOV 0 9 2010*

Re:    FOIA-2011-00140
       Records Concerning Google Street
       View & Communications

Dear Mr. Verdi:

On November 3, 2010 we received your request dated November 3, 2010 under the Freedom of Information Act seeking access to all.  In your request you asked that we expedite our review of this matter.  You also asked for a fee waiver for any charges incurred by this request.

We are granting your request for expedited treatment since we have found that you have met the "compelling need" standard by establishing that you are a "person primarily engaged in disseminating information," and by demonstrating that an "urgency to inform the public concerning actual or alleged Federal Government activity" exists.  *See* 5 U.S.C. § 552 (a)(6)(E)(v).

Additionally, we are granting your request for a fee waiver since we have found that the disclosure of the information you requested is likely to contribute significantly to public understanding of the operations or activities of the government and that the request is not primarily in your organization's commercial interests.  *See* 5 U.S.C. § 552 (a)(4)(A)(i) and (iii).

If you have any questions about the way we are handling your request or about our FOIA regulations or procedures, please contact Sarah Corrigan at (202) 326-2363.

Sincerely,

Joan E. Fina
Assistant General Counsel



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

John Simpson
Consumer Watchdog
413 E. Capitol St SE, First Floor,
Washington, DC 20003

JAN 1 3 2011

> Re:   FOIA-2011-00134
> Documents Concerning Google
> Wi-Fi Inquiry

Dear Mr. Simpson:

This is in response to your request dated November 1, 2010, under the Freedom of Information Act seeking access to records regarding Google Wi-Fi. In that request you also asked for a fee waiver. We are granting your request for a fee waiver since we have found that the disclosure of the information you requested is likely to contribute significantly to public understanding of the operations or activities of the government and that the request is not primarily in your organization's commercial interests. *See* 5 U.S.C. § 552 (a)(4)(A)(i) and (iii).

In accordance with the FOIA and agency policy, we have searched our records, as of November 2, 2010, the date we received your request in our FOIA office. We have located a large number of records and are in the process of reviewing the responsive pages. Due to the volume, we will send interim responses until we have completed our review.

For this response, we have reviewed approximately 260 pages of responsive records, of which approximately 80 pages were duplicates. I am granting partial access to and am enclosing copies of, the accessible records. Seventy-seven pages, and portions of other pages, fall within the exemptions to the FOIA's disclosure requirements, as explained below.

First, some responsive records are exempt from disclosure under FOIA Exemption 3, 5 U.S.C. § 552(b)(3), because they are exempt from disclosure by another statute. Specifically, Section 21(f) of the FTC Act provides that information obtained by the Commission in a law enforcement investigation, whether through compulsory process, or voluntarily in lieu of such process, is exempt from disclosure under the FOIA. 15 U.S.C.§ 57b-2(f), *see Kathleen McDermott v. FTC,* 1981-1 Trade Cas. (CCH) ¶ 63964 (D.D.C. April 13, 1981).

Second, some responsive records contain staff analyses, opinions, and recommendations. Those portions are deliberative and pre-decisional and are an integral part of the agency's decision making process. They are exempt from the FOIA's disclosure requirements by FOIA Exemption 5.5 U.S.C. § 552(b)(5); *see NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132 (1975). Additionally, some records contain information prepared by an attorney in contemplation of

litigation which is exempt under the attorney work-product privilege. *See Hickman v. Taylor,* 329 U.S. 495, 509-10 (1947).

Finally, some records are exempt from disclosure under FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), because disclosure of that material could reasonably be expected to interfere with the conduct of the Commission's law enforcement activities. *See Robbins Tire & Rubber Co. v. NLRB,* 437 U.S. 214 (1978).

If you are not satisfied with this response to your request, you may appeal by writing to Freedom of Information Act Appeal, Office of the General Counsel, Federal Trade Commission, 600 Pennsylvania Avenue, N.W., Washington D.C. 20580, within 30 days of the date of this letter. Please enclose a copy of your original request and a copy of this response. If you believe that we should choose to disclose additional materials beyond what the FOIA requires, please explain why this would be in the public interest.

We plan to complete another response next week, at which point we will send you a further response. If you have any questions about the way we are handling your request, or about our FOIA regulations or procedures, please contact Sarah Corrigan at (202) 326-2363.

Sincerely,

Joan E. Fina
Assistant General Counsel

Enclosures