# EXHIBIT 13



United States of America
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Willard K. Tom
General Counsel

February 27, 2012

Michael Wilt
Cause of Action
2100 M Street Suite 170-247
Washington DC 20037

Re: Freedom of Information Act Appeal (FOIA Request Nos. 2011-01431/2012-00227)

Dear Mr. Wilt:

This letter responds to your January 27, 2012 appeal of the initial determination of your fee waiver request for your Freedom of Information Act ("FOIA") request. In that request, you asked for documents related to fee waiver requests made to the FTC and granted after January 1, 2009. By letter dated January 6, 2012, Sarah Mathias informed you that the FTC was denying your request for a fee waiver because you had failed to demonstrate that disclosure of the requested documents to you would contribute significantly to the public understanding of the activities and operations of government. *See* 5 U.S.C. § 552(a)(4)(A)(i), (iii).

A fee waiver is appropriate if disclosure of the requested documents is likely to contribute significantly to the public understanding of government operations or activities, as compared to the level of public understanding existing prior to the disclosure. *See* 5 U.S.C. § 552(a)(4)(A)(iii). As the requester, Cause of Action bears the burden of making this showing. *Larson v. CIA*, 843 F.2d 1481, 1483 (D.C. Cir. 1988), and should address both of the statutory requirements in sufficient detail for the agency to make an informed decision as to whether it can appropriately waive . . . the fees in question." *Judicial Watch, Inc. v. Rossoti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (reiterating that requests for fee waivers "must be made with 'reasonable specificity' . . . and based on more than 'conclusory allegations'").

I am denying your appeal because your organization has failed to meet this burden. Specifically, compared to the organizations in two cases you cite in your appeal, *Prison Legal News v. Lappin*, 436 F. Supp. 2d 17 (D.D.C. 2006), and *FedCURE v. Lappin*, 602 F. Supp. 2d 197 (D.D.C. 2009), you have failed to provide any meaningful level of detail regarding your organization's dissemination efforts or ability, aside from an ambiguous promise to share an analysis of the materials with the public in some form. Indeed, I cannot discern from your appeal

letter what "distinct work" you intend to produce with the documents the FTC has provided in response to your FOIA request. *See Judicial Watch, Inc. v. U.S. Dep't of Justice,* 122 F. Supp. 2d 13, 19 (D.D.C. 2000). Your vague assurance that, at some unspecified time, Cause of Action "will review . . . and disseminate [the] information to the public in a manner that will help the public to understand" how the government determines fee waiver applications does not provide a suitable basis to assess your fee waiver request. Such conclusory statements are inadequate to support a fee waiver. *McClellan Ecol. Seepage Situation* v. *Carlucci,* 835 F.2d 1282, 1285-85 (9th Cir. 1987).

Your few specific claims about Cause of Action's dissemination abilities do not satisfy your burden for establishing Cause of Action's qualification for a fee waiver. First, your references to Cause of Action's purported newsletter do not provide adequate support for your fee waiver request. Unlike the requester in *Prison Legal News v. Lappin,* 436 F. Supp. 2d 17 (D.D.C. 2006), Cause of Action has provided no information about the newsletter or its audience, nor can any such information be determined from the organization's website. Similarly, your claims regarding Cause of Action's media contacts continue to provide inadequate support for a fee waiver in light of your failure to provide information regarding the possibility that such contacts would disseminate the requested information. *See Judicial Watch,* 122 F. Supp. 2d at 12 (refusing to grant waiver where requester "did not establish a firm intention to publish the information requested" or "identify an article, report, or book for which it planned to use the requested information.") (quotation omitted). Finally, I could not confirm your characterization of Cause of Action's website as containing "thousands of pages" of materials obtained through FOIA. Rather, it appears that the website only contains the original FOIA requests with no information about the results of those requests. Overall, Cause of Action has failed to provide an adequate explanation regarding its dissemination plans and abilities with regard to its FOIA request, nor does its website corroborate its conclusory claims or provide an independent basis to support its ability to disseminate any materials received from the FTC.

Moreover, I find that Cause of Action's second FOIA request was made primarily in the organization's own commercial interest, rather than in the interest of the public. Though you assert that "the public has a pressing need to understanding [sic] how the FTC determines" fee waiver requests, Cause of Action expressly conditioned its FOIA request on my November 29, 2011 denial of Tyler Martinez's appeal of the initial determination of his fee waiver request, and has used the information received from the second FOIA request in seeking reconsideration of Cause of Action's first fee waiver request. These circumstances suggest that the second FOIA request at issue here was an attempt to gather facts to support Cause of Action's case for agency reconsideration and, ultimately, its possible case on appeal to a district court for the first FOIA request. Thus, Cause of Action's second FOIA request was primarily in its own commercial interest to further its own position for its initial FOIA request, and that commercial interest is not

outweighed by any public interest. *See, e.g., Research Air, Inc. v. Kempthorne*, 589 F. Supp. 2d 1, 10 (D.D.C. 2008).

I am also denying your request for consideration as a "representative of the news media" under the FOIA and 16 C.F.R. § 4.8(b)(2). The FOIA defines "a representative of the news media" as "any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." 5 U.S.C. § 552(a)(4)(A)(ii). The requester has the burden to establish that it qualifies as a news media representative, including establishing that it will use its editorial skill to turn the raw materials into a distinct work. *See, e.g., Hall v. CIA,* No. 04-00814, 2005 WL 850379, at *7 (D.D.C. Apr. 13, 2005); *Judicial Watch, Inc. v. Dep't of Justice*, 185 F. Supp. 2d 54, 60 (D.D.C. 2002).

Cause of Action has not provided sufficient information to establish its status as a news media representative. As described above, Cause of Action has yet to provide any detail about its ability to turn "raw materials into a distinct work, and distribute[] that work to an audience," nor does your website show sufficient evidence that Cause of Action has such an ability. Without such an adequate description, Cause of Action cannot be classified as a news media organization. *Hall v. CIA,* 2005 WL 850379, at *7.

For these reasons, I am denying your appeal for a fee waiver or reduction. I note that in your appeal letter, you ask that if your appeal is denied, it be treated as a request for (1) records relating to the drafting, formulation, and revision of the Endorsement Guides; (2) internal FTC documents relating to the evaluation of fee waiver requests; and (3) all documents relating to the denial of COA's two fee waiver requests. I will refer this new FOIA request to the FTC's FOIA Unit.

As required by the FOIA, you are hereby advised that judicial review of this decision may be obtained under 5 U.S.C. § 552(a)(4)(B), in a United States District Court in the district where you reside or have your principal place of business, or in the District of Columbia. Also, as required by the FOIA, you are hereby advised that I am the designated official responsible for denying your appeal.[1]

---

[1] While you have asked for a reconsideration of my November 29, 2011 denial of Cause of Action's appeal of the initial determination of the fee waiver request for FOIA request No. 2011-01431, it remains the case that your organization has not provided sufficient information about its plans to disseminate the requested information nor shown how the requested materials would contribute "significantly" to the public understanding of the FTC's operations or activities, as compared to the level of understanding existing prior to the disclosure. Indeed, since my denial of the first appeal, the FTC had made publicly available even more information regarding the subject of Cause of Action's first FOIA request, further decreasing the likelihood that the requested materials would contribute "significantly" to such public understanding.

Sincerely,

Willard K. Tom
General Counsel