# EXHIBIT 16



United States of America
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Willard K. Tom
General Counsel

May 7, 2012

Keith Gates
Cause of Action
2100 M Street Suite 170-247
Washington DC 20037

      Re: Freedom of Information Act Appeal (FOIA-2012-00687)

Dear Mr. Gates:

      This letter responds to your April 4, 2012 appeal of the initial determination of the above-captioned Freedom of Information Act ("FOIA") request. In your appeal, you assert that the FTC's document production was insufficient because it was not accompanied by a *Vaughn* Index, and because the FTC did not "state with particularity whether the requested documents are in its possession." Appeal Letter, at 2. Finally, you assert that "Cause of Action is Entitled to a Complete Waiver of Fees." *Id.*, at 5.

      First, your demand that the agency "provide a privilege log containing ... the privilege asserted ... the type of document ... the general subject matter ... the date, author, and addressee; and ... the relationship of the author and addressee to each other" is a request for the type of information typically provided in a *Vaughn* Index. However, "[a]gencies need not provide a *Vaughn* Index until ordered by a court after the [requester] has exhausted the administrative process." *Judicial Watch, Inc. v. Clinton*, 880 F. Supp. 1, 11 (D.D.C. 1995), *aff'd*, 76 F.3d 1232 (D.C. Cir. 1996). Because there is no requirement that administrative responses to FOIA requests contain the same description of documents required in litigation, I am denying this request.

      Similarly, there is no obligation at this time to respond your request that "[t]he FTC ... state with particularity whether the requested documents are in its possession" by providing answers to the contention interrogatories in your appeal letter.[1] While responding to such

---

[1] *See, e.g.*, Letter from Keith Gates, Senior Attorney, COA, to Dionne [sic] J. Stearns (April 4, 2012), at p. 3 ("If it is the FTC's contention that there are no documents relating to the drafting, formulation, and revision of the [Endorsement] Guides beyond that which has been released on the FTC website, then respond confirm [sic] this contention.").

interrogatories may be appropriate in a litigation, there is no requirement to provide such descriptions in an administrative appeal. *See, e.g., DiViaio v. Kelley*, 571 F.2d 538, 542–43 (10th Cir. 1978); *Anderson v. U.S. Dep't of Justice*, 518 F. Supp. 2d 1, 10 (D.D.C. 2007). Therefore, I am denying this part of your request as well.

Finally, I am denying as moot your request for a fee waiver. There are no fees associated with this specific FOIA request, and therefore there is no need to consider whether a fee waiver was appropriate for this request.

As required by the FOIA, you are hereby advised that judicial review of this decision may be obtained under 5 U.S.C. § 552(a)(4)(B), in a United States District Court in the district where you reside or have your principal place of business, or in the District of Columbia. Also, as required by the FOIA, you are hereby advised that I am the designated official responsible for denying your appeal.

Sincerely,

Willard K. Tom
General Counsel